UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIOMED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO.: 04-10019-RGS |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DIOMED, INC. AND ENDOLASER, LLC, | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | March 1, 2004 |

**DEFENDANT ANGIODYNAMICS, INC.'S ANSWER, AFFIRMATIVE
<u>DEFENSES AND COUNTERCLAIMS</u>**

Defendant AngioDynamics, Inc. ("AngioDynamics" or "Defendant"), by and through its undersigned attorneys, for its answer, affirmative defenses and counterclaims in response to the Complaint and Demand For Jury Trial of Plaintiff Diomed, Inc. ("Diomed" or "Plaintiff"), dated January 6, 2004, alleges as follows:

## ANSWER

1.    AngioDynamics lacks the knowledge or information necessary to respond to the allegations of paragraph 1 relating to Plaintiff's incorporation and address and thus is deemed to deny the allegations of paragraph 1.

2.    AngioDynamics admits the allegations of paragraph 2, which paragraph relates to AngioDynamics' incorporation and address.

3-13.  AngioDynamics lacks the knowledge or information necessary to respond to the allegations of paragraphs 3 through 13, which paragraphs relate to Plaintiff Diomed's allegations of its own activities and the significance thereof, and therefore the allegations of paragraph 3 through 13 are deemed denied.

14.   AngioDynamics denies the allegations of paragraph 14, which paragraph asserts infringement by AngioDynamics.  However, AngioDynamics admits that it and Diomed are competitors.

14-18.  AngioDynamics admits the allegations of paragraphs 15 through 18 which relate to jurisdiction and venue.

## Count 1 And The Allegations of Infringement
## of U.S. Patent No. 6,398,777

19. AngioDynamics repeats its answers to paragraphs 1 through 18, which paragraphs are realleged in paragraph 19.

20. AngioDynamics lacks knowledge or information necessary to respond to the allegations of paragraph 20 concerning Plaintiff's alleged rights in the '777 patent. However, AngioDynamics admits that a copy of the '777 patent and the Certificate of Correction issued by the United States Patent And Trademark Office are attached to the Complaint.

21. AngioDynamics admits the allegations of paragraph 21; which paragraph relates to products sold by AngioDynamics.

22. AngioDynamics admits the allegations of paragraph 22; which paragraph relates to AngioDynamics' training program.

23. AngioDynamics denies the allegations of paragraph 23; which paragraph relates to allegations of contributory infringement and inducing infringement. AngioDynamics specifically denies that it has infringed or contributorily infringed or induced infringement of the '777 patent.

24. AngioDynamics denies the allegations of paragraph 24; which paragraph relates to continuing infringement.

25.     AngioDynamics denies the allegations of paragraph 25; which paragraph relates to allegations of knowing and willful infringement.

26.     AngioDynamics denies the allegations of paragraph 26; which paragraph assumes infringement and alleges that Plaintiff has suffered damages.

27.     AngioDynamics denies the allegations of paragraph 27; which paragraph asserts that alleged infringement has caused Plaintiff irreparable harm.

## AFFIRMATIVE DEFENSES

Further answering, AngioDynamics states:

### First Affirmative Defense

The claims of the '777 patent, depending on the scope asserted for them, are invalid either because they are anticipated under 35 U.S.C. Section 102 by the prior art or are rendered obvious under 35 U.S.C. Section 103 by the prior art.

### Second Affirmative Defense

If any claim of the '777 patent were to be so interpreted or so expanded in scope as to embrace product sold by AngioDynamics or methods employed by AngioDynamics, the claim would be invalid for each or both of the following reasons, namely:

(a)     the subject matter of the claim as a whole, as it would then stand, would have been obvious, at the time the purported invention was made, to a person having ordinary skill in the art to which said subject matter pertains; and

(b)     with respect to the subject matter of the claim as it would then stand, the patentees did not invent any new and useful process, machine, manufacture or composition of matter or any new and useful improvement thereof.

### Third Affirmative Defense

With respect to the features and collection of features relating to the endovascular laser device and method as disclosed in the '777 patent, AngioDynamics has used only those which the public is free to use by reason of patents, publications and publicly known and used practices of legally effective date prior to any date available on behalf of said patent.

### Fourth Affirmative Defense

If any claim of the '777 patent were to be so interpreted as to embrace the products sold by AngioDynamics, the claim would be invalid for failure to point out subject matter which the patentees regard as their invention.

### Fifth Affirmative Defense

By reason of words and acts on the part of the patentees and their legal representatives in prosecution of the application for the '777 patent, Plaintiff is estopped or otherwise barred from asserting that any claim of said patent has a scope that would cover any product sold by AngioDynamics.

