UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIOMED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AND | ) | CIVIL ACTION NO.: 04-10019-RGS |
| | ) | |
| ANGIODYNAMICS, INC., | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DIOMED, INC. and ENDOLASER ASSOCIATES, LLC, | ) ) | |
| | ) | |
| Counterclaim-Defendants. | ) | March 1, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
JOIN ENDOLASER ASSOCIATES, LLC AS NECESSARY PARTY**

Defendant/Counterclaim-Plaintiff, AngioDynamics, Inc. ("AngioDynamics"),

respectfully submits this memorandum in support of its Motion to Join Endolaser Associates, LLC as Necessary Party.  Joinder is necessary as Endolaser Associates, LLC ("Endolaser") is an owner of U.S. Patent No. 6,398,777 ("the '777 patent") and, therefore, Endolaser's absence may leave AngioDynamics to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest in the '777 patent.

**I.     BACKGROUND**

The '777 patent, entitled "Endovascular Laser Device and Treatment of Varicose Veins," lists five inventors: Luis Navarro, Nester Navarro, Carlos Bone Salat, Joaquina Fructoso Gomez and Robert J. Min.  Diomed, Inc. ("Diomed"), plaintiff in the underlying action, brought suit against AngioDynamics for infringement of the '777 patent.  Diomed alleges that it is the owner of all right, title and interest in the '777 patent that formerly belonged to inventor Robert Min.  (Complaint, ¶ 20.)  Diomed further alleges that it has an "exclusive license to the '777 patent, including the right to sue for infringement of the '777 patent, from the remaining inventors. . . ." (Complaint, ¶ 20.)

Despite Diomed's allegations that it holds an exclusive license to the '777 patent from the remaining four inventors, the patent assignment records on file at the United States Patent and Trademark Office ("PTO") indicate that on August 28, 2002, the remaining inventors assigned their rights to the '777 patent to Endolaser. (See Assignment, attached hereto as Exhibit "A".)  Accordingly, based on the assignment records of the PTO, Endolaser is an owner of the '777 patent.  As of February 27, 2004, the PTO assignment records did not reflect any assignment from Robert Min to Diomed or any exclusive license from the other inventors or Endolaser to Diomed.  Thus, AngioDynamics have filed herewith counterclaims against both

apparent owners of the '777 patent – Diomed and Endolaser – alleging noninfringement and invalidity of the '777 patent. AngioDynamics now moves pursuant to Rule 19(a) to have Endolaser added as an indispensable party to the counterclaims by virtue of its ownership of the '777 patent.

## II. ARGUMENT

Generally, a patent owner is an indispensable party in a declaratory judgment action challenging a patent's validity and enforcement. *Zumbro, Inc. v. California Natural Products*, 861 F. Supp. 773, 783 (D. Minn. 1994). As discussed briefly above, Diomed alleges in its Complaint that it is the owner of all right, title and interest in the '777 patent formerly belonging to one of the inventors, Robert Min. (Complaint, ¶ 20). Diomed further alleges that it has an exclusive license to the '777 patent from the remaining four inventors. *Id.* Nevertheless, the patent assignment records on file at the Patent Office show that the four remaining inventors assigned their interest in the '777 patent to Endolaser. There are no records to suggest that since the assignment, Endolaser conveyed its rights in the patent to Diomed. Accordingly, as a valid holder of the '777 patent, Endolaser is a necessary party to AngioDynamics counterclaims for noninfringment and invalidity.

Moreover, Diomed does not allege in the Complaint that it holds all substantial rights in the patent to the exclusion of other parties such as Endolaser. Absent such an allegation – and in light of the assignment to Endolaser recorded at the PTO and the lack of any such documentation having been recorded by Diomed – Endolaser must be joined as an indispensable party to AngioDynamics' counterclaims.

-4-

### III. CONCLUSION

AngioDynamics respectfully requests that this Court order the joinder of Endolaser Associates, LLC as a counterclaim-defendant in the present action.

>                                       DEFENDANT/
>                                       COUNTERCLAIM-PLAINTIFF
>                                       ANGIODYNAMICS, INC.
>                                       BY ITS ATTORNEYS
>
>                                       By     RSD
>                                              RODNEY S. DOWELL
>                                              BBO # 620916
>                                              Berman & Dowell
>                                              210 Commercial Street
>                                              Boston, MA  02109
>                                              (617) 723-9911
>                                              (617) 723-6688 (fax)
>                                              rdowell@bermandowell.com

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff by mail on March 1, 2004.**

   **RSD**
**Rodney S. Dowell**

HARTFORD: 609954.01