UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br>      Plaintiff, <br><br> v. <br><br> ANGIODYNAMICS, INC., <br>      Defendant. <br><br> AND <br><br> ANGIODYNAMICS, INC., <br>      Counterclaim-Plaintiff, <br> v. <br><br> DIOMED, INC. AND ENDOLASER, LLC, <br>      Counterclaim-Defendants. | CIVIL ACTION NO.: 04-10019-RGS <br><br><br><br><br><br><br><br><br><br><br><br><br><br> OCTOBER 1, 2004 |

## MOTION FOR CONSTRUCTION OF CLAIMS 1, 9-11, 16-19, AND 21 OF U.S. PATENT NO. 6,398,777

Defendant AngioDynamics hereby moves the Court to construe Claims 1, 9-11, 16-19, and 21 of U.S. Patent No. 6,398,777 ("the '777 patent") in accordance with the memorandum of law filed herewith, as summarized by the Claim Chart attached as Exhibit 2 thereto.

The claims of the '777 patent, and in particular Claim 9, recite claims to a method for treating varicose veins with laser energy. The specification, prosecution history, and every embodiment of the invention define the method to require touching the tip of a fiber optic line against the interior wall of a vein and state repeatedly that the only way of assuring this contact and thus the performance of the invention, is by first draining the blood, then compressing the

walls of the vein against the rounded tip of the fiber optic line to "insure direct contact," then firing the laser through this point of contact, while maintaining the contact through continued compression. These statements expressly disavow any claim scope that does not include the stated limitations. The '777 patentees expressly reiterated and relied on all of these requirements and their necessary interdependence in the prosecution history in order to distinguish the '777 patent over a very crowded field of prior art that taught treating varicose veins with fiber optic lasers fired inside the vein.

Accordingly, for the reasons more fully set forth in the accompanying memorandum of law, defendants move this court to construe the identified claims as including each of these necessary limitations, and others more specifically set out in the accompanying memorandum, and to adopt defendants proposed claim interpretation summarized as the Claim Chart appended as Exhibit 2 to the memorandum.

Dated: October 1, 2004

DEFENDANT
ANGIODYNAMICS, INC.
BY ITS ATTORNEYS

By _____
MARK D. GIARRATANA
ALEXANDRA B. STEVENS
SETH M. WILSON
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)
astevens@mccarter.com
          -and-
RODNEY S. DOWELL (BBO # 620916)
Berman & Dowell
210 Commercial Street
Boston, MA  02109
(617) 723-9911
(617) 723-6688 (fax)
rdowell@bermandowell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of AngioDynamics, Inc.'s Motion for Construction of Claims 1, 9, 22, 16-19 and 21 of U.S, Patent No. 6,398,777 was served upon the attorney of record for the Plaintiff and Counterclaim-Defendants by regular mail on October 1, 2004.

Michael A. Albert, Esq.
Michael N. Rader, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206

Seth M. Wilson

HARTFORD: 624168.01

97353-00062