IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>      Defendant. | Civil Action No. 04-CV-10019 (RGS) |

AND

| | |
|---|---|
| DIOMED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>      Defendant. | Civil Action No. 04-CV-10444 (RGS) |

**JOINT MOTION TO CONSOLIDATE
AND TO AMEND SCHEDULING ORDERS**

The parties in the above-captioned actions respectfully move the Court for an Order under Rule 42(a) of the Federal Rules of Civil Procedure consolidating the two actions (the "Cases") for pretrial purposes. As all parties hereto stipulate and agree, consolidation for discovery and other pretrial purposes[1] would be in the interests of efficiency and judicial economy.

---

[1] This motion is not intended to pre-judge the question whether consolidation for purposes of trial would be appropriate as well, an issue the parties and the Court need not resolve at this time.

The parties further request a modification to the cases' respective scheduling orders, to accomplish two functions: First, to combine and coordinate the cases' schedules into one; and second, to allow a modest additional period of time for discovery to be completed beyond what was contemplated in the original schedule. This is a complex patent case, in which substantial discovery has already taken place, but much remains to be done. The claim construction (<u>Markman</u>) issues in the case have already been fully briefed. As provided in the original scheduling orders, the deadlines for expert reports depend on the timing of the Court's <u>Markman</u> decision. By contrast, fixed dates were set in the two cases for other events such as the close of all discovery (February 15, 2005 and March 15, 2005, respectively). A <u>Markman</u> hearing has been scheduled in the AngioDynamics case for March 17, 2005. No <u>Markman</u> hearing has yet been scheduled in the VSI case. The schedule proposed below would consolidate the <u>Markman</u> hearings into one, and provide for a reasonable period (60 days) for the parties to complete discovery following the Court's <u>Markman</u> decision, something that all parties agree makes sense in light of the need to tailor at least some discovery in the cases to issues to be resolved in the Court's <u>Markman</u> ruling.

## **CONSOLIDATION**

If a common question of law or fact is present in multiple cases, the "court has broad discretion in weighing costs and benefits of consolidation" under Rule 42(a). <u>Tingley Sys., Inc. v. CSC Consulting, Inc.</u>, 152 F. Supp. 2d 95, 102 (D. Mass. 2001) (citing <u>Seguro de Servivio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.</u>, 878 F.2d 5, 8 (1st Cir. 1989)). These two Cases, involving allegations of infringement of a single patent by two defendants, involve common questions of fact and law. Accordingly, consolidation of the Cases will enhance

judicial economy.  Defendants will not be prejudiced by the requested consolidation.[2]

For these reasons, the Court should order consolidation of the Cases.

## SCHEDULING ORDERS

Currently, the Cases are on slightly different schedules and should be placed on the same schedule to accommodate consolidation.  In addition, the deadline for discovery is quickly approaching, particularly in <u>Diomed v. AngioDynamics</u>. <u>See</u> Clerk's Notices from May 10, 2005 Scheduling Conference in Civil Action No. 04-CV-10019 (RGS) (end of discovery set for February 15, 2005), and the parties agree that for adequate exploration of the complex issues in this patent case, as well as to tailor such discovery to the issues as defined or refined by the Court in its claim construction ruling, the close of discovery should be keyed to the timing of a <u>Markman</u> ruling.

Accordingly, the parties jointly request that the following revised deadlines be ordered:

- Each party shall designate any expert witnesses it intends to call, and provide expert reports, with regard to issues on which it bears the burden of proof within 30 days after the Court's ruling on claim construction;

- Each party shall provide any rebuttal expert reports within 30 days after service of any other party's corresponding report;

- All discovery shall be completed by June 15, 2005 or within 60 days after the Court's ruling on claim construction, whichever is later;

- Any summary judgment motions shall be filed 30 days after the close of discovery;

- Oppositions to summary judgment motions shall be filed within 21 days after service of the initial motions; and,

- Reply briefs in support of summary judgment motions shall be filed within 14 days after the opposition briefs.

---

[2] Diomed has stipulated pursuant to Fed. R. Civ. P. 30(d)(2) that the Defendants will not be limited to one day for any depositions, but, instead, will each be allowed a reasonable amount of time, up to seven hours per Defendant, to allow for a full and fair examination of the particular deponent by each Defendant, should such time be needed.

While this schedule is proposed in part to accommodate consolidation, the parties move in the alternative that this schedule be adopted even if the Court elects not to consolidate the Cases for any reason. This schedule will allow the parties an adequate opportunity for discovery activities, including both fact and expert discovery, after the Court's claim construction ruling.

## **CONCLUSION**

The parties move that the Court (1) consolidate the March 17, 2005 Markman hearing so that it will concern both cases, and consolidate all other pre-trial activities, in Diomed, Inc. v. AngioDynamics, Inc., D. Mass., Civil Action No. 04-CV-10019 (RGS) and Diomed, Inc. v. Vascular Solutions, Inc., D. Mass., Civil Action No. 04-CV-10444 (RGS); and (2) amend the current scheduling orders in each case to reflect the "consolidated" schedule set forth above.

Respectfully submitted,

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000  (617) 720-2441 (fax)

COUNSEL FOR DIOMED, INC.

/s/ Tom Vitt
Tom Vitt, Esq. (admitted pro hac vice)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-5675  (612) 340-8856 (fax)

Steven L. Feldman, Esq. (BBO #162290)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200  (617) 742-2355 (fax)

COUNSEL FOR VASCULAR SOLUTIONS, INC.

/s/ Seth M. Wilson
Rodney S. Dowell (BBO #620916)
BERMAN & DOWELL
210 Commercial St., 5th Floor
Boston, MA 02109
(617) 723-9911  (617) 720-3500 (fax)

Mark D. Giarratana
Seth M. Wilson (BBO #640270)
MCCARTER & ENGLISH, LLP
City Place I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700  (860) 724-3397 (fax)

COUNSEL FOR ANGIODYNAMICS, INC.