UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, Defendant in Counterclaim, <br><br> v. <br><br> VASCULAR SOLUTIONS, INC. <br><br> Defendant, Plaintiff in Counterclaim. | Civil Action No.: 04-10444-RGS |
| DIOMED, INC. <br><br> Plaintiff, Defendant in Counterclaim <br><br> v. <br><br> ANGIODYNAMICS, INC. <br><br> Defendant, Plaintiff in Counterclaim. | Civil Action No.: 04-10019-RGS |

**MEMORANDUM IN SUPPORT OF DEFENDANT
VASCULAR SOLUTIONS, INC.'S MOTION TO BIFURCATE
PURSUANT TO FRCP 42(b)**

**INTRODUCTION**

Defendant Vascular Solutions, Inc. ("VSI") brings this motion to bifurcate issues of liability in this patent dispute from issues of willfulness and damages in the interest of expedition and economy. Given the Court's April 12, 2005 Order on claim construction, Diomed's infringement case against VSI is unlikely to survive summary judgment. Additionally, bifurcation is appropriate to avoid prejudice to VSI caused by the disclosure of its privileged opinion of counsel. In the alternative, VSI requests that the Court stay discovery on VSI's opinion of counsel through the discovery period and until after resolution of dispositive motions.

## BACKGROUND

VSI entered the market for endovenous laser therapy in June 2003. Before introduction of the accused Vari-Lase product, VSI sought and obtained the opinion of patent counsel to evaluate potential infringement claims.[1] Diomed filed its Complaint against VSI in March 2004.

In discovery, Diomed requested documents relating to any opinions of counsel VSI sought regarding infringement or invalidity of the '777 patent. VSI asserted attorney-client privilege and work product protection for its opinion, and has not produced the opinion to Diomed. In a March 31, 2005 letter, Diomed again requested any opinions VSI intends to rely on in defense of Diomed's claims of willful infringement:

> As you are aware, the deadline for discovery is quickly approaching. If VSI intends to rely upon its opinion of counsel in defense of Diomed's willfulness allegations, please produce the opinion (and other related or contradictory documents) by April 14, 2005. If Diomed does not receive the requested documents by this date, Diomed will assume that VSI will not be relying on the opinion. In addition, Diomed will request an order from the Court precluding VSI's reliance upon the opinion.

Redmond Decl. Ex. A. On April 19, 2005, after VSI received the Court's April 12, 2005 claim construction ruling, VSI's counsel requested in writing that Diomed withdraw its claims of willful infringement:

> It is our view that Diomed has no legitimate claim for willful infringement, particularly given the Court's acceptance of our claim construction position. We urge you to withdraw Diomed's willfulness allegation. If you do not agree, we plan to move to bifurcate the willfulness issue.

Redmond Decl. Ex. B. Diomed refused to withdraw its willfulness claims.

Discovery in this matter is just beginning in earnest, as the parties had been awaiting resolution of claim construction issues. The parties exchanged written discovery responses and

---

[1] VSI stands ready to submit its opinion of counsel to the Court for *in camera* review in the event the Court would find such review helpful.

2

produced documents last summer and early fall, but party depositions have not yet taken place.[2]
VSI attempted to schedule depositions in February of the two Diomed inventors resident in the United States, Dr. Robert Min and Dr. Luis Navarro, but Diomed was unable to proceed for scheduling reasons. The Court issued its claim construction ruling on April 12, 2005. The first deposition in the case took place on April 18, 2005, of Dr. Brunello Puglisi, a third-party witness knowledgeable about certain prior art. Depositions of Dr. Min and Dr. Navarro are scheduled for May 12 and 13. Depositions of two of VSI's witnesses are currently scheduled for the last week in May, and it is anticipated that several more depositions will take place during the summer.[3]

## ARGUMENT

I.  **WILLFULNESS AND DAMAGES SHOULD BE TRIED SEPARATELY FROM INFRINGEMENT AND INVALIDITY**

The Court has discretion to bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). All of those considerations weigh in favor of bifurcation in this case. Separating willfulness and damages issues from liability issues for discovery and trial would be more efficient and would promote judicial economy. In addition, the disclosure of VSI's opinion of counsel prior to litigation of liability issues may prejudice VSI's non-infringement and invalidity defenses, and potentially force VSI to waive attorney-client privilege unnecessarily. For those reasons, bifurcation is appropriate in this case.

