THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>　　　　Plaintiff,<br>v.<br><br>ANGIODYNAMICS, INC,<br><br>　　　　Defendant. | Civil Action No. 04-10019 RGS |
| DIOMED, INC.,<br><br>　　　　Plaintiff,<br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>　　　　Defendant. | Civil Action No. 04-10444 RGS<br>**(CONSOLIDATED UNDER<br>04-10019 RGS)** |

**DIOMED'S OPPOSITION TO VASCULAR SOLUTIONS'
MOTION TO BIFURCATE PURSUANT TO FED. R. CIV. P. 42(b)**

In this consolidated patent infringement action involving two defendants, *one* of the two defendants, Vascular Solutions, Inc. ("VSI") – but *not* the second (AngioDynamics, Inc.) – seeks to bifurcate the issues of willful infringement and damages from liability.

Bifurcation, which causes delay and frustrates the overarching policy of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action,"[1] is "the exception, not the rule," *including in patent cases*. Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 621 (N.D. Ill. 2000).

The moving party bears the burden to show that bifurcation is proper. Id. at 620. Where, as here, a motion to bifurcate is brought by just one out of three parties to a consolidated action, that burden is particularly difficult to meet.

---

[1] See Fed. R. Civ. P. 1.

In this case, VSI's primary argument for bifurcation is to avoid the "prejudice" of the so-called "Quantum dilemma," namely being forced to waive privilege in its opinion of counsel by introducing the opinion in defense of a willfulness claim, or face an adverse inference that the opinion warned VSI not to proceed with the activity that is alleged to infringe. See Quantum Corp. v. Tandon Corp., 940 F.2d 642 (Fed. Cir. 1991) (quoted by VSI at 5-6).

The "Quantum dilemma" at the center of VSI's argument is addressed in detail in one of VSI's lead cases, A.L. Hansen Mfg. Co. v. Bauer Products, 2004 WL 1125911 (N.D. Ill. May 18, 2004). Hansen preceded the Federal Circuit's recent *en banc* decision eliminating the "adverse inference" that concerns VSI, see Knorr-Bremse Systeme Fuer Mutzfahrzeuge v. Dana, 383 F.3d 1337 (Fed. Cir. 2004) (en banc) ("no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to … produce an exculpatory opinion of counsel"), and expressly concluded that:

> **Of course, if the Federal Circuit were to eliminate the propriety of these negative inferences, the force of the Quantum dilemma would be greatly reduced.**

Hansen, 2004 WL 1125911 at *3 n.4 (emphasis added).

Hansen thus recognizes that the primary motivation to bifurcate is "greatly reduced" after the Federal Circuit's elimination of the "adverse inference" rule in Knorr.

As discussed below, bifurcation is particularly inappropriate in this case because Diomed alleges not just direct infringement, but *inducement to infringe* method claims of the patent-in-suit. This charge necessarily involves examination of the defendants' intent to cause others (in this case physicians) to undertake the acts that constitute infringement, something that may be reflected in the defendants' opinions of counsel. Accordingly, liability and willfulness are inextricably intertwined in this case. If VSI intends to rely on its opinion of counsel, Diomed is entitled to see that opinion in connection with a determination of liability, not just willfulness.

Moreover, because only VSI – and not AngioDynamics – requests bifurcation here (indeed, AngioDynamics has already disclosed its opinion of counsel in discovery), bifurcation would be a particularly inappropriate remedy to impose on other parties that are prepared to move forward with discovery and resolution of the merits of the entire case.

Finally, bifurcation would cause significant delay, and is unlikely to lead to any countervailing efficiency gains.

## I.  ARGUMENT

### A.  VSI Does Not Face a "Quantum Dilemma".

VSI does not face a "Quantum dilemma" for two reasons.  **First,** as noted above, following the Federal Circuit's decision in Knorr, the "adverse inference" from failure to produce an opinion of counsel has been eliminated.  Even one of VSI's leading cases recognizes, accordingly, that the "Quantum Dilemma" has been "greatly reduced."

**Second,** because Diomed asserts a cause of action against VSI for inducing infringement under 35 U.S.C. § 271(b), one element of establishing VSI's *liability* (not just willfulness) will be proof of VSI's "actual intent to cause the acts which constitute the infringement." Hewlett-Packard Co. v. Bausch & Lomb, Inc., 909 F.2d 1464, 1469 (Fed. Cir. 1990).  Thus, in this case VSI's intent is at issue not just with respect to willfulness, but also with respect to liability. Should VSI believe that its opinion of counsel contains information helpful to establishing a lack of intent for purposes of willfulness, VSI will not be prejudiced by disclosure of the opinion in defending liability.  Conversely, if VSI believes that the opinion will help Diomed establish willfulness (and/or liability), it may choose to withhold the opinion *without* facing the "adverse inference" that existed pre-Knorr. Cf. Quantum, 940 F.2d at 644 (classic "dilemma" occurs when disclosure of opinion would help defendant on willfulness but hurt on liability).

