THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>      Defendant. | Civil Action No. 04-10019 RGS |
| DIOMED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>      Defendant. | Civil Action No. 04-10444 RGS<br>**(CONSOLIDATED UNDER<br>04-10019 RGS)** |

**STIPULATION AND ORDER
REGARDING EXPERT DISCOVERY**

The plaintiff and defendants in this litigation anticipate that a number of experts will be preparing reports and testifying and therefore, in order to efficiently manage the expert discovery, the parties agree as follows:

    1.    No drafts of expert reports need be produced.

    2.    Reasonably in advance of each expert's deposition, the expert will be required to produce to the opposing side copies of all documents and information that were used or relied upon in preparing the expert's final report. Documents not used or relied upon by the expert need not be produced.

    3.    Experts will be required to provide to the opposing side their hourly rate, their support staff's hourly rate, the total number of hours worked by the expert and each member of

**904409**.1

the expert's support staff, and the total amount of billings. No further detail concerning expert's fees needs to be provided to the opposing side.

4. Discovery or questioning of expert witnesses shall not extend to the production of documents, oral examination, or any other form of inquiry concerning:

(a) drafts, notes, or other prior work product prepared in this case and abandoned (i.e., not being used or relied upon by the expert), or

(b) communications to or from or in the presence of an attorney for the party expecting to call the person as an expert witness, unless the person is relying upon the communication as part of the basis for his or her expert testimony.

5. The deposition of each expert shall not exceed seven (7) hours, exclusive of breaks.

6. Each expert will be compensated for the deposition by the party taking the deposition by paying the expert's normal hourly rate for only the actual time the expert is being deposed.

7. Nothing in this Stipulation and Order shall be construed to limit the discovery or examination of expert witnesses concerning the basis for an expert's final opinions or the documents or other information used or relied upon in the course of the expert's work on this case.

8. Until such time as this Stipulation and Order has been signed by the Court, the parties agree that upon execution by all parties, it will be treated as though it had been ordered by the Court.

Respectfully submitted,

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000  (617) 720-2441 (fax)

COUNSEL FOR DIOMED, INC.

/s/ Tom Vitt
Tom Vitt, Esq. (admitted pro hac vice)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-5675  (612) 340-8856 (fax)

Steven L. Feldman, Esq. (BBO #162290)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA  02114
(617) 742-4200  (617) 742-2355 (fax)

COUNSEL FOR VASCULAR SOLUTIONS, INC.

/s/ Mark D. Giarratana
Rodney S. Dowell (BBO #620916)
BERMAN & DOWELL
210 Commercial St., 5th Floor
Boston, MA 02109
(617) 723-9911  (617) 720-3500 (fax)

Mark D. Giarratana
Seth M. Wilson (BBO #640270)
MCCARTER & ENGLISH, LLP
City Place I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700  (860) 724-3397 (fax)

COUNSEL FOR ANGIODYNAMICS, INC.

## **ORDER**

    IT IS SO ORDERED this _____ day of _____, _____.


                                    _____