UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., ) | |
| ) | |
| Plaintiff, Defendant in Counterclaim, ) | |
| ) | |
| v. ) | Civil Action No.: 04-10444-RGS |
| ) | |
| VASCULAR SOLUTIONS, INC. ) | |
| ) | |
| Defendant, Plaintiff in Counterclaim. ) | |
| ) | |
| DIOMED, INC. ) | |
| ) | |
| Plaintiff, Defendant in Counterclaim, ) | |
| ) | |
| v. ) | Civil Action No.: 04-10019-RGS |
| ) | |
| ANGIODYNAMICS, INC. ) | |
| ) | |
| Defendant, Plaintiff in Counterclaim. ) | |

### VASCULAR SOLUTIONS, INC.'S CONSENTED MOTION TO AMEND ITS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 15 and the Joint Scheduling Order in this case, Vascular Solutions, Inc. ("VSI") hereby submits this Motion to Amend its First Amended Answer, Affirmative Defenses, and Counterclaims against Diomed, Inc. ("Diomed"). Plaintiff Diomed has consented to this motion.

As evident in the Second Amended Answer, Affirmative Defenses, and Counterclaims attached hereto as Exhibit A, VSI hereby moves to amend its affirmative defenses and counterclaims to supplement VSI's assertions of inequitable conduct. VSI makes this submission based on newly discovered information obtained through discovery. Further, as discovery is scheduled to close on September 15, 2005, and this amendment is simply to conform the claims to

evidence turned up in the course of depositions and document discovery, and is based upon the knowledge of the plaintiff and those under its contractual control, including the inventors of the patent at issue, Diomed will not be prejudiced by entry of VSI's Second Amended Answer, Affirmative Defenses, and Counterclaims at this early stage in the litigation.

### ARGUMENT

**I.  THE STANDARD GOVERNING VSI'S CONSENTED TO MOTION FOR LEAVE TO AMEND ITS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS DICTATES ENTRY OF VSI'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Federal Rule of Civil Procedure 15(a) states that a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The standard which federal courts use to rule on a Fed. R. Civ. P. 15(a) Motion to Amend was established by the Supreme Court in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). Leave to amend the pleadings should be "freely given" in the

> absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . .

Foman, 371 U.S. at 182.

**II.  VSI'S CONSENTED TO MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED.**

There is no undue delay in this case, as VSI is amending its First Amended Answer, Affirmative Defenses and Counterclaims to conform with evidence and connections between documents recently unearthed in the depositions of Doctors Min and Navarro last month and to add additional information gleaned through discovery. For the same reason there is no bad faith or dilatory motive. Moreover, since almost two months still remain before the close of discovery, Diomed will not be prejudiced by the granting of this motion. Nor is amendment futile as the

2

amendments contained in the Second Amended Answer, Affirmative Defenses and Counterclaims advance detailed allegations directly relevant to VSI's inequitable conduct claims.

## CONCLUSION

VSI respectfully requests that the Court grant its Consented to Motion to Amend and enter VSI's Second Amended Answer, Affirmative Defenses, and Counterclaims, attached hereto.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for Vascular Solutions, Inc. conferred by e-mail with counsel for Diomed, Inc. regarding the substance of the amendments to the First Amended Answer, Affirmative Defenses and Counterclaims.  On July 14, 2005, counsel for Diomed, Inc. consented to the filing of the Second Amended Answer, Affirmative Defenses and Counterclaims.

Respectfully submitted,

VASCULAR SOLUTIONS, INC.

By its counsel,

/s/  Steven L. Feldman
Steven L. Feldman, Esq. (BBO #162290)
Karen Van Kooy, Esq. (BBO #644484)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, Massachusetts 02114-2128
Telephone: (617) 742-4200

~and~

J. Thomas Vitt, Esq., MN #183817
Heather D. Redmond, Esq., MN #313233
Todd R. Trumpold, Esq., MN #313890
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600

Dated:  July 19, 2005

U:\CPR\Steven Feldman\Vascular Solutions\Diomed Patent\VSIMotionToAmendAnswer&CC.doc