THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>      Defendant. | Civil Action No. 04-10019 RGS |
| DIOMED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>      Defendant. | Civil Action No. 04-10444 RGS<br>**(CONSOLIDATED UNDER 04-10019 RGS)** |

### DIOMED'S AND ENDOLASER'S REPLY TO ANGIODYNAMICS' SECOND AMENDED COUNTERCLAIM

Plaintiff Diomed, Inc. ("Plaintiff" or "Diomed") and Counterclaim Defendant Endolaser Associates, LLC ("Endolaser") hereby reply to the Amended Counterclaim filed by Defendant AngioDynamics, Inc. ("Defendant" or "AngioDynamics").

### Parties

1. Admits.

2. Admits, except notes that the zip code for Diomed's place of business in Andover, Massachusetts is 01810 (not 10810).

927327.1

3. Admits.

## Jurisdiction and Venue

4. Admits as to Diomed only. There can be no declaratory judgment jurisdiction with respect to Endolaser Associates, LLC ("Endolaser"), because Endolaser conveyed all of its substantial rights in the '777 patent to Diomed, including the right to sue for infringement of the same. Moreover, Endolaser is not alleged to have threatened AngioDynamics with respect to the '777 patent.

5. Admitted as to Diomed only. See Paragraph 4.

6. Admitted as to Diomed only. See Paragraph 4.

## Diomed's Reply to AngioDynamics' First Counterclaim

7. Diomed repeats the paragraphs above as though fully set forth herein.

8. Admits.

9. Admits only that Endolaser is a nominal owner of the '777 patent, and denies that Endolaser is a necessary party to this action. In fact, Endolaser conveyed all of its substantial rights in the '777 patent to Diomed, such that Diomed has standing to sue in its own name for infringement of the '777 patent.

10. Admits.

11. Admits as to Diomed only. See paragraphs 4 and 9.

12. Denies.

## Diomed's Reply to AngioDynamics' Second Counterclaim

13. Diomed repeats the paragraphs above as though fully set forth herein.

14. Denies.

**Diomed's Reply to AngioDynamics' Third Counterclaim**

15.     Diomed repeats the paragraphs above as though fully set forth herein.

16.     Admits.

17.     Admits.

18.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

19.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

20.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

21.     Denies.

22.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

23.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

24.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

25.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

26.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

27.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

28.     Diomed is without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.

29.     Admits only that Dr. Carlos Boné Salat is a named inventor of the `777 patent and published a paper entitled "Endoluminal Treatment Of Varicose Veins With Diode Laser: Preliminary Study" and the paper speaks for itself.  Diomed is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and thus denies the same.

30.     Denies.

31.     Admits.

32.     Admits.

33.     Diomed admits that what is referred to in VSI's counterclaims as the "O'Reilly Paper" was not listed by the inventors in the Information Disclosure Statements.  Diomed denies the remaining allegations of this paragraph.

34.     Diomed admits that what is referred to in VSI's counterclaims as the "Puglisi Paper" was not listed by the inventors in the Information Disclosure Statements.  Diomed denies the remaining allegations of this paragraph.

35.     Diomed admits that what is referred to in VSI's counterclaims as the "Biegeleisen Paper" was not listed by the inventors in the Information Disclosure Statements.  Diomed denies the remaining allegations of this paragraph.

36.     Denied.

37. Denied.

38. Denied.

**Diomed's and Endolaser's Reply to AngioDynamics' Fourth Counterclaim**

39. Diomed and Endolaser repeat the paragraphs above as though fully set forth herein.

40. Diomed admits that it brought lawsuits alleging infringement of the `777 patent against AngioDynamics, Vascular Solutions, Inc., and Total Vein Solutions, LLC in the United States District Court of Massachusetts. Diomed denies the remaining allegations of this paragraph.

41. Denied.

42. Admits.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

**Diomed's and Endolaser's Reply to AngioDynamics' Fifth Counterclaim**

48. Diomed and Endolaser repeat the paragraphs above as though fully set forth herein.

49. Admitted as to Diomed only. See Paragraphs 4 and 9.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

                            DIOMED, INC. and
                            ENDOLASER ASSOCIATES, LLC,

                            By their attorneys,

Dated: August 15, 2005                 /s/ Michael A. Albert
                            Michael A. Albert (BBO #558566)
                            malbert@wolfgreenfield.com
                            Michael N. Rader (BBO #646990)
                            mrader@wolfgreenfield.com
                            John L. Strand (BBO # 654985)
                            jstrand@wolfgreenfield.com
                            WOLF, GREENFIELD & SACKS, P.C.
                            600 Atlantic Avenue
                            Boston, MA 02210
                            (617) 646-8000