UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, Defendant in Counterclaim, <br><br> v. <br><br> VASCULAR SOLUTIONS, INC. <br><br> Defendant, Plaintiff in Counterclaim. | Civil Action No.: 04-10444-RGS |
| DIOMED, INC. <br><br> Plaintiff, Defendant in Counterclaim, <br><br> v. <br><br> ANGIODYNAMICS, INC. <br><br> Defendant, Plaintiff in Counterclaim. | Civil Action No.: 04-10019-RGS |

## DEFENDANTS' MOTION TO EXCLUDE UNTIMELY EXPERT OPINIONS

Pursuant to Fed. R. Civ. P. 37(c) and 16(f), defendants Vascular Solutions, Inc. ("VSI") and AngioDynamics, Inc. ("AngioDynamics") move to exclude untimely expert testing, analyses, and opinions relied upon by plaintiff Diomed, Inc. ("Diomed"). Specifically, defendants move to exclude:

1. Any and all evidence, testimony, analyses, or opinions of its expert Philip Green not disclosed prior to the June 22, 2005 date for Diomed's expert disclosures, including any opinions relating to a lost profits theory of damages; and

2. Any and all evidence, testimony, analyses, opinions of Dr. Luis Navarro not disclosed prior to the June 22, 2005 date for Diomed's expert disclosures, including any opinions based upon the testing and experiments subsequent to that date.

In support of their motion, defendants rely upon Defendants' Memorandum in Support of Motion to Exclude Untimely Expert Opinions, as well as the December 7, 2005 Declaration of Heather D. Redmond, with attached exhibits.

Accordingly, VSI and AngioDynamics respectfully request that the Court exclude Diomed's untimely expert opinions.

### CERTIFICATE OF COMPLIANCE WITH D. MASS. L.R. 7.1(a)(2)

Pursuant to D. Mass. Local Rule 7.1(a)(2), counsel for defendants certify that they have made a good faith effort – through face-to-face conversations between counsel on at least October 28, 2005 and December 5, 2005, and through e-mail correspondence on November 2 and 14, 2005, to confer with counsel for plaintiff to resolve the issues presented in this motion. Counsel for plaintiff has confirmed on multiple occasions that, despite defendants' arguments regarding plaintiff's late disclosures, plaintiff intends to rely at trial on the opinions that form the basis of this motion.

Respectfully submitted,

VASCULAR SOLUTIONS, INC.

By its counsel

Steven L. Feldman, Esq. (BBO #162290)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, Massachusetts 02114-2128
Telephone: (617) 742-4200

~and~

        J. Thomas Vitt, Esq., MN #183817
        Heather D. Redmond, Esq., MN #313233
        Todd R. Trumpold, Esq., MN #313890
        Dorsey & Whitney LLP
        50 South Sixth Street, Suite 1500
        Minneapolis, Minnesota 55402-1498
        Telephone: (612) 340-2600


        ANGIODYNAMICS, INC.

        By its counsel,

        /s/ William Bright /SLF/
        William H. Bright, Jr. (CT 02494)
        Mark D. Giarratana (CT 10410)
        McCarter & English, LLP
        CityPlace I, 36th Floor
        185 Asylum Street
        Hartford, Connecticut 06103
        Telephone: (860) 275-6700

Dated: December 9, 2005

U:\CPR\Steven Feldman\Vascular Solutions\Diomed Patent\VSI-AngioMotionExclude1.doc