UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIOMED, INC.

         Plaintiff,

v.

VASCULAR SOLUTIONS, INC.

         Defendant.

Civil File No. 104-CV-10444-(RGS)

**and**

DIOMED, INC.,

         Plaintiff,

v.

ANGIODYNAMICS, INC.,

         Defendant.

Civil Action No. 04-CV-10019 (RGS)

**ANGIODYNAMICS, INC.'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED IN SUPPORT OF ITS OPPOSITION TO DIOMED'S MOTION FOR SUMMARY JUDGMENT OF VALIDITY AND ENFORCEABILITY OF U.S. PATENT NO. 6,398,777**

Pursuant to Local Rule 56.1, AngioDynamics, Inc. submits the following statement of material facts of record as to which it is contended there exists a genuine issue to be tried. All exhibits referred to herein are attached to AngioDynamics' Opposition Memorandum or Declaration submitted herewith.

1. The Puglisi Article and Video each disclose a fiber optic line with an uncoated tip at its end capable of emitting laser energy. (Puglisi Article at 840-841, Exhibit B; Puglisi Depo. at 65, Exhibit A; and Puglisi Video, Exhibit C).

2. The Puglisi Article and Video each disclose putting the tip of the fiber optic line in physical contact with the wall of the blood vessel. (Puglisi Depo. at 61-62, Exhibit A; Puglisi Video, Exhibit C).

3. The Puglisi Article and Video each disclose drainage of blood. (Puglisi Depo. at 50-54; 73-74; 78-79, Exhibit A; Puglisi Video, Exhibit C).

4. The Puglisi Article and Video each disclose compression. (Puglisi Depo. at 58-62, Exhibit A; Puglisi Video, Exhibit C).

5. Under Diomed's impermissibly broad assertion of claim scope, Puglisi's Article and Video anticipate the asserted claims. (Puglisi Article at 840-841, Exhibit B; Puglisi Depo. at 50-54, 58-62, 65, 73-74, 78-79, Exhibit A; and Puglisi Video, Exhibit C).

6. O'Reilly discloses contact between the uncoated fiber tip and the blood vessel wall. (O'Reilly Article at 777 and 779; and Siphanto et al., Lasers in Surgery and Medicine, "Imaging of Small Vessels Using Photoacoustics: An In Vivo Study", 35:354, 356-57 (2004), Exhibits D and E).

7. O'Reilly discloses drainage of blood. (O'Reilly Article at 778, Exhibit D).

8. Under Diomed's impermissibly broad assertion of claim scope, O'Reilly anticipates the asserted claims. (O'Reilly Article at 777-779; and Siphanto et al., Lasers in

Surgery and Medicine, "Imaging of Small Vessels Using Photoacoustics: An In Vivo Study", 35:354, 356-57 (2004), Exhibits D and E).

9.  Farley '273 discloses inserting a catheter having a tip that is capable of emitting laser energy into a blood vessel at a puncture site. (Farley '273 at col. 11. 59-65, col. 13, 11. 4-21, col. 16, 11. 14-25 and 42-47, col. 19, 11. 5-19, and col. 20, 11. 8-11, Exhibit F).

10. Farley '273 discloses deliberately putting the emitting section of the catheter in physical contact with the wall of the blood vessel through drainage of blood and compression of the vein. (Farley '273 at col. 13, 11. 4-21; col. 16, 11. 14-25, and 11. 42-47, Exhibit F).

11. Farley '273 discloses maintaining the tip surface in physical contact with the vessel wall while laser energy is emitted to decrease the diameter of the blood vessel. (Farley '273 at col. 13, 11. 4-21, col. 16, 11. 14-25 and 11. 42-47, col. 19, 11. 5-19, and col. 20, 11. 8-11, Exhibit F).

12. Farley '273 anticipates the asserted claims. (Id.)

13. A person of ordinary skill in the art relevant to the subject matter of the '777 patent is a vascular surgeon or an angiologist (interventional radiologist with knowledge of venous procedures), as well as their equivalents in foreign countries. (Expert Report of Dr. Samson at 5, Exhibit G).

