UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC. <br><br> Plaintiff, <br><br> v. <br><br> VASCULAR SOLUTIONS, INC. <br><br> Defendant. | Civil File No. 104-CV-10444-(RGS) |
| **and** | |
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGIODYNAMICS, INC., <br><br> Defendant. | Civil Action No. 04-CV-10019 (RGS) |

## **DECLARATION OF WILLIAM H. BRIGHT, JR. PURSUANT TO FED. R. CIV. P. 56(f)**

I, William H. Bright, Jr., declare:

1.  I am an attorney at McCarter & English, LLP, in Hartford, Connecticut and am counsel for defendant AngioDynamics, Inc. ("AngioDynamics") in this action. I offer this declaration in support of AngioDynamics' Opposition to Diomed's Motion for Summary Judgment of Infringement and pursuant to Federal Rule of Civil Procedure 56(f).

2. Between October 24, 2005 and December 30, 2005, plaintiff Diomed, Inc. produced to defendants Vascular Solutions, Inc. ("VSI") and AngioDynamics a series of slides and ultrasound videos from testing performed by Dr. Luis Navarro to attempt to support Diomed's infringement case. The deadline for expert witness disclosures was June 22, 2005.

3. On December 9, 2005, defendants VSI and AngioDynamics jointly moved to exclude Dr. Navarro's untimely expert testing, analyses and opinions. Defendants' motion is currently pending before the Court.

4. On December 21, 2005, Diomed moved for summary judgment of infringement. In support of its motion, Diomed relied upon a declaration of Dr. Navarro, including evidence of the untimely testing he performed.

5. If defendants' motion to exclude is denied, defendants must consider whether to: (1) perform additional experiments in response to Dr. Navarro's untimely testing; (2) have their own experts analyze and submit reports in response to Dr. Navarro's new opinions; and/or (3) retain additional experts to analyze and respond to Dr. Navarro's new opinions. It is likely that defendants will need to take at least one of the steps outlined above to respond to Dr. Navarro's testing.

6. Even if the Court denies defendants' motion to exclude and considers Dr. Navarro's untimely experiments, AngioDynamics does not believe that Diomed is entitled to summary judgment of infringement. However, if the Court is inclined to grant Diomed's motion, AngioDynamics believes that it should be allowed adequate time to respond to Dr. Navarro's new opinions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 13, 2006

_____
William H. Bright, Jr.

ME1\5494297.1