## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

    **Plaintiff/Defendant in Counterclaim,**

    v.

VASCULAR SOLUTIONS, INC.

    **Defendant/Plaintiff in Counterclaim.**

Civil Action No.: 04-10444-RGS

DIOMED, INC.

    **Plaintiff/Defendant in Counterclaim,**

    v.

ANGIODYNAMICS, INC.

    **Defendant/Plaintiff in Counterclaim.**

Civil Action No.: 04-10019-RGS

## RESPONSE OF DEFENDANT VASCULAR SOLUTIONS, INC. TO THE COURT'S ORDER REGARDING POTENTIAL RECUSAL

Defendant Vascular Solutions, Inc. ("VSI") submits this memorandum in response to the Court's May 22, 2006 Order, and to respond to Diomed's June 5, 2006 memorandum on this matter.

VSI does not believe that the Court's initial consultation with Dr. Fan, as described in the Court's May 22, 2006 Order, is grounds for recusal under 28 U.S.C. § 455. Pursuant to 28 U.S.C. § 455(e), VSI hereby waives any argument that the initial consultation described in the Court's Order is a ground for disqualification. If, however, the Court's doctor-patient relationship with Dr. Fan is continuing, VSI has serious concerns and is not willing to provide a waiver. VSI joins fully in the concerns and comments expressed in AngioDynamics' memorandum, and provides these additional comments.

Dr. Fan is a critical witness in this matter. Dr. Fan is the only clinical expert offered by Diomed who does not have a direct financial interest in the outcome of this matter. Diomed's other clinical experts, Dr. Navarro and Dr. Min, are the inventors on the patent and have a direct financial stake in Diomed's success in this lawsuit. Diomed's other expert, Dr. Anderson, has never performed endovenous laser therapy and is offering purely theoretical testimony. Dr. Fan is thus the sole outside expert with any clinical experience who is offering testimony that attempts to support Diomed's claim of infringement. Dr. Fan is also Diomed's sole outside expert on the issue of validity. Contrary to Diomed's statement, her views on validity are seriously contested by defendants' expert, Dr. Samson.

Dr. Fan's expected testimony, and the response of VSI's clinical experts Dr. Proebstle and Dr. Samson, is thus central to the resolution of the pending motions for summary judgment, and will be central to any eventual trial. That testimony is set forth in detail in the declarations filed in connection with the pending motions for summary judgments. In broad summary, Dr. Fan and defendants' experts, Dr. Proebstle and Dr. Samson, disagree as to whether "contact" between the laser emitting section and the vessel wall is the necessary mode of action for endovenous laser therapy; they disagree as to whether VSI's and AngioDynamics' recommended procedures necessarily result in the deliberate, maintained contact required by the Court's claim construction; and they disagree about the scientific validity and usefulness of certain experiments performed by Dr. Fan. These disagreements are the core issues in the case.[1]

Given Dr. Fan's importance to Diomed's case, VSI has two significant concerns. First, VSI is concerned about the possibility of *ex parte* discussions between Dr. Fan and the Court concerning endovenous laser therapy in general or any of the contested issues in this case in

---

[1]  As VSI has pointed out in its summary judgment papers, VSI believes that the evidence requires summary judgment of non-infringement because, among other reasons, no reasonable jury could find that VSI's recommended procedures result in deliberate, maintained contact between the laser emitting

particular. The Court did not specify in its Order whether the contemplated laser procedure is the endovenous laser procedure at issue in this case. If it is, VSI's concerns are heightened. Like any patient, the Court should be free to ask any questions and discuss any concerns with his physician. During this procedure, the patient is awake, and able to view the ultrasound images as the procedure is being performed. Thus, the very real and natural possibility exists that Dr. Fan will be discussing with the Court, *ex parte*, her views about how the procedure works, what is shown on ultrasound images during the treatment, and other potentially contested issues.

Second, VSI is concerned that the Court's doctor-patient relationship could provide Diomed with an unfair advantage in this case. VSI does not intend to suggest that the Court would consciously favor one side. It is, however, reasonable for VSI to be concerned that the Court could gain confidence and trust in Dr. Fan throughout the course of the doctor-patient relationship--if that were not the case, presumably, one would look for a doctor that one did have confidence and trust in. Even the slightest, unconscious tendency to favor Dr. Fan over defendants' experts would be unfair to defendants, whether it occurred in review of the summary judgment materials, in connection with pretrial motions concerning Dr. Fan's testimony or experiments, or in connection with evidentiary rulings at trial.

The issue presented here, ultimately, is whether a doctor-patient relationship between the Court and one side's principal expert, potentially involving the medical procedure at issue in the case, would cause a reasonably objective observer to have concerns about the Court's impartiality. See Blizard v. Frechette, 601 F.2d 1217, 1220 (1st Cir. 1979). VSI has not located any cases discussing that precise issue, and VSI agrees with AngioDynamics that none of the cases cited by Diomed are particularly relevant. VSI therefore respectfully requests that, if the Court intends to continue the doctor-patient relationship with Dr. Fan, the Court use its judgment

---

section and the vessel wall.

to determine whether recusal is necessary under 28 U.S.C. § 455.  VSI respectfully declines to

waive any potential grounds for disqualification under 28 U.S.C. § 455(e).

Respectfully submitted,

VASCULAR SOLUTIONS, INC.

By its counsel,

/s/ Steven L. Feldman
Steven L. Feldman, Esq. (BBO #162290)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, Massachusetts 02114-2128
Telephone: (617) 742-4200

~and~

J. Thomas Vitt, Esq., MN #183817
Heather D. Redmond, Esq., MN #313233
Todd R. Trumpold, Esq., MN #313890
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by mail by hand on
6/19/06                    electronically
Christopher V. Roberti

Dated:  June 19, 2006

U:\CPR\Steven Feldman\Vascular Solutions\Diomed Patent\VSI'sResponseToCourt'sOrderReRecusal.doc