IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>　　　　Defendant. | Civil Action No. 04-10019 NMG |
| DIOMED, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>　　　　Defendant. | Civil Action No. 04-10444 NMG<br>**(CONSOLIDATED UNDER 04-10019 NMG)** |

## REQUEST FOR EARLY TRIAL DATE

In anticipation of the upcoming scheduling conference on December 8, 2006, Plaintiff Diomed, Inc. ("Diomed") respectfully submits this request that the Court schedule the trial to occur at the earliest possible date, and in any event no later than mid-February 2007. This case was filed almost three years ago (before a different Judge of this Court), and delays in its resolution have resulted and are continuing to result in irreparable harm to Diomed, including (a) erosion of market pricing and market share as a result of Diomed's competitors' infringement, (b) entry of new infringers apparently emboldened by the absence of a resolution of this case, and (c) direct impact on Diomed's capital structure including the need to raise additional capital that dilutes shareholder value. The case has been trial-ready for some time, and justice would be served by an expeditious trial.

## BACKGROUND

This case dates back to January 2004, when Diomed originally filed suit for patent infringement against AngioDynamics, Inc. ("AngioDynamics"), and shortly thereafter against Vascular Solutions, Inc. ("VSI"). The actions were assigned to Judge Stearns who consolidated the cases. At that time, Diomed had recently acquired the rights to the procedure at issue – laser treatment of varicose veins, which was rapidly becoming the gold standard in the industry – from its original inventors. The defendants had just begun their infringement.

After many months of discovery and other pretrial proceedings, the parties filed their summary judgment motions almost a year ago, on December 21, 2005. The summary judgment hearing was rescheduled on several occasions, including when Judge Stearns recused himself due to his treatment by one of Diomed's medical experts. (D.I. #142). Following re-assignment of the case to this Court, a ruling on the parties' summary judgment motions was entered on August 30, 2006. (D.I. #148). The Court has scheduled the conference to set a trial date for December 8, 2006. (D.I. 149).

## BASIS FOR THIS REQUEST

Diomed requests the earliest possible trial date consistent with the Court's schedule in order to bring resolution to this three-year-old case for all parties, and in particular to stop the irreparable harm to Diomed that continues as a result of the Defendants' unabated infringement.

The parties (including, to their credit, the Defendants) have proceeded expeditiously with discovery and have cooperated in preparing this case for ultimate resolution. A year has now elapsed since summary judgment motions were filed. This Court, after the case was transferred, expeditiously resolved those motions last summer. Nothing remains but to set the next available trial date.

Because Diomed's competitors in the market did not incur the cost of research and development to perfect the patented method, nor did they license the patented technology from its inventors, they have unfairly traded off Diomed's investment and customer good will and some of them have undercut market prices.  Between the defendants' infringement and the pricing and marketing strategies of several of Diomed's competitors, the market for this procedure has been distorted, deflating the market price below that appropriate to a proprietary technology and undermining Diomed's ability to obtain a reasonable return from its investment in this cutting-edge technology.  Cf. Rosen Entm't Sys., LP v. Eiger Vision, 343 F. Supp. 2d 908, 920-21 (C.D. Cal. 2004) (deflated pricing can constitute irreparable harm).  This price depression has worsened over the past few months as certain competitors, seeing no clear legal consequence, have been able to more firmly establish themselves in the marketplace and directly target Diomed's customers.

The lengthy pendency of this dispute without resolution is also leaving numerous customers, investors, and others unable to appreciate that the technology is patented and proprietary.  One of the most harmful effects of this delayed resolution has been the recent entry of additional infringers, undoubtedly emboldened by the absence of a full and final resolution of this core dispute.

Diomed and its shareholders have also been unfairly impacted by the need to raise substantial additional rounds of capital, diluting existing share value, in order to see the case through to completion.  Again, a quick trial is the best remedy.

Through their infringement, the defendants have taken customers from Diomed, irretrievably reducing Diomed's market share.  B.F. Goodrich FlightSystems, Inc. v. Insight Instr. Corp., 22 U.S.P.Q.2d. 1832, 1844 (S.D. Ohio 1992) (finding irreparable harm based on lost market share: "Once you lose a customer, he's gone forever.").  Over the past three years, and

particularly in the past few months, Diomed has irreparably lost customers to its competitors because of their infringement. Due to the length of pendency of this case and the aggressiveness of the competition from unlicensed infringers, Diomed – the rightful owner of this proprietary technology – has seen its market share and investment climate undermined. Short of a separate motion for interlocutory injunctive relief, only a prompt trial and subsequent entry of a permanent injunction can begin to remedy the damage and unfair impact this infringement is having on Diomed and its business. Defendants, by contrast, can have no reasonable justification at this late date for any attempts to delay trial and ultimate resolution of this case.

## CONCLUSION

For the above reasons, Diomed respectfully requests that the Court schedule the trial of this matter to occur as soon as possible, and in any event no later than mid-February 2007, so as to enable a prompt resolution of this case and forestall yet further irreparable harm to Diomed from Defendants' infringement.

Respectfully submitted,

DIOMED, INC.

By its attorneys,

Dated: December 6, 2006

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
John L. Strand (BBO #654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

- 5 -

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned certifies that counsel for Diomed consulted with counsel for AngioDynamics and VSI to advise them of the within request.

/s/ Michael A. Albert

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert