IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>    Defendant. | Civil Action No. 04-10019 NMG |
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 04-10444 NMG<br>**(CONSOLIDATED UNDER<br>04-10019 NMG)** |

**MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS
FROM REFERENCING A POTENTIAL INJUNCTION**

Diomed respectfully requests an order precluding Defendants AngioDynamics and Vascular Solutions, Inc. ("VSI") from referring to Diomed's request for injunctive relief during trial of this action, or otherwise suggesting to the jury that this action may result in prohibiting certain medical procedures from being performed by practitioners or clinics. The equitable relief of an injunction – an issue reserved solely for the Court – is irrelevant to any issue that the jury will need to consider. Because reference to the possibility of an injunction would confuse and prejudice the jury, it should not be permitted.

1. **The Request for Injunctive Relief Is Irrelevant to the Issues Being Tried.**

The fact that Diomed has requested injunctive relief, as it is entitled to do under 35 U.S.C. § 283, is irrelevant to the three issues before the jury: infringement, damages, and willfulness. Computer Assoc. Int'l, Inc. v. Am. Fundware, Inc, 831 F. Supp. 1516, 1530 (D. Colo. 1993) (granting motion *in limine* precluding reference to plaintiff's claim for injunctive relief, as irrelevant to damages claim). Should the jury find infringement, the Court alone will decide whether to enter a permanent injunction. eBay Inc. v. MercExchange, 126 S. Ct. 1837, 1839 (2006). It would be irrelevant and improper for the jury to consider in its deliberations the potential effect of an injunction. Pursuant to Fed. R. Evid. 402, Diomed therefore requests that the Court preclude AngioDynamics and VSI from referring to the possibility of an injunction.

2. **Reference to Injunctive Relief Would Confuse and Prejudice the Jury.**

Reference to the prospect of injunctive relief would confuse the issues and unfairly prejudice jurors against Diomed. E.g., U.S. Football League v. Nat'l Football League, 1986 WL 7012, *2-3 (S.D.N.Y. June 17, 1986) (citing Fed. R. Evid. 403 and precluding defendants "from referring to the possibility of injunctive relief in front of the jury, since such references would needlessly confuse the issues and unfairly prejudice plaintiffs"); Ciena Corp. v. Corvis Corp., 334 F. Supp. 2d 610, 613 (D. Del. 2004) (referencing grant of same motion *in limine* by patent holder). The prejudice would take several different forms.

For one, the prospect of precluding medical device manufacturers from selling products designed to improve patient care would impermissibly invite the jury to contemplate policy issues that are wholly irrelevant to the question of whether AngioDynamics and VSI have infringed Diomed's patent by selling and marketing products for use in the endovenous laser treatment of varicose veins.

Permitting defendants to discuss the possibility of an injunction might even leave jurors with the false impression that Diomed is seeking to enjoin not only the defendants – who have induced and contributed to infringement of Diomed's patent claims – but *doctors themselves*, contrary to 35 U.S.C. § 287(c), which insulates medical practitioners from infringement suits.

Moreover, jurors aware of possible injunctive relief may not appreciate the need to compensate Diomed for the defendants' past infringing acts. An order precluding *future* sales would not address the lost sales and price erosion that Diomed has suffered due to the defendants' *past* infringing sales. It would be unfair and prejudicial for defendants to be allowed to suggest to the jury that a forward-looking statutory remedy that may be granted post-trial by the Court should in any way affect their calculation of past damages.

## CONCLUSION

For the above reasons, the Court should exercise its discretion under Rules 402 and 403 to bar defendants from directly or indirectly referring, during trial, to the possible grant of a permanent injunction, or otherwise suggesting to the jury that this action may result in prohibiting certain medical procedures from being performed by practitioners or clinics.

Respectfully submitted,
DIOMED, INC.
By its attorneys,

Dated: February 20, 2007

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
John L. Strand (BBO #654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned certifies that counsel for Diomed consulted with counsel for AngioDynamics and VSI to advise them of the present motion.

/s/ Michael A. Albert

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert