UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC. | Civil Action No. 04-CV-10444 (NMG) |
| Plaintiff, | |
| v. | |
| VASCULAR SOLUTIONS, INC. | |
| Defendant. | |

| | |
|---|---|
| DIOMED, INC., | Civil Action No. 04-CV-10019 (NMG) |
| Plaintiff, | |
| v. | |
| ANGIODYNAMICS, INC., | |
| Defendant. | |

**DEFENDANTS ANGIODYNAMICS, INC.'S AND VASCULAR SOLUTIONS, INC.'S JOINT MOTION *IN LIMINE* TO PRECLUDE STATEMENTS MADE BY THE DEFENDANTS TO THE FOOD AND DRUG ADMINISTRATION**

Defendants AngioDynamics, Inc. ("AngioDynamics") and Vascular Solutions, Inc. ("VSI") jointly move for an order that Plaintiff Diomed, Inc. ("Diomed") be precluded from introducing at trial statements made by AngioDynamics to the U.S. Food and Drug Administration ("FDA") concerning AngioDynamics's VenaCure (f/k/a EVLS) and VSI's Vari-Lase laser vein treatment devices. Specifically, AngioDynamics and VSI move for an order precluding Plaintiff Diomed, Inc. ("Diomed") from introducing at trial statements made by AngioDynamics (or its laser supplier, biolitec, Inc.) and VSI in certain 510(k) premarket

notifications submitted to the FDA identifying Diomed's laser treatment device as a "predicate" or "substantially equivalent" device.

As set forth more fully in the supporting Memorandum of Law, AngioDynamics's and VSI's Motion should be granted because statements made by AngioDynamics (or its laser supplier, biolitec, Inc.) and VSI in their respective 510(k) notifications are entirely irrelevant to issues of infringement, either literal or by equivalence. It is well-established law in the Federal Circuit that the Court must compare the accused-infringing device with the patent claims, not the patentee's commercial embodiments. Moreover, Diomed's own regulatory history confirms that statements made in 510(k) filings are not relevant to the issue of infringement.

For these reasons, and for the reasons set forth in the supporting Memorandum of Law, the Court should grant AngioDynamics's and VSI's Joint Motion *In Limine*.

## LOCAL RULE 7.1 CERTIFICATE

Undersigned counsel for Defendant AngioDynamics, Inc. and Vascular Solutions, Inc., certify that, on February 20, 2007, they conferred with counsel for Diomed, Inc., Michael Albert and John Strand, in a good faith attempt to resolve or narrow the issues presented in this motion pursuant to Local Rule 7.1(A)(2). As a result of this conference, the parties were not able to resolve the issues presented in this motion.

## REQUEST FOR ORAL ARGUMENT

AngioDynamics and VSI respectfully request oral argument on all issues presented in this Motion.

Dated: February 20, 2007

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail.**

**/s/ William H. Bright, Jr.**

THE DEFENDANT,
ANGIODYNAMICS, INC.


By  /s/ William H. Bright, Jr.
    William H. Bright, Jr.
    *wbright@mccarter.com*
    Mark D. Giarratana
    *mgiarratana@mccarter.com*
    McCARTER & ENGLISH, LLP
    CityPlace I
    Hartford, CT  06103
    Phone:  (860) 275-6700


THE DEFENDANT,
VASCULAR SOLUTIONS, INC.


By  /s/  Thomas Vitt
    Thomas Vitt
    *Vitt.Thomas@Dorsey.com*
    Heather Redmond
    *Redmond.Heather@Dorsey.com*
    DORSEY & WHITNEY LLP
    50 South Sixth Street
    Minneapolis, MN 55402-1498
    Phone:  (612) 340-5675