UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC. | Civil Action No. 04-CV-10444 (NMG) |
| Plaintiff, | |
| v. | |
| VASCULAR SOLUTIONS, INC. | |
| Defendant. | |
| DIOMED, INC., | Civil Action No. 04-CV-10019 (NMG) |
| Plaintiff, | |
| v. | |
| ANGIODYNAMICS, INC., | |
| Defendant. | |

**DEFENDANTS ANGIODYNAMICS, INC.'S AND VASCULAR SOLUTIONS, INC.'S JOINT MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S TESTIMONY ON ITS SIDE FIRING THEORY OF PATENT INFRINGEMENT**

Defendants AngioDynamics, Inc. ("AngioDynamics") and Vascular Solutions, Inc. ("VSI") jointly move for an order that Plaintiff Diomed, Inc. ("Diomed") be precluded from introducing testimony at trial on its side firing theory of patent infringement.

As set forth more fully in the supporting Memorandum of Law, Diomed seeks to introduce testimony at trial that the "means for emitting laser energy" limitation of the asserted claims of the '777 patent includes the coated sidewalls of the fiber and that physicians infringe the patent when the sidewalls of the fiber purportedly touch the vessel wall. This Court's Markman Ruling strictly limited the claimed emitting means to the uncoated or tip-interior

surface at the very end of the fiber; the '777 specification disclaims the possibility of the coated sidewalls of the fiber falling within the scope of the emitting means limitation; and any contact between the sidewalls of the fiber and the vessel wall cannot give rise to an infringement. Accordingly, testimony on Diomed's side firing theory of infringement would contradict the Markman Ruling, be irrelevant, unfairly prejudice Defendants, and confuse the jury.

For these reasons, and for the reasons set forth in the supporting Memorandum of Law, it is respectfully requested that the Court grant AngioDynamics' and VSI's Joint Motion In Limine and issue an order precluding Diomed from introducing testimony at trial on its side firing theory of patent infringement.

### LOCAL RULE 7.1 CERTIFICATE

Undersigned counsel for Defendant AngioDynamics, Inc. and Vascular Solutions, Inc., certify that, on February 20, 2007, they conferred with counsel for Diomed, Inc., Michael Albert and John Strand, in a good faith attempt to resolve or narrow the issues presented in this motion pursuant to Local Rule 7.1(A)(2). As a result of this conference, the parties were not able to resolve the issues presented in this motion.

### REQUEST FOR ORAL ARGUMENT

AngioDynamics and VSI respectfully request oral argument on all issues presented in this Motion.

Dated: February 20, 2007                              THE DEFENDANT,

|  |  |
|---|---|
| I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail.<br><br>/s/ William H. Bright, Jr. | ANGIODYNAMICS, INC.<br><br>By /s/ William H. Bright, Jr.<br>William H. Bright, Jr.<br>*wbright@mccarter.com*<br>Mark D. Giarratana<br>*mgiarratana@mccarter.com*<br>McCARTER & ENGLISH, LLP<br>CityPlace I<br>Hartford, CT 06103<br>Phone: (860) 275-6700<br><br>THE DEFENDANT,<br>VASCULAR SOLUTIONS, INC.<br><br>By /s/ Thomas Vitt<br>Thomas Vitt<br>*Vitt.Thomas@Dorsey.com*<br>Heather Redmond<br>*Redmond.Heather@Dorsey.com*<br>DORSEY & WHITNEY LLP<br>50 South Sixth Street<br>Minneapolis, MN 55402-1498<br>Phone: (612) 340-5675 |

ME1\6186280.1