# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
| | |
|---|---|
| DIOMED, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     Civil Action No.:  04-10444-NMG |
| | ) |
| VASCULAR SOLUTIONS, INC., | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |
| | ) |
| DIOMED, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     Civil Action No.: 04-10019-NMG |
| | ) |
| ANGIODYNAMICS, INC., | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

## DEFENDANTS' JOINT RESPONSE TO DIOMED'S MOTION *IN LIMINE* TO PRECLUDE RELIANCE BY DEFENDANTS ON LASER FIBERS OR RELATED INFORMATION NEVER DISCLOSED TO DIOMED

Defendants AngioDynamics, Inc. ("AngioDynamics") and Vascular Solutions, Inc.

("VSI") (collectively, "defendants"), submit this Joint Response to Diomed's Motion *In Limine*

to Preclude Reliance by Defendants on Laser Fibers or Related Information Never Disclosed to

Diomed.  Specifically, Diomed seeks an order precluding defendants: (1) from introducing any

laser fibers of which they have failed to produce samples to Diomed at least two months prior to

trial, and (2) from offering testimony regarding the alleged properties of any such fibers.

Defendants agree with Diomed's request except to the extent it seeks to limit Dr.

Proebstle's testimony in response to Dr. Navarro.  Defendants can agree that VSI's new dual-

clad fiber is not at issue in this case, but that evidentiary preclusion and its effects must apply

equally to both parties. In other words, if the dual-clad fiber is out of this case, then Diomed cannot seek injunctive or damages relief concerning VSI's sales of the dual-clad fiber.[1]

Diomed's motion, however, is overbroad as stated. The testimony of defendants' expert Dr. Proebstle, based on experiments performed in response to Dr. Navarro's late-disclosed expert report and using multiple types of laser fibers, is relevant to show that Diomed's expert theories about the necessity of contact and side-firing are demonstrably wrong, and that VSI's original single-clad fibers do not infringe. As set forth in Defendants' Joint Opposition to Diomed's Motion to Limit the Testimony of Dr. Proebstle, defendants' production of Dr. Proebstle's report was timely, and Diomed will not be prejudiced by the introduction of his opinions at trial.

## BACKGROUND

Diomed devotes multiple pages to its argument that VSI violated its discovery obligations and plans to introduce at trial a laser fiber never produced to Diomed. VSI has no such intentions, and VSI did not seek to prejudice Diomed at trial.

While preparing for trial, on January 29, 2007, VSI's counsel requested that VSI verify that the laser fiber dimensions submitted in connection with summary judgment materials in late 2005 and early 2006 were still accurate. On January 30, VSI's counsel learned that VSI had introduced a new dual-clad laser fiber in connection with its Vari-Lase procedure kits. VSI introduced the dual-clad fiber in June 2006, long after discovery had closed in this matter. On January 31, VSI's attorneys produced to Diomed the drawings of the new fiber they received from VSI. The material change in the fiber is that the new dual-clad fiber has a silica cladding that is less susceptible to thermal degradation.

Until the day it filed this motion, Diomed voiced no concern about the new dual-clad

---

[1]    VSI's dual-clad fiber was introduced commercially in June 2006, after the close of discovery. It is typical in the medical device industry for products to evolve over time, and VSI agrees with Diomed that we have to stop at some fixed point and conduct the trial on the products then in existence.

fiber.  Diomed did not ask VSI whether it intended to rely on the dual-clad fiber as a separate

non-infringement defense.  It did not request the additional documents it now says VSI withheld.

It did not request a deposition of VSI regarding the new fiber.  In fact, Diomed's counsel already

was scheduled to travel to Minneapolis to depose Howard Root, VSI's CEO, on February 9

regarding damages issues.  Diomed did not request that Mr. Root be prepared to answer

questions regarding the new fiber or that VSI produce someone who could provide such

testimony.  While Diomed now criticizes Mr. Root for "pleading ignorance" to their questions

regarding the dual-clad fiber, Mr. Root was not prepared for those questions, nor was he required

to be prepared.

And, although Diomed tries to suggest that VSI developed its dual-clad fiber to avoid

contact with the vein wall, VSI's position is that its single-clad fiber was sufficient for that

purpose.  The nature of the medical device industry is such that devices are constantly subject to

upgrade and modification, and VSI's development of the new fiber was no more than an attempt

to improve its device.

