IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>    Defendant. | Civil Action No. 04-10019 NMG |
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 04-10444 NMG<br>**(CONSOLIDATED UNDER 04-10019 NMG)** |

**REPLY IN SUPPORT OF DIOMED'S MOTION *IN LIMINE*
TO PRECLUDE RELIANCE BY DEFENDANTS ON LASER FIBERS OR
RELATED INFORMATION NEVER DISCLOSED TO DIOMED**

    Diomed moved *in limine* to preclude evidence about new laser fibers that, in violation of defendants' discovery obligations, were not timely disclosed to Diomed.

    Unable to dispute that information about the new "dual clad" fibers was improperly withheld,[1] defendants seek to turn the discovery malfeasance to their own benefit by asking that the new fibers be taken entirely "out of this case" (D.I. 192 at 2) and requesting that Diomed be precluded from obtaining relief related to sale of such products in this civil action. (Id.).

---

[1] Defendants assert that VSI's counsel learned of the dual clad fiber only recently. Counsel's lack of knowledge does not, however, excuse a party's failure to supplement critical discovery responses. Rodriguez v. IBP, Inc., 243 F.3d 1221, 1229 (10th Cir. 2001).

Defendants apparently seek, for example, an *ex ante* order precluding Diomed from bringing contempt proceedings if defendants continue to sell infringing dual clad fibers after entry of an injunction. See D.I. 191 at 4 ("Diomed will not be able to argue that the dual-clad fiber is materially similar...").

Defendants' bold attempt to preclude being held liable, at some future date, for selling a marginally-altered infringing product should be denied. If the new laser fibers are not colorably different from those that have been litigated in this case (as Diomed strongly suspects and will investigate through future testing after samples are provided), then sales of such fibers in violation of an injunction entered in this case would constitute contempt of Court. Cf. Brine, Inc. v. STX, LLC, 367 F. Supp. 2d 61, 67 (D. Mass. 2005) (Gorton, J.) (contempt proceedings are warranted if the devices are not "more than 'colorably' different from one another.").

While it is premature to address the scope of a future injunction, Defendants' own discovery failures should not be an excuse for them to do so here, and certainly should not enable them to preempt future claims relating to the very product they failed to timely produce in discovery. Diomed should not be required to file a separate lawsuit to stop sales of a product that is not colorably different from the one litigated here. Defendants attempt to prejudge the issue – without having given Diomed the opportunity to inspect or test the fibers – by seeking to take those fibers "out of this case" entirely. (D.I. 192 at 2). This suggestion, unsupported by any citation to authority, would be grossly unfair and would turn the discovery rules on their head.

As explained in Diomed's opening brief, defendants should be precluded from referencing the new products because they were untimely disclosed in violation of Fed. R. Civ. P. 26(e)(2). On the other hand, there is no authority for the proposition that relief obtained by Diomed in this case would not apply to those fibers if they infringe the '777 patent.

Defendants' request for such an order should be denied. Defendants' remaining request, that their consultant Dr. Proebstle be permitted to discuss the untimely-disclosed fibers at trial, should be denied for the reasons set forth in Diomed's original brief on this motion *in limine*, and its co-pending motion *in limine* regarding Dr. Proebstle's "supplemental rebuttal report."

## CONCLUSION

For the above reasons, and those set forth in Diomed's original motion *in limine*, the Court should preclude AngioDynamics and VSI from offering at trial (1) any laser fibers that the defendants failed to produce to Diomed by January 12, 2007 and (2) any evidence or argument regarding the alleged properties of such fibers. This relief should not prejudice Diomed's right to seek relief related to the sale of such fibers if they infringe the '777 patent.

Respectfully submitted,

DIOMED, INC.

By its attorneys,

Dated: March 5, 2007

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
John L. Strand (BBO #654985)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert