IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>Defendant. | Civil Action No. 04-10019 NMG |
| DIOMED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No. 04-10444 NMG<br>(CONSOLIDATED UNDER<br>04-10019 NMG) |

## DIOMED, INC.'S PROPOSED JURY INSTRUCTIONS

Diomed, Inc. ("Diomed") respectfully requests that the Court submit to the jury the Jury Instructions attached hereto as an exhibit. Diomed respectfully reserves the right to amend or supplement the attached Instructions.

Respectfully submitted,

DIOMED, INC.

By its attorneys,

Dated: February 26, 2007

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
John L. Strand (BBO #654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert

# DIOMED'S PROPOSED JURY INSTRUCTIONS

## TABLE OF CONTENTS

|   | Page No. |
|---|---|
| PROPOSED PRELIMINARY INSTRUCTIONS | 1 |
| I.   The Nature of the Action and the Parties | 1 |
| II.  Burdens of Proof | 2 |
| III. The Patent System, Generally | 3 |
|      A. The Parts of a Patent | 4 |
|      B. The Significance of Patent Claims | 5 |
| IV.  Issues To Be Decided | 6 |
|      A. Diomed's Contentions | 6 |
|         1. Direct Infringement | 6 |
|         2. Indirect Infringement | 7 |
|         3. Damages | 8 |
|         4. Willful Infringement | 9 |
|      B. AngioDynamics and VSI Contentions | 9 |
| V.   Trial Procedure | 10 |
| Appendix A to Preliminary Instructions – Glossary of Patent Terms | 11 |
| Appendix B to Preliminary Instructions – Glossary of Technical Terms | 12 |
| PROPOSED FINAL INSTRUCTIONS | 12 |
| PART I – GENERAL INSTRUCTIONS | 13 |
|      Note Taking | 17 |

| | |
|---|---|
| Credibility | 18 |
| Prior Inconsistent Statements | 19 |
| Expert Witness | 20 |
| Corporate Parties | 21 |
| Deposition Testimony | 21 |
| Burden of Proof | 21 |
| **PART II – SPECIFIC QUESTIONS IN VERDICT FORM** | **23** |
| General Overview | 23 |
| Patent | 23 |
| Summary of Patent Issues | 24 |
| Diomed's Infringement Claim | 26 |
| Claim Construction | 28 |
| Infringement | 39 |
| Literal Infringement | 30 |
| Doctrine of Equivalents | 33 |
| Indirect Infringement | 35 |
| Inducing Infringement | 35 |
| Contributory Infringement | 38 |
| Monetary Damages | 40 |
| Lost Profits-Defined | 43 |
| Reasonable Royalty as a Measure of Damages | 45 |
| Willful Patent Infringement | 47 |
| **PART III – PROCEDURES DURING DELIBERATIONS** | **51** |

method to determine whether or not there is infringement. It is the claims of the patent that are infringed when patent infringement occurs.

Diomed's patent has 21 claims in all, but you only need to worry about claim 9. Diomed contends that AngioDynamics and VSI infringe this claim. AngioDynamics and VSI contend that they do not.

The language of patent claims may not be clear to you, or the parties may dispute its meaning. A the end of the case, I will describe the meaning of some of the claim language. You must use the meanings I give you when you decide whether AngioDynamics and VSI infringe the '777 patent.

Source:    Adapted from ABA Model Instructions and Federal Circuit Bar Association
           Model Instructions.

IV.   **Issues to Be Decided**

I will now give you some information about the issues that will be presented to you at this trial and the law that you must follow in reaching your verdict. At the close of the trial, you will be given a verdict form and questions that you must answer in reaching your verdict. I will then give you more specific instructions to follow.

A.   **Diomed's Contentions**

I will first describe Diomed's contentions to you.

1.   **Direct Infringement**

Diomed contends that practitioners who buy VenaCure products from AngioDynamics or Vari-Lase products from VSI for the treatment of varicose veins infringe claim 9 of Diomed's patent as a result of following the directions that come with the products and/or the training that AngioDynamics and VSI provide. This is called direct infringement. Direct infringement does

6

not require any particular intent – a person can infringe a patent without even knowing that the patent exists.

Diomed seeks to prove direct infringement in one of two ways. The first is called "literal" infringement. To prove literal infringement, Diomed must prove that it is more probable than not that practitioners using AngioDynamics or VSI products perform each of the steps recited in one or more of the '777 patent claims.

The second way to prove direct infringement is by the "doctrine of equivalents." To prove infringement under the doctrine of equivalents, Diomed must prove that it is more probable than not that, for each claim limitation that does not literally occur when practitioners use the AngioDynamics or VSI products, the users perform an equivalent step. In order to be equivalent, the differences between Diomed's claim limitation and the practitioners' allegedly equivalent step must be insubstantial. I will explain this in more detail in my final instructions.

