UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC. | Civil Action No. 04-CV-10444 (NMG) |
| Plaintiff, | |
| v. | |
| VASCULAR SOLUTIONS, INC. | |
| Defendant. | |
| DIOMED, INC., | Civil Action No. 04-CV-10019 (NMG) |
| Plaintiff, | |
| v. | |
| ANGIODYNAMICS, INC., | |
| Defendant. | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

The Defendants AngioDynamics, Inc. ("AngioDynamics") and Vascular Solutions, Inc., ("VSI") hereby object to the following exhibits as set forth on Diomed Inc.'s ("Diomed") Trial Exhibit List for the following reasons:

| | |
|---|---|
| 001 | Hearsay. This is the expert report of Dr. Anderson. If offered by Diomed, it is hearsay. Dr. Anderson will be testifying in court. |
| 009 | Relevance. This is the CV of Dr. Andrews which is outdated and superceded by Exhibit 12. |
| 017 | Relevance/hearsay. |
| 018 | Relevance/hearsay. |
| 019 | Hearsay. Diomed's interrogatory responses are hearsay if offered by Diomed. |

ME1 6216464v.1

ME1 6219239v.1

| | |
|---|---|
| | Diomed can offer live witnesses on any facts set forth in the document. |
| 021 | Relevance. This is a draft IFU that was never published or used by AngioDynamics. It is not relevant to any question of infringement. |
| 024 | Relevance. This is an internal validity analysis of an application for a foreign counterpart to the U.S. application that led to the '777 patent. Validity is no longer an issue in the case. |
| 041 | Relevance/hearsay. |
| 045 | Improper compilation or composite. The exhibit includes multiple agreements between AngioDynamics and several different parties. |
| 069 | Relevance/hearsay. This is a compilation of abstracts from a meeting of the Society of Interventional Radiology. Almost none of the authors will testify and almost all of the material is irrelevant to the issues in this case. |
| 075 | Foundation. |
| 076 | Foundation/hearsay/relevance. These are patient records which contain hearsay and are not relevant to any issues in the case. |
| 077-078, 080-082, 084-085 | Hearsay. All of these articles and abstracts are hearsay. They were also all written by individuals who will not be testifying. All of them are also written in foreign languages and Diomed has not provided certified translations to the Defendants. |
| 087-090 | Relevance. These are draft IFUs that were never published or used by AngioDynamics. They are not relevant to any question of infringement. |
| 105 | Hearsay. This is the expert report of Dr. Fan. If offered by Diomed, it is hearsay. Dr. Fan will be testifying in court. |
| 109, 116-117 | Foundation/hearsay. The only witness who discussed these documents, Dr. Golan, has testified at deposition that they are not his. |
| 118 | Hearsay. This is the expert report of Philip Green. If offered by Diomed, it is hearsay. Mr. Green will be testifying in court. |
| 119 | Incomplete document. Part of Exhibit 121. |
| 120 | Foundation. |
| 128 | Foundation. These documents include calculations relating to Mr. Green's lost profits opinion. Defendants object to this evidence for the reasons set forth in their motion in limine on this subject. |
| 168 | Hearsay. This is a duplicate of Exhibit 118. |
| 169 | Relevance. This document relates to negotiations in early 2002 between Diomed and AngioDynamics regarding a potential sale of products from Diomed to AngioDynamics. The negotiations pre-dated the issuance of the '777 patent, did not result in an agreement and documents or other evidence related thereto is not relevant to any issue in this case. |
| 171 | Hearsay. |
| 181 | Foundation/relevance/hearsay. Mr. Jakubowski cannot lay a foundation for the document, and it contains statements by third parties. |
| 190 | Foundation/hearsay. This e-mail includes hearsay of a non-testifying third party. |
| 209 | Foundation/hearsay/relevance. This presentation was prepared by an individual not affiliated with either Defendant and relates to a laser wave length-1320 nm - not employed by either Defendant. |

