IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>    Defendant. | Civil Action No. 1:04-CV-10019 (RGS) |
| ANGIODYNAMICS, INC.,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>ENDOLASER ASSOCIATES, LLC,<br><br>    Counterclaim Defendant. | |

## DIOMED'S FIRST SET OF INTERROGATORIES TO ANGIODYNAMICS

Pursuant to Fed. R. Civ. P. 33, Plaintiff, Diomed, Inc. ("Plaintiff" or "Diomed"), hereby requests that Defendant, AngioDynamics, Inc. ("Defendant" or "AngioDynamics") answer under oath the following Interrogatories within thirty (30) days from the date of service hereof.

## INSTRUCTIONS AND DEFINITIONS

1.    The Uniform Definitions in Discovery Requests in D. Mass. Local Rule 26.5 are hereby incorporated by reference. Particular attention is drawn to the definitions of "identify," "concerning," and "state the basis."

2.    As used herein, the terms "AngioDynamics," "you," "yours," and related terms shall have the same meaning as the term "Defendant" under D. Mass. Local Rule 26.5(C)(5).

3.    "The '777 patent" means United States Patent No. 6,398,777.

4.  "Prior art" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102, 103.

5.  "Laser Vein Treatment" means any treatment of a vein using any product or process that includes a laser-emitting or laser-transmitting device.

6.  "AngioDynamics Product" means any product (including, without limitation, lasers and disposable items) designed, intended or used for Laser Vein Treatment that you made, had made, used, imported, offered for sale, or sold in the United States since June 4, 2002, regardless of whether the product is designed or manufactured by AngioDynamics or by a third party.

7.  If AngioDynamics objects to fully identifying a document or communication because of an asserted privilege or protection, the document or communication must still be described in sufficient detail for Diomed to assess the applicability of the asserted privilege or protection, as set forth in Fed. R. Civ. P. 26(b)(5). Accordingly, without limitation, the date, type, author (or speaker), recipient and general subject matter of any such document or communication must be identified.

## INTERROGATORIES

1.  State when and how you first became aware of the '777 patent, including the individual(s) who first gained such knowledge, and what steps you took, if any, to determine whether you had infringed, were infringing, or would later infringe the '777 patent.

2.  Identify by name and model number each AngioDynamics Product (as defined hereinabove), state the date on which you first made, had made, used, imported, offered for sale, or sold in the United States each of the AngioDynamics Products, describe in full the development and/or commercialization of each of the AngioDynamics Products, and identify all

documents concerning the AngioDynamics Products, including, without limitation, all opinions of counsel related thereto.

3. For each AngioDynamics Product, for each month since the first sale of such AngioDynamics Product, state the monthly unit and dollar gross sales, the cost of production (per unit and in gross), the profit margin per unit, the net income chargeable to sales, and the total profit chargeable to sales.

4. Identify all manufacturer(s) or other source(s) from whom you have purchased the AngioDynamics Products since your first sales thereof, and identify all documents concerning such entities.

5. Identify all persons and entities to whom you sell, have sold or have offered for sale, any AngioDynamics Products since you first sales thereof (collectively, your "customers"), and identify all documents concerning those customers.

6. Identify any and all products or methods that compete with, or constitute alternatives to, the products and methods claimed in the '777 patent.

7. Identify all individuals who participate, or have participated, in the following activities with respect to the AngioDynamics Products: research, design, development, engineering, testing, manufacture, quality control, regulatory approval, marketing, distribution, importation, purchase, sales, and sourcing.

8. Identify all persons, including physicians, who act or have acted as spokespeople for, or who consult or have consulted with, AngioDynamics concerning the AngioDynamics Products and/or Laser Vein Treatment.

9. Describe in detail the relationship between AngioDynamics and Biolitec, Inc. and any other member of the Biolitec Group ("Biolitec"), and identify all documents concerning Biolitec.

10. Identify all documents and correspondence concerning Diomed, its products, the '777 patent, and any aspect of Laser Vein Treatment, including but not limited to all documents concerning a possible business transaction concerning the '777 patent.

11. Identify all studies, analyses or other evaluations of the '777 patent, and any other patent(s) concerning Laser Vein Treatment, and set forth in detail whether, and if so how, any such documents support or otherwise relate to your defense against the charges of infringement, and/or willful infringement, of the '777 patent.

12. State the basis for AngioDynamics' First Affirmative Defense, Second Affirmative Defense, and Second Counterclaim, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon, including a claim chart setting forth the limitations of each claim of the '777 patent, your proposed construction of each such limitation, and the Prior Art that you believe invalidates each claim.

13. State the basis for AngioDynamics' Third Affirmative Defense, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

14. State the basis for AngioDynamics' Fourth Affirmative Defense, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

15. State the basis for AngioDynamics' Fifth Affirmative Defense, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

16. State the basis for AngioDynamics' Sixth Affirmative Defense, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

17. State the basis for AngioDynamics' Seventh Affirmative Defense and First Counterclaim, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon, including a claim chart setting forth the limitations of each claim of the '777 patent, your proposed construction of each such limitation, and an explanation of why you contend that AngioDynamics has not infringed, contributed to infringement of, or induced infringement of, each claim (both literally and under the doctrine of equivalents).

18. Explain in detail the manner in which you contend that your Laser Vein Treatment achieves the goal of treating superficial vein reflux, and provide the medical and scientific basis for your explanation.

19. Describe in detail the procedure you recommend or instruct for use of the AngioDynamics products in treating superficial vein reflux. If your recommended procedure has changed over time, please describe each such procedure and set forth the time period(s) during which you recommended or instructed that such procedure be used.

20. State whether the tip of the laser fiber is in contact with the vein wall when used in your Endovascular Laser Venous System (ELVS) treatment procedure, and state the basis, including all medical and/or scientific support, for your position on this issue.

21. Identify all documents and things, including all Prior Art, that support your argument that one or more claims of the '777 patent is invalid.

22. Identify all Diomed products ever in your possession, custody, or control, state the date on which each such Diomed product was acquired, and identify all persons having knowledge of AngioDynamics' decision to acquire each such Diomed product.

23. Identify all advertising and marketing materials you use or have used in connection with the AngioDynamics Products.

24. Identify, by date and location, all training programs you have provided with respect to Laser Vein Treatment, identify all individuals involved in and/or attending such programs, and identify all documents concerning such programs.

25. Identify every person who has, claims to have, or who you believe may have, knowledge or information concerning the subject matter of this case, and state the substance of the knowledge or information that you believe such person(s) have or may have.

26. Identify each person whom you may use as an expert witness at trial, and state in detail the opinion(s) to be provided by such person(s).

27. Identify each person consulted in connection with the preparation of responses to the foregoing interrogatories, and/or consulted in connection with this lawsuit in any way, and identify the subject matter discussed with each such person.

DIOMED, INC.,

By its attorneys,

Dated: May 5, 2004

Michael A. Albert (BBO #558566)
James J. Foster (BBO #553285)
Michael N. Rader (BBO #646990)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 720-3500

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document (Diomed's First Set of Interrogatories to AngioDynamics) was served by hand, on May 5, 2004, upon the following counsel for AngioDynamics:

Rodney S. Dowell
BERMAN & DOWELL
210 Commercial Street, 5th Floor
Boston, MA 02109

A courtesy copy was also sent by mail to Mark Giarratana, Esq., McCarter & English, City Place I, 185 Asylum Street, Hartford, CT 06103.