# BURNS & LEVINSON LLP

125 SUMMER STREET  BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

March 6, 2007

*Via Hand Delivery*

The Honorable Judge Nathaniel M. Gorton
United Stated Federal District Court Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 2300
Boston, MA 02210

    RE:   *Diomed, Inc. v. Angiodynamics, Inc.*, CA No. 04-10019; *Diomed, Inc. vs. Vascular Solutions, Inc.*, CA No. 04-10444 (consolidated under 04-10019).

Dear Honorable Judge Gorton:

    I write on behalf of interested party Total Vein Solutions, LLC ("TVS") with regard to the competing proposed jury verdict forms submitted by plaintiff Diomed and defendants Angiodynamics and Vascular Solutions in the above consolidated cases set for trial next week. TVS is a party to a similar patent infringement case pending before this Court, *Diomed, Inc. v. Total Vein Solutions, LLC*, CA No. 04-10686.

    TVS respectfully suggests that the special verdict form submitted by the defendants better serves the Court because it is likely to greatly conserve judicial time and resources by potentially eliminating the need to re-litigate common fact issues in the Total Vein Solutions case.

    The defendants' special verdict form appropriately requires the jury to make specific findings concerning a number of key fact issues, including:

1. Whether physicians using Vascular Solutions' products and following its instructions necessarily perform the requisite acts to *directly* infringe the Diomed patent.

2. Whether physicians using Angiodynamics's products and following its instructions necessarily perform the requisite acts to *directly* infringe the Diomed patent.

*See* Proposed Special Verdict Form of Defs.' Angiodynamics, Inc. and Vascular Solutions, Inc., Dkt. No. 193, Ex. A, at ¶¶ 1-3 (Vascular Solutions) & 9-11 (Angiodynamics).

March 6, 2007
Page 2

**BURNS & LEVINSON LLP**

These two underlying factual disputes must also be decided in the Total Vein Solutions case.

Diomed charges TVS with contributory infringement for selling procedure packs. Procedure packs include a number of common sterile components, including, for example, drapes, towels, sponges, ancillary products, needles and syringes, access devices, etc. To demonstrate contributory infringement, Diomed must prove that the TVS procedure packs have no substantial noninfringing uses. *E.g., Dynacore Holding Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004) (holding that accused infringer cannot be liable for indirect infringement for products capable of substantial noninfringing uses). TVS contends that physicians who use the laser devices and follow the instructions provided by Angiodynamics and Vascular Solutions—but substitute the procedure packs of TVS—do not *directly* infringe the Diomed patent.

Thus, if the jury answers "no" to any of the defendants' special interrogatories relating to direct infringement, there would be shown to exist substantial noninfringing uses for the accused TVS procedure packs. Such a jury finding in the Angiodynamics/Vascular Solutions case would bind Diomed, so there would be no need for TVS and Diomed to re-litigate these underlying fact issues in the TVS case. *See Grella v. Salem Five Cent Savings Bank*, 42 F.3d 28, 30 (1st Cir. 1994) (reciting elements relevant to defense of issue preclusion or collateral estoppel).

Special verdict forms in patent cases are also favored for other reasons. *E.g., Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, n.8 (1997) ("[A] special verdict and/or interrogatories on each claim element could be very useful in facilitating review, uniformity, and possibly post verdict judgments as a matter of law."); *Richard-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1485 (Fed. Cir. 1997) ("The special verdict compels detailed consideration. But above all it enables the public, the parties and the court to see what the jury has really done.").

For these reasons, interested party TVS respectfully requests that the Court adopt the special verdict form proposed by the defendants and reject the more general verdict form proposed by plaintiff. In the event that the Court deems it helpful, TVS would welcome an opportunity to provide additional written or oral argument.

Very truly yours,

MERTON E. THOMPSON
COUNSEL FOR INTERESTED PARTY
TOTAL VEIN SOLUTIONS, LLC

MET/dd
Enclosure

551214-1

MASSACHUSETTS ::: RHODE ISLAND ::: DISTRICT OF COLUMBIA

March 6, 2007
Page 3

**BURNS & LEVINSON LLP**

cc:  *Each via facsimile*

    Michael A. Albert
    Michael N. Rader
    John L. Strand
    WOLF, GREENFIELD & SACKS, P.C.
    600 Atlantic Avenue
    Boston, MA 02210
    (617) 720-2441 (fax)
    COUNSEL FOR DIOMED, INC.

    William H. Bright, Jr.
    Mark D. Giarratana
    MCCARTHER & ENGLISH, LLP
    City Place I
    185 Asylum Street
    Hartford, CT 06103
    (860) 724-3397 (fax)
    COUNSEL FOR ANGIODYNAMICS, INC.

    Thomas Vitt
    Heather Redmond
    DORSEY & WHITNEY LLP
    Suite 1500
    50 South Sixth Street
    Minneapolis, MN 55402-1498
    (612) 340-8856 (fax)
    COUNSEL FOR VASCULAR SOLUTIONS, INC.

    Audrey A. Millemann
    Dale C. Campbell
    David Himelfarb
    WEINTRAUB, GENSHLEA, CHEDIAK & SPROUL
    400 Capitol Mall
    11th Floor
    Sacramento, CA 95814
    (916) 446-1611 (fax)
    COUNSEL FOR NEW STAR LASERS, INC., DBA COOLTOUCH, INC.

March 6, 2007
Page 4

**BURNS & LEVINSON LLP**

bcc: Todd Patterson, Esq.
Henry Pogorzelski, Esq.
Chantal Rappi, Esq.

David Centanni
Total Vein Solutions, L.L.C.
901 Yale Street
Houston, Texas 77008