United States District Court
District of Massachusetts

```
_____
                               )
DIOMED, INC.,                  )
                               )
        Plaintiff,             )
                               )   Civil Action No.
        v.                     )   04-10019-NMG
                               )
ANGIODYNAMICS, INC.,           )
                               )
        Defendant.             )
_____)   CONSOLIDATED
                               )
DIOMED, INC.,                  )
                               )
        Plaintiff,             )   Civil Action No.
                               )   04-10444-NMG
        v.                     )
                               )
VASCULAR SOLUTIONS, INC.,      )
                               )
        Defendant.             )
_____)
```

ORDER

**GORTON, J.**

Pending before the Court are four motions in limine filed jointly by the defendants. The motions are resolved as follows:

> **A.  Defendants' Joint Motion in Limine to Exclude Evidence of Articles and Abstracts Relied on by Dr. Luis Navarro (Docket No. 151)**
>
> **1.  Photographs**

To the extent Dr. Navarro intends to display photographs for reference as "chalks" and to testify about them during his

testimony, he will be permitted to do so and the motion is **DENIED**.  Such photographs will not, however, be admitted into evidence or submitted to the jury unless the plaintiff lays an alternative, adequate foundation for their admissibility.

Unlike the photographs themselves, textual captions are assertions and constitute hearsay.  Captions and other text will not, therefore, be referred to or admitted into evidence.

### 2. Testimony Related to Other Articles

The defendants also move to exclude articles authored by other scientists in the field who have, evidently, performed experiments similar to Dr. Navarro's and achieved similar results.  The plaintiff will not be permitted to introduce into evidence such articles and, to that extent, the defendants' motion is **ALLOWED**.

The defendants also seek to preclude Dr. Navarro from testifying about such articles.  While, if a proper foundation is laid, Dr. Navarro will be permitted to render his opinion and explain the basis for his conclusions, he will not be permitted to vouch for the scientific accuracy of experiments performed by individuals who will not be witnesses at the trial.  The Court will reserve until trial its ruling on other questions put to Dr. Navarro on this subject.

The plaintiff contends that at least two of the articles in question were written by the defendants' own expert, Dr. Thomas

Proebstle, and, therefore, constitute adoptive admissions by the defendants. The plaintiff's experts may testify regarding any relevant publication written by a witness who is expected to testify for the defendants and, of course, may cross-examine that witness about his or her own writings.

**B.  Defendants' Joint Motion in Limine to Preclude Statements Made by the Defendants to the Food and Drug Administration (Docket No. 157)**

Because the subject 510(K) pre-market notifications are deemed irrelevant to the issue of patent infringement and/or would be highly misleading to the jury, the motion is **ALLOWED.**

**C.  Defendants' Joint Motion in Limine to Preclude Plaintiff's Testimony on its Side Firing Theory of Patent Infringement (Docket No. 162)**

Because the issue involves a question of fact for the jury, the motion is **DENIED.**

**D.  Defendants' Joint Motion in Limine to Exclude Plaintiff's Expert Testimony on Lost Profits (Docket No. 180)**

Because 1) no Daubert issue is perceived by the Court and 2) the Court will allow the purported expert's theories to be subjected to vigorous cross-examination, the motion is **DENIED.**

**So ordered.**

/s/Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: March 9, 2007