UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 04-10444 NMG<br>)<br>)<br>)<br>)<br>) |
| DIOMED, INC.<br><br>　　Plaintiff,<br><br><br><br>ANGIODYNAMICS, INC.<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 04-10019-NMG<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' ADDITIONAL PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51(a)(1), AngioDynamics, Inc. ("AngioDynamics") and Vascular Solutions, Inc. ("VSI") (collectively "Defendants") respectfully request that the Court give the following additional instructions to the jury at the close of the evidence and the completion of the summations.

Where a revision has been made to an instruction already requested by defendants, the original instruction has been reproduced with revised or additional material included in bold.

Pursuant to Rule 51(a)(2)(A), Defendants reserve the right to file additional proposed instructions with respect to issues that could not reasonably have been anticipated at an earlier time, and to conform to the evidence adduced at trial. Defendants also reserve the right to request the Court's permission to file additional requests pursuant to Rule 51(a)(2)(B). Finally, pursuant to Rule 51(b), Defendants request an opportunity to object to the Court's proposed instructions prior to summations.

### Instruction No. 4:  Direct Infringement

As I explained at the beginning of the case, Diomed accuses AngioDynamics and VSI of two types of infringement: (1) inducement of infringement, and (2) contributory infringement.  To prove these claims, Diomed first has the burden of proving by a preponderance of the evidence that customers of the defendants perform the specific method of the '777 Patent.  This is called direct infringement.

Diomed also has the burden of proving by a preponderance of the evidence that defendants induced or contributed to acts of direct infringement by their customers.  I will instruct you later concerning the issues of inducement of infringement and contributory infringement.  I will instruct you now concerning the issue of direct infringement.  **The questions on the special verdict form that relate to direct infringement are questions 1-3 and 9-11.**

Under the law, it is my obligation to construe the claims of the '777 Patent and to instruct you regarding what must be proven to prove that defendants' customers have performed the specific method claimed in Diomed's '777 Patent.  I have construed the claims of the '777 Patent, and you are required to follow my instructions concerning what must be proven to prove direct infringement.

In addition, as you have heard, Diomed has not offered any direct evidence of what physicians using AngioDynamics' and VSI's products actually do during endovenous laser procedures.  Instead, Diomed has offered circumstantial evidence to try to prove that any physician performing endovenous laser therapy and following AngioDynamics' or VSI's instructions is necessarily performing the method of Diomed's '777 Patent.  As you have

also heard, AngioDynamics and VSI have offered evidence disputing Diomed's evidence on that point. It will be up to you to determine which side is correct, and whether Diomed has proven its claim of direct infringement.

To prove direct infringement, Diomed must prove by a preponderance of the evidence that all three of the following statements are true:

        1) That physicians using defendants' products and following defendants' instructions necessarily and deliberately put the uncoated tip of the laser fiber into physical contact with the wall of the blood vessel;

        2) That physicians using defendants' products and following defendants' instructions necessarily maintain the deliberately placed uncoated tip of the laser fiber in physical contact with the wall of the blood vessel while laser energy is being emitted; and

        3) That physicians using defendants' products and following defendants' instructions necessarily cause a decrease in the diameter of the blood vessel solely by means of deliberate, maintained contact between the uncoated tip of the laser fiber and the wall of the blood vessel.

The "uncoated tip" of the laser fiber is the top or very end of the laser fiber. It has also been referred to during this trial as the flat face of the fiber or the fiber's tip-interior surface. The "uncoated tip" does not include the sidewalls or lateral surface of the laser fiber.

You will see that these three issues are the first three questions on the special verdict form for each defendant.

4

Let me remind you that Claim 9 of the '777 patent is a method claim. In order to establish direct infringement, Diomed must prove that physicians using defendants' products and following defendants' instructions necessarily practice the method I've described above. Evidence that AngioDynamics' VenaCure procedure kit or VSI's Vari-Lase procedure kit are similar to or even copy Diomed's EVLT procedure kit is not proof of direct infringement of the method claim.

**Authority:** ABA Model Jury Instructions: Patent Litigation (2005), 6.1. (modified), 7.12 (modified), 7.1 and 7.3 (modified); 35 U.S.C. §§ 271-281 (1984 & Supp. 2001); April 12, 2005 Order on Claim Construction.

<u>Bonito Boats, Inc. v. Thunder Craft Boats, Inc.</u>, 489 U.S. 141, 146 (1989) ("imitation and refinement through imitation are both necessary to invention itself and the very lifeblood of a competitive society"); <u>Sears, Roebuck & Co. v. Stiffel Co.</u>, 376 U.S. 225, 231, <u>reh'g denied</u>, 376 U.S. 973 (1964).

