UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., | Civil Action No. 04-CV-10019 (NMG) |
| Plaintiff, | |
| v. | |
| ANGIODYNAMICS, INC., | |
| Defendant. | |

| | |
|---|---|
| DIOMED, INC. | Civil Action No. 04-CV-10444 (NMG) |
| Plaintiff, | |
| v. | |
| VASCULAR SOLUTIONS, INC. | |
| Defendant. | |

**DEFENDANTS' JOINT MOTION FOR JUDGMENT AS A MATTER OF LAW
OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, the Defendants AngioDynamics, Inc. and Vascular Solutions, Inc. respectfully request that the Court set aside the jury's verdict rendered on March 28, 2007 and instead enter judgment as a matter of law for the Defendants. Alternatively, the Court should set aside the verdict and order a new trial on both the issues of infringement and damages.

ME1 6304325v.1
ME1 6305812v.1

As more fully set forth in the attached memorandum, Diomed, Inc. failed to provide sufficient evidence from which a reasonable jury could conclude that the use of the Defendants' products by physicians directly infringed the patent in suit. In addition, there was insufficient evidence for a reasonable jury to conclude that the Defendants either induced or contributed to infringement of the patent in suit. Alternatively, the verdict should be set aside and a new trial ordered because the Court incorrectly charged the jury on the required intent that must be proved in a claim of inducing infringement, and because the Court erroneously charged the jury on the doctrine of equivalence. Furthermore, the Defendants are entitled to a new trial as to damages because the jury's verdict was based on the speculation of Diomed's damages expert and not on a sufficient evidentiary record. Finally, the Defendants are entitled to a new trial because the Court erred in denying various pretrial motions made by the Defendants.

## REQUEST FOR ORAL ARGUMENT

The Defendants respectfully requests oral argument on this Motion.

## CERTIFICATE OF COMPLIANCE WITH d. Mass. L.R. 7.1 (a)(2)

Pursuant to D. Mass Local Rule 7.1(a)(2), counsel for the Defendants certify that they have made a good faith effort, through e-mail correspondence on April 11, 2007, to confer with counsel for plaintiff to resolve the issues presented in this motion. Counsel for plaintiff has

confirmed that, despite Defendants' arguments, it believes that the jury's verdict should not be set aside for any reason and therefore opposes the Defendants' Motion.

Dated: April 11, 2007

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail.**

**/s/ William H. Bright, Jr.**

THE DEFENDANT,
ANGIODYNAMICS, INC.


By  /s/ William H. Bright, Jr.
    William H. Bright, Jr.
    *wbright@mccarter.com*
    Mark D. Giarratana
    *mgiarratana@mccarter.com*
    McCARTER & ENGLISH, LLP
    CityPlace I
    Hartford, CT  06103
    Phone:  (860) 275-6700


THE DEFENDANT,
VASCULAR SOLUTIONS, INC.


By  /s/  Thomas Vitt
    Thomas Vitt
    *Vitt.Thomas@Dorsey.com*
    Heather Redmond
    *Redmond.Heather@Dorsey.com*
    DORSEY & WHITNEY LLP
    50 South Sixth Street
    Minneapolis, MN 55402-1498
    Phone:  (612) 340-5675

ME1 6304325v.1
ME1 6305812v.1