### Sixth Affirmative Defense

Claims 1-8 of the '777 patent are invalid under 35 U.S.C. Section 112.

### Seventh Affirmative Defense

AngioDynamics has not infringed and is not now infringing the '777 patent.

WHEREFORE, AngioDynamics prays judgment as set out below.

## ANGIODYNAMICS' COUNTERCLAIMS

### Parties

1.  Counterclaim-Plaintiff AngioDynamics is a Delaware Corporation with a place of business at 603 Queensbury Avenue, Queensbury, New York 12804.

2.  Upon information and belief, Counterclaim-Defendant Diomed is a Delaware Corporation with a place of business at One Dundee Park, Suite 5/6, Andover, Massachusetts 10810.

3.  Upon information and belief, Counterclaim-Defendant Endolaser Associates, LLC is a limited liability company of Delaware, having a place of business at 327 East 65th Street, New York, New York 10021.

### Jurisdiction And Venue

4.  These Counterclaims are for a Declaratory Judgment of non-infringement and invalidity of patent, pursuant to 28 U.S.C. Sections 2201 and 2202, arising from an actual controversy between AngioDynamics and Counterclaims-Defendants concerning the alleged infringement and invalidity of the '777 patent.

5.  This Court has jurisdiction over these Counterclaims for a declaratory judgment pursuant to 28 U.S.C. Sections 2201, 2202, 1331, and 1338(a).

6. This Court also has supplemental jurisdiction over these Counterclaims under 28 U.S.C. Section 1367(a) because they arise out of the same transaction and occurrence alleged in Diomed's Complaint and are so related to the claims alleged therein as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

### AngioDynamics' First Counterclaim Against Counterclaim-Defendants
### (Declaratory Judgment of Non-Infringement of Patent)

7. AngioDynamics repeats and re-alleges the allegations in paragraphs 1-6 above as if fully set forth herein.

8. Counterclaim-Defendant Diomed purports to be and on information and belief is an owner of the '777 patent.

9. Upon information and belief, Counterclaim-Defendant Endolaser Associates, LLC is an owner of the '777 patent.

10. Diomed filed suit in this Court against AngioDynamics for alleged infringement of the '777 patent on grounds that AngioDynamics has, and continues to, allegedly infringe, contributorily infringe, and/or induce infringement of the '777 patent by making, using, offering to sell, and selling its ELVS Procedure Kit, and by inducing others to use the ELVS Procedure Kit through a training program.

11. Based upon actions undertaken by Counterclaim-Defendants, AngioDynamics is under a reasonable apprehension that Counterclaim-Defendants will continue to seek to enforce their alleged rights in the '777 patent against AngioDynamics or its customers.

12. AngioDynamics' activities in connection with making, using, offering to sell, and selling its ELVS Procedure Kit, and inducing others to use the ELVS Procedure Kit through a training program, or otherwise, do not infringe, contributorily infringe or induce infringement of any claim of the '777 patent.

### AngioDynamics' Second Counterclaim Against Counterclaim-Defendants
### (Declaratory Judgment of Invalidity of Patent)

13. AngioDynamics repeats and re-alleges the allegations in paragraphs 1-12 above as if fully set forth herein.

14. One or more claims of the '777 patent sought to be enforced against AngioDynamics in this action is invalid under one or more provisions of 35 U.S.C. Sections 102, 103 and/or 112.

### Demand for Jury Trial

AngioDynamics demands trial by jury on all claims asserted herein.

**Prayer for Relief**

WHEREFORE, Counterclaim-Plaintiff, AngioDynamics, demands judgment in its favor and against Counterclaim-Defendants as follows:

1. that United States Patent No. 6,938,777 is not infringed;

2. that United States Patent No. 6,938,777 is invalid;

3. that costs and reasonable attorneys' fees be awarded AngioDynamics in connection with this suit; and

4. that AngioDynamics be granted such other and further relief as this Court may find just and proper.

Dated: March 1, 2004                    DEFENDANT ANGIODYNAMICS, INC.
                                        BY ITS ATTORNEYS



                                        By _____RSD_____
                                        Rodney S. Dowell, BBO 620916
                                        Berman & Dowell
                                        210 Commercial Street, 5th Floor
                                        Boston, MA 02109
                                        (617)-723-9911
                                        (617) 723-6688 (fax)
                                        rdowell@bermandowell.com


**I hereby certify that a true copy** of the above document was served upon the attorney of record for the Plaintiff by on March 1, 2004.

_____RSD_____

**Rodney S. Dowell**