---

[2]  For reasons that have not been explained, Diomed has recently produced multiple boxes of additional documents responsive to VSI's requests of last summer.

[3]  The current discovery deadline is June 15, 2005. The parties are currently discussing an extension of fact and expert discovery deadlines to September 15, 2005, to accommodate scheduling difficulties that have arisen.

A.     **Bifurcation Would Promote Judicial Economy**

A determination of VSI's liability in this case will focus on (1) whether or not VSI's procedure meets all of the limitations of any asserted claims of the '777 patent; (2) whether the asserted claims of the '777 patent are invalid as obvious or anticipated by prior art; and (3) whether the inventors complied with their duty of candor to the PTO during prosecution of the '777 patent. The contents of, and communications surrounding, VSI's opinion of counsel are irrelevant to all those issues. See Pfizer, Inc. v. Novopharm, Ltd., 2000 WL 1847604, at *3-4 (N.D. Ill. December 14, 2000) (finding little, if any, overlap between liability and willfulness issues, and ordering bifurcation of liability and willfulness issues for the purposes of trial and discovery); Princeton Biochems., Inc. v. Beckman Instruments, Inc., 180 F.R.D. 254, 258 (D.N.J. 1997) (finding that liability was a distinct cause of action from willfulness with no substantial overlap, and bifurcating case into two phases). Diomed's damages claims are similarly irrelevant to infringement and invalidity issues.

If VSI prevails on any of its defenses – noninfringement, invalidity, or inequitable conduct – there will be no need to consider the willfulness and damages issues, and consequently, no need for VSI to waive privilege or for the parties to engage in expensive discovery into willfulness and damages. Given the Court's recent claim construction ruling, VSI's noninfringement defense is now a particularly strong candidate for summary judgment in VSI's favor. VSI's procedure does not teach "deliberately putting the uncoated tip of the fiber optic line in physical contact with the wall of the blood vessel," which requires draining and compression, nor "maintaining the tip-interior surface in physical contact with the vessel wall." VSI's procedure teaches the opposite – use of the tip of the fiber optic line to act on the blood itself, rather than the vessel wall. Those missing limitations make early resolution in VSI's favor more than a speculative possibility. Compare Aptargroup, Inc. v. Owens-Illinois, Inc., 2003 WL

21557632, at * 1 (N.D. Ill. July 3, 2003) (granting bifurcation in part because the plaintiff's liability case took "a real hit" from the court's claim construction), with <u>A.L. Hansen Manuf. Co. v. Bauer Prods., Inc.</u>, 2004 WL 1125911, at *2 (N.D. Ill. May 18, 2004) (finding that, at such an early stage in the litigation, defendant's success was merely a speculative possibility).

Bifurcation of willfulness and damages from liability in this case is likely to save both parties time and money. Discovery in the case has just begun in earnest, with none of the party principals, inventors, or experts having been deposed. A finding of no liability would eliminate the need for deposition discovery and expert work regarding willfulness and damages, and, in the event the case proceeds to trial, the jury would have fewer issues to consider in an already complex case. In the unlikely event that VSI is found to have infringed a valid patent claim, the parties could then proceed to discovery and trial on the issue of VSI's good faith and Diomed's damages.

### B.  **Bifurcation Would Avoid Prejudice to VSI**

Diomed's willfulness claims have presented VSI with a dilemma: waive its attorney-client privilege to defend against the claims, in which case its liability case may be prejudiced, or maintain its privilege, in which case it may be found to be a willful infringer. That dilemma, and potential prejudice to VSI, could be avoided by separating discovery and trial on the issue of willfulness from issues of liability.

The Federal Circuit has expressed in "carefully considered dicta" that:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the issue of liability, and maintaining the privilege, in which case it may risk being

>found to be a willful infringer if liability is found.  Trial courts thus
>should give serious consideration to a separate trial on willfulness
>whenever the particular attorney-client communications, once
>inspected by the court *in camera*, reveal that the defendant is
>indeed confronted with this dilemma.  While our court has
>recognized that refusal of a separate trial will not require reversal
>in every case involving attorney-client communications bearing on
>willfulness, we have suggested the advisability of separate trials in
>appropriate cases.