**B.     Bifurcation Would Be Inefficient.**

VSI fails to show, as required, that bifurcation is "clearly necessary" to increase the efficiency and expedition of the case. Real, 195 F.R.D. at 621.

VSI maintains that if it succeeds on any of its various defenses (non-infringement, invalidity, inequitable conduct), then there would be "no need to consider willfulness and damages issues." (VSI Brief at 4).  This argument, of course applies in *all* patent infringement actions – yet courts routinely deny motions for bifurcation of willfulness or damages in patent cases. See, e.g., Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 866 (C.D. Cal. 1994) (denying bifurcation where separate trials "would only complicate the instant proceedings and cause needless delay"); Keyes Fibre Co. v. Packaging Corp. of Am., 763 F. Supp. 374, 375 (N.D. Ill. 1991) (denying bifurcation where "separate trials would impose needless duplication of effort" and "[c]ertain evidence is relevant to both liability and damages.").

In any event, the party bringing a motion to bifurcate bears the burden of making "a *prima facie* showing of success" in order to bring the "efficiency" factor into play for the movant. Hansen, 2004 WL 1125911 at *2.  In its brief, VSI makes a passing mention of its non-infringement defense, and says *nothing* about its other defenses (perhaps in an effort to gain strategic advantage by not giving away too much, just as it hopes to achieve by delaying decision on disclosure of its opinion of counsel for as long as the Court will allow). VSI states vaguely that its "procedure" does not teach compression or drainage of the blood vessel to maintain contact between the tip of the laser fiber and the vessel wall. (VSI Br. at 4).  Although it is unclear what VSI means by its "procedure," suffice it to say that the Instructions For Use that VSI includes with its accused kits most certainly induce each and every act required to infringe the claims asserted by Diomed in this case.  Following the Court's Markman decision, Diomed is confident that it will establish VSI's infringement on summary judgment.

In any event, at this stage one thing is certain: VSI has not met its burden of setting forth a *prima facie* case of non-infringement in connection with its Motion to Bifurcate.

Moving forward with discovery and resolution of the entire case would be the most efficient course for other reasons too. Discovery with regard to willfulness has already begun. AngioDynamics produced its opinion of counsel, and related documents, early in the case. Forcing Diomed to pursue its willfulness case against AngioDynamics, which has not joined in VSI's motion for bifurcation, while bifurcating Diomed's case against VSI, is unfairly prejudicial to Diomed. (Conversely, bifurcating the whole case, when only one of three parties has requested it, would make little sense as previously discussed.)

The parties are also well into discovery on damages. Both VSI and AngioDynamics have produced thousands of documents to Diomed, many of them relevant only to the issue of damages. Moreover, Diomed has already started working with its damages experts and, as required by the Court's Protective Order, has identified those experts to the defendants.[2]

### C.   Bifurcation of Willfulness Would Prejudice Diomed.

Bifurcation of willfulness in this case would prejudice Diomed, as it would prevent Diomed from evaluating VSI's opinion as it relates to VSI's liability for inducing infringement, as discussed above. Bifurcation will further prejudice Diomed by delaying the case.

> [F]urther delays in discovery arising from disputes or other reasons are not rare. Such delays would push back the resumption of the trial even further. The prejudice arising from undue delay can only be avoided by denying bifurcation entirely. By the same token, the interest in judicial economy is best served by conducting a single phase on liability and willfulness. For these reasons, the Court finds that Bauer's motion to bifurcate liability from willfulness should be denied.

Hansen, 2004 WL 1125911 at *5.

---

[2] Some courts, although reluctant to bifurcate the issue of willfulness, do bifurcate damages to postpone the cost and complexity of addressing damages issues, which are less interrelated to liability than willfulness. This, in fact, is what happened in one of VSI's lead cases. See Hansen, supra (bifurcating damages but denying motion to bifurcate willfulness). Such a resolution could be appropriate here.

## II.  CONCLUSION

For the above reasons, VSI's Motion to Bifurcate should be denied.

                                       Respectfully submitted

                                       DIOMED, INC.,

                                       By its attorneys,

Dated: May 23, 2005                /s/ Michael N. Rader
                                       Michael A. Albert (BBO #558566)
                                       malbert@wolfgreenfield.com
                                       James J. Foster (BBO #553285)
                                       jfoster@wolfgreenfield.com
                                       Michael N. Rader (BBO #646990)
                                       mrader@wolfgreenfield.com
                                       WOLF, GREENFIELD & SACKS, P.C.
                                       600 Atlantic Avenue
                                       Boston, MA 02210
                                       (617) 646-8000