14. One of ordinary skill in the art would have been motivated to apply Farley '273's steps of contact, drainage and compression to either Puglisi's ILA or O'Reilly's ILA. (Farley '273 at col. 18, 11. 59-65, col. 5, 11. 9-12, and col. 20, 11. 8-11, Exhibit F).

15. One of ordinary skill in the art would have been motivated to modify the method of Farley '273 to include a fiber optic line having an uncoated tip as taught by either O'Reilly or Puglisi. (Id.)

16. Farley '398 discloses a catheter including within it an optical fiber, and having on its end an uncoated section to emit laser energy from the fiber into the vessel wall in contact therewith. (Farley '398 at col. 17, ll. 30-38, Exhibit F).

17. Farley '398 discloses applying manual compression to ensure that contact is achieved and maintained during emission of laser energy. (Farley '398 at col. 7, ll. 24-27, col. 17, ll. 43-47, Exhibit F).

18. Farley '398 discloses drainage of blood. (Id.)

19. Farley '398 anticipates the asserted claims. (Farley '398 at col. 7, ll. 24-27, col. 17, ll. 30-38 and 43-47, Exhibit F).

20. One of ordinary skill in the art would have been motivated to modify the method of Farley '398 to include a fiber optic line having an uncoated tip as taught by either O'Reilly or Puglisi. (Id.)

21. One of ordinary skill in the art would have been motivated to apply Farley '398's steps of contact, drainage and compression to either Puglisi's ILA or O'Reilly's ILA. (Id.)

22. The Mazza Article and Video disclose a fiber optic line with an uncoated emitting section. (Mazza Article at 3, Exhibit H; Mazza Video, Exhibit I).

23.  The Mazza Article and Video disclose contact, drainage and compression. (Mazza Article at 2, Exhibit H; Mazza Video, Exhibit I; Puglisi Depo. at 50-54, 73-74, 78-79, 99 Exhibit A).

24.  One of ordinary skill in the art would have been motivated to apply Farley '273's steps of contact, drainage and compression to Mazza's ILA. (Farley '273 at col. 18, ll. 59-65, col. 5, ll. 9-12, and col. 20, ll. 8-11, Exhibit F).

25.  Biegeleisen discloses physical contact between the fiber optic and the vessel wall. (Biegeleisen at 421, Exhibit J; Samson Report at E-2, Exhibit G).

26.  One of ordinary skill in the art would have been motivated to modify Biegeleisen's ILA to include a fiber optic line having an uncoated tip as taught by either O'Reilly or Puglisi. (Id.)

27.  One of ordinary skill in the art would have been motivated to apply Farley '273's steps of contact, drainage and compression to Biegeleisen's ILA. (Farley '273 at col. 18, ll. 59-65, col. 5, ll. 9-12, and col. 20, ll. 8-11, Exhibit F).

28.  The Puglisi and Mazza Videos were widely disseminated and publicly accessible to those interested and of ordinary skill in the art prior to the '777 critical date. (Puglisi Depo. at 28, 29, 48-54, 68-69, 84-86, 87-91, and 109-111, Exhibit A).

29.  The Puglisi Video was shown on many different occasions to hundreds of interested physicians prior to the '777 critical date. (Id.)

Dated: February 13, 2006

Respectfully Submitted,

DEFENDANT
ANGIODYNAMICS, INC.
BY ITS ATTORNEYS

By _____
RODNEY S. DOWELL (BBO # 620916)
Berman & Dowell
210 Commercial Street
Boston, MA 02109
(671) 723-9911
(617) 723-6688 (fax)
rdowell@bermandowell.com
      -and-
MARK D. GIARRATANA
WILLIAM H. BRIGHT
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)
mgiarratana@mccarter.com
wbright@mccarter.com

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail and Federal Express on February 13, 2006**

_____
Mark D. Giarratana