## ARGUMENT

### A.    Defendants Do Not Intend To Introduce New Laser Fibers At Trial

Neither defendant intends to introduce as evidence at trial a laser fiber not produced to

Diomed prior to January 12, 2007 for the purpose of claiming that it is selling a new product

different than the allegedly infringing products.  Specifically, while VSI does not believe that

procedures performed with the dual-clad fibers infringe any claim of the '777 patent, it does not

intend to make separate non-infringement arguments based on the fiber at trial.  VSI's position,

like Diomed's, is that the dual-clad fiber is not at issue in this case.

To be clear, however, the result of defendants' agreement on that issue means that the

jury's verdict cannot be based *in any respect* on the dual-clad fiber.  Just as defendants will not

be allowed to argue that the dual-clad fiber is materially different and non-infringing, Diomed

will not be able to argue that the dual-clad fiber is materially similar and, therefore, infringing.

Thus, if the jury finds that the use of single-clad fibers by physicians following defendants'

instructions directly infringes one or more claims of the '777 patent, the question of infringement

regarding the dual-clad fiber will remain unanswered.  Similarly, Diomed will not be allowed to

argue that VSI's decision to design a dual-clad fiber to reduce degradation is evidence that the

original single-clad fiber infringes the '777 patent.  Finally, Diomed will not be allowed to seek

injunctive or damages relief concerning kits sold with the dual-clad fiber.

**B.    Diomed's Request For An Order Preventing Testimony Regarding Different Fibers Is Overbroad**

Diomed's request for an order precluding defendants from "offering testimony regarding

the alleged properties of any [fibers not produced to Diomed prior to January 12, 2007]" is

overbroad.  Defendants intend to introduce evidence of testing performed by their expert, Dr.

Thomas Proebstle, to rebut the opinions of Diomed's experts *regarding the question of whether*

*defendants' original laser fibers are being used in an infringing manner*.  Such evidence is

relevant and timely (as set forth in more detail in Defendants' Joint Opposition to Diomed's

Motion to Limit the Testimony of Dr. Thomas Proebstle).

For example, Diomed's experts intend to testify that evidence of charring left in the vein

indicates that contact occurred between the uncoated tip of the laser fiber and the vein wall

during laser emission.  To rebut those opinions, Dr. Proebstle performed testing using fibers that

make contact impossible, but still leave evidence of charring.  Defendants intend to introduce his

testimony to rebut Diomed's opinions regarding defendants' *original, single-clad laser fibers*.

Similarly, Diomed's experts argue that, without contact, endovenous laser procedures are not

effective.  Dr. Proebstle's testing using fibers that cannot contact the vein wall further

demonstrates that the procedure is effective without contact.

None of Diomed's arguments regarding untimely production, lack of justification, or prejudice apply to such testing and opinions.[2]  Excluding Dr. Proebstle's testimony, simply because VSI disclosed to Diomed a schematic drawing of a new laser fiber six weeks before trial, would be unjustified and unduly prejudicial to defendants' case.

## CONCLUSION

Defendants agree that, so long as it is clear that Diomed cannot argue that such fibers infringe, and Diomed does not seek damages or injunctive relief concerning sales of such fibers, defendants will not: (1) introduce as evidence laser fibers of which they did not produce samples to Diomed by January 12, 2007; or (2) offer opinions or argument that such fibers do not infringe the '777 patent.  The remainder of Diomed's requested order is overbroad and should be denied for the reasons set forth above.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Defendants request oral argument on this Motion, as it may assist the Court in resolving the issues presented in the Motion.

Respectfully submitted,

**VASCULAR SOLUTIONS, INC.**

By its counsel,

/s/ Steven L. Feldman
Steven L. Feldman (BBO #162290)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, Massachusetts 02114-2128
Telephone: (617) 742-4200

---

[2]  For months Diomed has had possession of many of the fibers used by Dr. Proebstle in his recent experiments.  For example, in May, October, and November 2006, Diomed purchased samples of the New Star laser fibers.

*˜and˜*

J. Thomas Vitt MN #183817
Heather D. Redmond MN #313233
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone:  (612) 340-2600

**ANGIODYNAMICS, INC.**

By its counsel,

/s/ William H. Bright, Jr.
William H. Bright, Jr.
Mark D. Giarratana
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Telephone (860) 275-6700

*˜and˜*

Rodney S. Dowell (BBO #629016)
Berman & Dowell
210 Commercial Street
Boston, Massachusetts 02109
Telephone (617) 723-99911

Dated: February 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed on this 26th day of February, 2007, through the Court's electronic filing system, which serves electronically counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail, postage prepaid, on this same date.

/s/  Steven L. Feldman, Esq.