Source:   Adapted from ABA Model Instructions and Federal Circuit Bar Association Model Instructions, with additional material based on Dow Chem. Co. v. Mee Indus., Inc., 341 F.3d 1370, 1380 (Fed. Cir. 2003) ("[T]he motive of the accused infringer when performing a claimed method simply is not relevant.").

### 2.   Indirect Infringement

Diomed believes that AngioDynamics and VSI infringe claim 9 as well – by encouraging the purchasers of their products to infringe or otherwise contributing to their infringement. In fact, the individual users are not involved in this case at all. Instead, Diomed has focused on the companies that sell the products.

This is called indirect infringement, and there are two different types: contributory infringement and inducing infringement. In either case, Diomed must prove that people using AngioDynamics or VSI products directly infringe the '777 patent.

7

1294, 1305 (Fed. Cir. 2002) (overturning jury verdict: "The record indicates that Chemque was aware of the 3M patents and supplied the infringing products to T & B and other customers with instructions on how they were to be used, which, when followed, would lead to infringement."); Oxford Gene Tech Ltd. v. Mergen Ltd., 345 F. Supp. 2d 444, 463-66 (D. Del. 2004) ("It is clear that Mergen sold its microarry kit, encouraged its customers to follow the instruction manual describing the intended method of use, and that its customers did so use it, resulting in the direct infringement of claims 9 and 10....[I]f use of the component by the defendant's customers necessarily infringes the patent, actual proof of an instance of direct infringement is not required.").

Additional material also added to reflect the law regarding "unusual" uses. Hilgraeve Corp. v. Symantec Corp., 265 F.3d 1336, 1343 (Fed. Cir. 2001) (vacating summary judgment of non-infringement: "[T]he sale of a device may induce infringement of a method claim, even if the accused device is capable of non-infringing modes of operation in unusual circumstances."). See also Bell Commc'ns Research Inc. v. Vitalink Commc'ns Corp., 55 F.3d 615, 622-23 (Fed. Cir. 1995) ("[A]n accused product that sometimes, but not always, embodies a claimed method nonetheless infringes."); Philips Elecs. N. Am. Corp. v. Contec Corp., 411 F. Supp. 2d 470, 474-75 (D. Del. 2006) (granting summary judgment for patentee "[E]ven though Defendants' [products] sometimes, but not always embodies the claimed method, they infringe."), aff'd, 177 Fed. Appx. 981, 988 (Fed. Cir. 2006).

Additional material also added to distinguish direct infringement from indirect infringement and explain that the former is a strict liability tort. See Dow Chem. Co. v. Mee Indus., Inc., 341 F.3d 1370, 1380 (Fed. Cir. 2003) ("[T]he motive of the accused infringer when performing a claimed method simply is not relevant."); Symbol Techs., Inc. v. Metrologic Instruments, Inc., 771 F. Supp. 1390, 1404-06 & n.12 (D.N.J. 1991) (granting summary judgment of inducement because "[c]ase law makes clear that infringement of a patent does not require willful or deliberate attempt to infringe on part of infringer."). See also AIPLA Model Instructions § 3.1.

### Doctrine of Equivalents

Diomed also asserts that practitioners directly infringe the '777 patent under the doctrine of equivalents. The doctrine of equivalents prevents an accused infringer from avoiding infringement by changing only minor or insubstantial details of a claimed invention while retaining their essential functionality.

33

In order to prove infringement under the doctrine of equivalents, Diomed must prove, by a preponderance of the evidence, that practitioners using the accused AngioDynamics VenaCure or VSI Vari-Lase products do so in a way that embodies every essential step of the invention set forth in one or more of the claims of the patent.

Even if particular steps of the users' methods do not come within the literal words of a claim in the '777 patent, the practitioners still infringe the patent if the steps differ from the claim only because of elements that perform substantially the same function in substantially the same way to produce substantially the same results as the element of the invention set forth in the claims. In other words, if an equivalent for each step recited in a claim is found in the methods that practitioners perform using the AngioDynamics or VSI products, and if each equivalent performs substantially the same function in substantially the same way to produce substantially the same results as the step recited in the claim, then the claim is infringed. You may determine equivalency from the testimony you have heard, from the documents which have been introduced into evidence, and from the disclosures of the prior art.

In applying the test for the doctrine of equivalents, the claims cannot be construed in a manner inconsistent with any limitations which were added or arguments made during any part of the prosecution in the Patent Office to render the claims patentable. Keep in mind that the doctrine of equivalents may not be used to effectively eliminate an element from a patent claim. Because of this, some patent limitations may be written in such a way as to have no equivalents.

Source:    Adapted from <u>Brine</u> charge and <u>EMC</u> charge

### **Indirect Infringement**