ME1 6216464v.1

ME1 6219239v.1

| 210 | Hearsay. |
|---|---|
| 215-227 | Relevance. All of these documents relate to AngioDynamics' 510(k) filings. For the reasons set forth in the Defendants' motion in limine on this subject, such evidence is irrelevant. |
| 229 | Relevance. This is a duplicate of Exhibit 021. |
| 230 | Hearsay/relevance/foundation. This is a list of article abstracts written by non-testifying witnesses. No foundation is established. |
| 231 | Foundation/hearsay/relevance. This is a duplicate of Exhibit 209. |
| 236 | Foundation/hearsay/relevance. This is a compilation of abstracts written by numerous authors, none of whom will testify in this case, on numerous topics. |
| 238 | Relevance. |
| 240 | Relevance/hearsay. This is a list of conference presentations, by presenters not testifying in this case. |
| 241 | Hearsay. This is duplicate of Exhibit 210. |
| 242 | Relevance. This document is nothing more than a file cover. |
| 263. | Hearsay. |
| 264 | Hearsay. |
| 285 | Hearsay. |
| 288 | Relevance/hearsay. |
| 294 | P. 6719, paragraphs 2-3: relevance. Paragraphs discuss unrelated and now resolved trade secrets/trademark litigation. |
| 300 | Foundation/hearsay. Document contains reports of statements by third parties, and no testifying witness can lay foundation. |
| 301 | Foundation/hearsay. Document contains reports of statements by third parties, and no testifying witness can lay foundation. |
| 309 | Relevance. This is a drawing of a device related to the since resolved invalidity issues. |
| 310 | Hearsay/relevance. This is a letter from a third party and relates solely to 510(k) filings. |
| 311 | Hearsay/relevance. This is a letter from a third party and relates solely to a FOIA request that is irrelevant to any issue in this case. |
| 312 | Improper compilation. Page 1 does not go with the remainder of the document. |
| 314 | Hearsay/relevance. |
| 315 | Hearsay/relevance. |
| 317 | Hearsay/foundation. This presentation summarizes Dr. Navarro's experiments. Dr. Navarro can testify to his experiments and opinions. It also contains materials from articles written by others. This material is hearsay and Dr. Navarro does not have an appropriate foundation to testify regarding the work done by others. |
| 319 | Hearsay. This is a summary of Dr. Navarro's experiments. He can testify to his experiments and opinions. |
| 322 | P. 3: relevance. The Defendants object to the notes relating to Dr. Navarro's degradation and side-firing experiments for the reasons set forth in their motion in limine on this subject. |
| 325 | PP. 619-620, 622-32: relevance. The Defendants object to the notes relating to Dr. |

| | |
|---|---|
| | Navarro's degradation and side-firing experiments for the reasons set forth in their motion in limine on this subject. |
| 326 | Relevance/foundation. A proper foundation needs to be laid as to the entire document. In addition, all references to LFT degradation and side-firing should be excluded for the reasons set forth in Defendants' motion in limine on this subject. |
| 329 | Hearsay/foundation. This presentation summarizes Dr. Navarro's experiments. Dr. Navarro can testify to his experiments and opinions. It also contains materials from articles written by others. This material is hearsay and Dr. Navarro does not have an appropriate foundation to testify regarding the work done by others. |
| 333, 338, 344 | Relevance. These documents relate to 510(k) filings and are irrelevant for the reasons set forth in Defendants' motion in limine on this subject. In addition, Exhibit 344 is an incomplete document. |
| 345 | Relevance/hearsay/foundation. This is a printout from a website that no witness recognizes, relating to a third party. |
| 353 | Foundation/hearsay. |
| 365 | Relevance. |
| 367 | Relevance. |
| 368-370 | Relevance. This document relates to negotiations in early 2002 between Diomed and AngioDynamics regarding a potential sale of products from Diomed to AngioDynamics. The negotiations pre-dated the issuance of the '777 patent, did not result in an agreement and documents or other evidence related thereto is not relevant to any issue in this case. |
| 374 | Relevance. Defendants object to the last two lines because they relate solely to the 510(k) issue. |
| 376 | Relevance. This document relates to negotiations in early 2002 between Diomed and AngioDynamics regarding a potential sale of products from Diomed to AngioDynamics. The negotiations pre-dated the issuance of the '777 patent, did not result in an agreement and documents or other evidence related thereto is not relevant to any issue in this case. |
| 388 | Relevance. |
| 389 | Relevance. |
| 394 | Hearsay/relevance. |
| 398 | Hearsay/relevance. |
| 401 | Relevance. This document is a drawing of a device unrelated to this litigation. |
| 402 | Improper composite. Document includes two documents as one. |
| 412 | Relevance; more prejudicial than probative. These responses are from an unrelated litigation in which Diomed is a co-Defendant with VSI. |
| 418-419 | Relevance. These documents relate to VSI's 510(k) filings. For the reasons set forth in the Defendants' motion in limine on this subject, such evidence is irrelevant. |
| 421 | Hearsay. This is a duplicate of Exhibit 317. |
| 422 | Relevance. For the reasons set forth in their motion in limine, the Defendants object to any materials relating to Dr. Navarro's side-firing or LFT degradation theories. |
| 422 C-H | Relevance. These images relate to Dr. Navarro's side-firing and LFT degradation theories. They are irrelevant for the reasons set forth in Defendants' motion in limine |