## Instruction No. 5:  Inducement of Infringement

If you determine that Diomed has proven direct infringement, you should consider the issue of inducement of infringement.  **Questions 4 and 12 on the special verdict form relate to inducement of infringement.**

To prove inducement of infringement, Diomed has to prove by a preponderance of the evidence that AngioDynamics or VSI specifically intended to encourage physicians using their products to directly infringe the '777 Patent.  It is not enough for Diomed to prove that AngioDynamics or VSI had knowledge of their customers' activities that are alleged to infringe the '777 Patent.

**Authority**: <u>DSU Medical Corporation v. JMS Co., Ltd.</u>, 2006 WL 3615056 (Fed. Cir. Dec. 13, 2006)(*en banc*).

### Instruction No. 6: Contributory Infringement

**Questions 5-6 and 13-14 on the special verdict form concern allegations of contributory infringement.**

Contributory infringement can occur when a company provides a product for use in practicing a patented method. In order for there to be contributory infringement, the person who received the product must directly infringe the patent. In addition, the product must be a material part of the claimed invention. Second, the product must be especially made or adapted for use in a manner that infringes the patent, and the company must know that the product was especially made for that use. Third, the product must not have a substantial use that does not infringe the patent. Here, AngioDynamics and VSI claim that a substantial noninfringing use exists because physicians can use their kits without deliberate and maintained contact between the uncoated tip of the laser fiber and the vein wall. Diomed asserts that AngioDynamics and VSI, through selling their products, are contributing to the infringement of the '777 patent. To prevail on contributory infringement, Diomed then must prove by a preponderance of the evidence that all three of the following statements are true:

(1)   AngioDynamics' or VSI's customers directly infringed the '777 Patent;

(2)   AngioDynamics or VSI knew that their products were especially adapted for use in a manner that infringed the '777 Patent; and

(3)   AngioDynamics' or VSI's products have no substantial non-infringing use, meaning that the products cannot be used without deliberately putting the uncoated tip of the

7

laser fiber into contact with the wall of the blood vessel, and maintaining contact of the deliberately placed uncoated tip with the vessel wall during the emission of laser energy.

**Authority**: ABA Model Jury Instructions: Patent Litigation (2005), 7.12.2 (modified); 35 U.S.C. §§271(c)(Supp. 2001); DSU Medical Corp., v. JMS Co., 2006 WL 3615056 at **5-7 (Fed. Cir. Dec. 13, 2006); Dynacore Holdings Corp. v. U.S. Phillips Corp., 363 F.3d 1263, 1274 (Fed. Cir. 2004); Joy Techs., v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Cir. 1993); Metabolite Laboratories, Inc. v. Laboratory Corp. of American Holdings, 370 F.3d 1354, 1365 (Fed. Cir. 2004);  Warner-Lambert Co. v. Apotex Corp., 316 F.3d 1348, 1363 (Fed. Cir. 2003); Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1033 (Fed. Cir. 2002); Manville Sales Corp. v. Paramount Systems, Inc., 917 F.2d 544, 553 (Fed. Cir. 1990); Water Techs. Corp. v. Calco, Ltd., 850 F.2d 660, 668 (Fed. Cir. 1988); Trustees of Columbia Univ. v. Roche Diagnostics, 272 F. Supp. 2d 90, 115 (D. Mass 2002).

## Instruction No. 12: Total Damages

After making your findings concerning lost profits damages, price erosion damages, and reasonable royalty damages, you should arrive at a total damages amount to Diomed for each defendant. Note that Diomed may not be awarded both lost profits **(whether lost profits due to lost sales or lost profits due to price erosion)** and reasonable royalties for the same sales.

**Authority:** ABA Model Jury Instructions: Patent Litigation (2005), 11.10 (modified).

Respectfully submitted,

Dated: March 16, 2007

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail.**

**/s/ William H. Bright, Jr.**

THE DEFENDANT,
ANGIODYNAMICS, INC.


By  /s/ William H. Bright, Jr.
    William H. Bright, Jr.
    *wbright@mccarter.com*
    Mark D. Giarratana
    *mgiarratana@mccarter.com*
    McCARTER & ENGLISH, LLP
    CityPlace I
    Hartford, CT  06103
    Phone:  (860) 275-6700


THE DEFENDANT,
VASCULAR SOLUTIONS, INC.


By  /s/  Thomas Vitt
    Thomas Vitt
    *Vitt.Thomas@Dorsey.com*
    Heather Redmond
    *Redmond.Heather@Dorsey.com*
    DORSEY & WHITNEY LLP
    50 South Sixth Street
    Minneapolis, MN 55402-1498
    Phone:  (612) 340-5675