In re '639 Patent Litig., 1999 WL 528806, at *1-2 (D. Mass. June 15, 1999), quoting Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643-44 (Fed. Cir. 1991).

Forcing VSI into this so-called " Quantum dilemma" would prejudice VSI in two ways. First, VSI would be forced to disclose its attorneys' privileged conclusions and thought processes.  Second, VSI's noninfringement defense may be prejudiced by the disclosure of the opinion of counsel. VSI's opinion of counsel is not relevant to any liability issues, particularly as the opinion was formed prior to the Court's resolution of claim construction issues.  There is a real danger that a jury's decision on infringement issues would be improperly influenced by that opinion.  See Aptargroup, 2003 WL 21557632, at *1 ("we think there is a basis for believing that an 'intent' issue mixed up with an infringement issue will have a tendency to confuse and possibly prejudice the jury").

The Federal Circuit's recent decision in Knorr-Bremse removes the adverse inference that used to attach when attorney-client privilege is invoked by a defendant, and arguably, some of the Quantum dilemma faced by defendants. Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp., 383 F.3d 1337, 1344-45 (Fed. Cir. 2004).  However, all of the potential prejudice to VSI remains even after Knorr-Bremse.  The jury will still be asked to consider the totality of circumstances when deciding if VSI's alleged infringement was willful, including whether VSI had a reasonable basis for believing that its products do not infringe the '777 patent,

and whether VSI exercised due care to avoid infringement.[4] If VSI chooses not to waive privilege and disclose the opinion on which it relied, the jury will be asked to consider those issues with only part of the evidence showing VSI's good faith – leaving VSI at an unfair disadvantage in defending against willful infringement. If VSI chooses to waive privilege and disclose its opinion, all of the potential prejudice to VSI described above still exists.

Accordingly, separating liability issues from willfulness and damages would both further the interests of expedition and economy, and avoid the risk of prejudice to VSI. VSI requests that the Court bifurcate those issues for the purposes of discovery and trial.

## II. IN THE ALTERNATIVE, DISCOVERY ON VSI'S OPINION OF COUNSEL SHOULD BE STAYED UNTIL AFTER THE COURT'S DECISION ON DISPOSITIVE MOTIONS

If the Court determines that this is not an appropriate case for bifurcation, VSI requests that the Court stay discovery on its opinion of counsel until after resolution of dispositive motions to minimize the prejudicial effects of VSI's disclosure of its privileged opinion. See, e.g., A.L. Manuf. Co. v. Bauer Prods., Inc., 2004 WL 1125911, at *6 (N.D. Ill. May 18, 2004) (staying discovery on opinion of counsel through discovery phase and filing of summary judgment motions). If VSI prevails on summary judgment, it will not have been compelled to waive privilege unnecessarily. In addition, both parties will have avoided the time and expense of unnecessary discovery. If the case is not decided on summary judgment, the Court could then set a deadline for VSI to disclose its opinion, and an expedited discovery schedule prior to trial. That solution minimizes any potential prejudice to VSI, effects some degree of efficiency if VSI prevails on summary judgment, and causes no potential prejudice to Diomed.

---

[4] Although VSI believes that such an instruction would be inappropriate after Knorr-Bremse, there is some risk that a jury will still be allowed to consider whether VSI sought the advice of counsel. The Knorr-Bremse court expressly declined to decide the issue, see Knorr-Bremse, 383 F.3d at 1346-47, and no published opinion has resolved the issue as of the date of this motion.

7

## CONCLUSION

In the interest of judicial economy, and to avoid prejudice to VSI, issues of willfulness and damages should be bifurcated from issues of liability in this case. In the alternative, discovery on VSI's opinion of counsel should be stayed until after dispositive motions have been decided.

Respectfully submitted,

VASCULAR SOLUTIONS, INC.

By its counsel,

/s/ Steven L. Feldman

Steven L. Feldman (BBO #162290)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, Massachusetts 02114-2128
Telephone: (617) 742-4200

~and~

J. Thomas Vitt MN #183817
Heather D. Redmond MN #313233
Todd R. Trumpold MN #313890
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600

Dated: May 9, 2005

U:\CPR\Steven Feldman\Vascular Solutions\Diomed Patent\MemoReMotionToBifurcate.doc