| | |
|---|---|
| | on the subject. |
| 425 | Hearsay. This is another duplicate of Exhibit 210. |
| 429 | Relevance. This press release discusses an unrelated litigation. |
| 437 | Relevance/foundation/hearsay. This article, written by authors unaffiliated with either Defendant discusses a laser wavelength - 1320nm - not employed by either Defendant. |
| 442 | Relevance. More prejudicial than probative. This is the agreement between AngioDynamics and its supplier of lasers. It is not relevant to any issue in the case. In addition, it could prejudice the jury by suggesting that AngioDynamics will be indemnified by a third party for any damages awarded. |
| 444 | Relevance. This document relates to negotiations in early 2002 between Diomed and AngioDynamics regarding a potential sale of products from Diomed to AngioDynamics. The negotiations pre-dated the issuance of the '777 patent, did not result in an agreement and documents or other evidence related thereto is not relevant to any issue in this case. |
| 447 | Hearsay/relevance. This is the supplemental expert report of Philip Green. If offered by Diomed, it is hearsay. Mr. Green will testify in court to his opinions. In addition, Mr. Green's opinions as to lost profits should be excluded for the reasons set forth in Defendants' motion in line on the subject. |
| 448 | Hearsay. This is another duplicate of Exhibit 118. |
| 459 | Hearsay/relevance. This is Dr. Navarro's expert report. If offered by Diomed, it is hearsay. Dr. Navarro will testify in court to his opinions. In addition, any opinions regarding Dr. Navarro's side-firing theory or articles, abstracts or histologies of other authors should be excluded for the reasons set forth in Defendants' motion in limine on those subjects. |
| 465 | Hearsay/relevance. This article on liposuction is by an author who will not be testifying and is irrelevant to any issue in this case. |
| 466 | Hearsay/relevance. This article on reticular veins is by an author who will not be testifying and is irrelevant to any issue in this case. |
| 467 | Hearsay. |
| 470 | Foundation/hearsay. |
| 482 | Foundation/relevance/hearsay. This video relates to products offered by another company. Dr. Weiss is not affiliated with either Defendant. |
| 486-490 | Foundation/relevance/hearsay/never produced. Defendants believe that these videos relate to products offered by another company. Dr. Weiss is not affiliated with either Defendant. These videos have also never been produced to the Defendants. |
| 494 | Foundation. Incomplete document. |
| 496 | Foundation/relevance. The document appears to be incomplete or a draft as it does not have the figures referred to in the article. |
| 502 | Relevance. |
| 504 | Hearsay. |
| 511 | Foundation. This presentation summarizes Dr. Navarro's experiments. Dr. Navarro can testify to his experiments and opinions. It also contains materials from articles written by others. This material is hearsay and Dr. Navarro does not have an |

| | |
|---|---|
| | appropriate foundation to testify regarding the work done by others. |
| 512 | Hearsay. |
| 513 | Hearsay. |
| 514 | Hearsay. |
| 517 | Relevance. This document relates to negotiations in early 2002 between Diomed and AngioDynamics regarding a potential sale of products from Diomed to AngioDynamics. The negotiations pre-dated the issuance of the '777 patent, did not result in an agreement and documents or other evidence related thereto is not relevant to any issue in this case. |
| 518 | Relevance. |
| 526 | Hearsay/foundation. |
| 529 | Relevance. |
| 532 | Foundation/relevance/more prejudicial than probative. This document projects the legal fees for AngioDynamics' supplier. It is not relevant to any issue in the case and could unduly prejudice AngioDynamics by suggesting to the jury that there is another party that may indemnify AngioDynamics for any damages awarded. |
| 539-540 | Relevance/foundation/not properly disclosed. Defendants believe that these are videos of procedures performed by Dr. Navarro purporting to follow AngioDynamics' and VSI's IFUs. Dr. Navarro's expert report does not discuss or rely on these videos in support of his opinions. Thus, he may not rely on them at trial. In addition, no other witness for Diomed has the foundation to testify as to these procedures. |
| 542 | Hearsay. |

ME1 6216464v.1

ME1 6219239v.1

| 543 | Foundation/relevance/not properly disclosed. Defendants believe that this video shows a saphenous vein recently excised by Dr. Navarro. To the extent it is offered by Dr. Navarro in support of his expert opinions it is inadmissible because it was not disclosed with his report. Further, the appearance of an untreated excised vein is irrelevant to any issue in this case because it does not accurately represent how a living vein acts in the body. Finally, the Defendants have been given no opportunity to inquire as to the particulars of the vein or its removal from the body and therefore believe a proper foundation must be laid. |
| --- | --- |
| 546 | Relevance. Defendants object to any segments of the video that were not disclosed in Dr. Navarro's expert report or that relate to his side-firing or degradation theories. |

Dated: March 5, 2007

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail.**

**/s/ William H. Bright, Jr.**

THE DEFENDANT,
ANGIODYNAMICS, INC.


By /s/ William H. Bright, Jr.
   William H. Bright, Jr.
   *wbright@mccarter.com*
   Mark D. Giarratana
   *mgiarratana@mccarter.com*
   McCARTER & ENGLISH, LLP
   CityPlace I
   Hartford, CT 06103
   Phone: (860) 275-6700


THE DEFENDANT,
VASCULAR SOLUTIONS, INC.


By /s/ Thomas Vitt
   Thomas Vitt
   *Vitt.Thomas@Dorsey.com*
   Heather Redmond
   *Redmond.Heather@Dorsey.com*
   DORSEY & WHITNEY LLP
   50 South Sixth Street
   Minneapolis, MN 55402-1498
   Phone: (612) 340-5675