UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC. <br>     Plaintiff, <br> v. <br> VASCULAR SOLUTIONS, INC. <br>     Defendant. | Civil File No. 104-CV-10444(NMG) |
| **and** | |
| DIOMED, INC., <br>     Plaintiff, <br> v. <br> ANGIODYNAMICS, INC., <br>     Defendant. | Civil Action No. 04-CV-10019 (NMG) |

**MEMORANDUM OF ANGIODYNAMICS, INC. AND VASCULAR SOLUTIONS, INC. REGARDING PROPOSED INJUNCTION**

## I. INTRODUCTION

Pursuant to the Court's instructions at the hearing on May 22, 2007, the defendants AngioDynamics, Inc. and Vascular Solutions, Inc. have discussed with counsel for Diomed, Inc. the scope of the permanent injunction to be entered in favor of Diomed. The defendants agree that at this stage of litigation Diomed is entitled to a permanent injunction. As a matter of settled law however, that injunction must be limited to the methods and products actually addressed by the jury, and cannot expand Diomed's patent rights. Consequently, defendants have proposed language to Diomed that would give Diomed all to which it is entitled - a permanent injunction prohibiting defendants from selling the products that were adjudged to induce or contribute to infringement of

1

Diomed's '777 Patent, and products not more than colorably different than the adjudicated devices. The injunction order proposed by the defendants is attached hereto as Exhibit A.

Diomed's proposed order, attached hereto as Exhibit B, is materially different in two respects. First, Diomed's subparagraph 1(a) contains a general prohibition on "kits that infringe the '777 Patent, including but not limited to" the kits that were adjudged to infringe. Diomed's general prohibition on future infringement is contrary to law, which requires that the "only acts the injunction may prohibit are infringement of the patent by the adjudicated devices and [those] not more than colorably different than the adjudicated devices." *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004).

Second, in subparagraph 1(b) Diomed seeks to prevent the defendants from selling any laser consoles, even if those consoles are sold for use with laser fibers that could not possibly induce or contribute to infringement of the '777 Patent. That proposal is also clearly contrary to law, as the injunction cannot prohibit acts that do not infringe Diomed's method patent. *KSM Fastening Systems, Inc. v. H.A. Jones Co.*, 776 F.2d, 1522, 1526 (Fed. Cir. 1985). As such, Diomed's requested injunction is overbroad.

## II. ARGUMENT

### A. Subparagraph 1(a) Should Be Limited To The Kits At Issue During The Trial Or Mere Colorable Variations Of Such Kits.

During the argument on May 22, 2007, the Court noted that the language proposed by Diomed in its initial injunction request did seem to "go beyond the scope of the products that were at issue at the jury trial." 5/22 Tr. At p. 18. In response to the Court's question as to whether the injunction couldn't just define "non-infringing

2

products" as those products that were at issue at trial, Mr. Albert said, "I think that we can define it as all products that they had been using as of the trial date for endovenous laser treatment and colorable variations thereof." Id. at p. 19.

The defendants' proposed injunction completely encompasses the concept proposed by Mr. Albert, and, in fact, uses his language. Subparagraph 1(a) of the defendants' proposed injunction specifically prohibits the defendants from selling endovenous laser therapy kits used prior to or at the time of the jury trial, or mere colorable variations of such kits. It is these kits that induce or contribute to infringement because they contain the bare tip fiber and instructions on how to use that fiber that in the jury's mind led to the necessary maintained contact required in Claim 9 of the patent.

By contrast, Diomed's proposed subparagraph 1(a) covers <u>any</u> infringing kits, <u>including but not limited to</u>, those at issue at trial. The Federal Circuit has specifically held that such broad injunction language should be avoided. *KSM Fastening Systems*, 776 F.2d at 1526 ("contempt proceedings…are available only with respect to devices previously admitted to or adjudged to infringe, and to other devices which are no more than colorably different therefrom and which clearly are infringements of the patent."). In fact, an injunction prohibiting any devices that infringe the patent (as Diomed requests here) violates Rule 65(d) and will be vacated by the Federal Circuit. *Int'l Rectifier Corp*,. 383 F.3d at 1316; *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479-80 (Fed. Cir. 1993).

The reason Diomed has proposed such broad language is clear. It is attempting to turn every allegation of infringement into a contempt proceeding. This it may not do. According to the Federal Circuit, such proceedings must be limited to the adjudged

devices or colorable variations only. Any claims as to new or different products must be resolved in a separate lawsuit. *KSM Fastening Systems,* 776 F.2d at 1528.

### B. Subparagraph 1(b) Should Cover Laser Consoles Only To The Extent They Are Sold For Use With Infringing Kits.

The laser consoles sold by the defendants can be used with products other than the adjudged infringing kits. See Declaration of William Appling, DI 256 at ¶5. The laser consoles simply produce energy which may be directed in a number of different ways. In this case, the defendants' sales of laser consoles contributed to or induced infringement only because they were sold for use with laser fibers that the jury found were used for deliberate and maintained contact with the vessel wall, as required by Diomed's method claims.

The defendants have the absolute right to sell those laser consoles for non-infringing uses. *KSM Fastening Systems,* 776 F.2d at 1528. For example, if the defendants sell fibers that cannot be used in an infringing manner because they employ a spacer or centering device to prevent any contact between the laser-emitting section of the fiber and the vessel wall, sale of a laser console to be used with such non-infringing fibers cannot possibly induce or contribute to infringement. Thus, the injunction as to laser consoles must, as a matter of law, be limited to those consoles sold for use with the infringing kits.

Diomed seeks to prohibit defendants from selling laser consoles whether they are used for an infringing purpose or not. Such a proposal has no basis in law or fact and should be rejected.

### C. Defendants Agree With Diomed's Proposed Language For Subparagraph 1(c) Because It Limits The Injunction On The Sale Of Components To Those Intended To Be Sold In An Infringing Manner.

The overreaching nature of Diomed's proposed subparagraph 1(b) is further illustrated by comparing that language with Diomed's proposed language for subparagraph 1(c). In subparagraph 1(c), Diomed recognizes that the defendants should be permitted to sell components (e.g. needles, guide wires, introducer sheaths) so long as those components are not sold with the intent that they be combined into an infringing kit. The defendants agree that this is the proper way to limit their activities. Similarly, their sale of laser consoles should only be limited to the extent they are intended for use with an infringing kit. It simply makes no sense for Diomed to suggest as to laser consoles, that all sales should be prohibited; but when it comes to components, sales should only be prohibited if they are intended to be used in an infringing manner. Whether laser consoles or components, the defendants should only be enjoined from selling such products if they are for use in an infringing manner.

### III. CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court enter the permanent injunction order proposed by the defendants.

ME1 6442608v.1

Dated: May 29, 2007

Respectfully Submitted,

THE DEFENDANT
ANGIODYNAMICS, INC.
BY ITS ATTORNEYS

By /s/ William H. Bright, Jr.
   William H. Bright, Jr.
   *wbright@mccarter.com*
   Mark D. Giarratana
   *mgiarrratana@mccarter.com*
   McCarter & English, LLP
   CityPlace I
   185 Asylum Street
   Hartford, CT 06103
   (860) 275-6700
   (860) 724-3397 (fax)

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail and Federal Express on May 29, 2007.**

_/s/ William H. Bright, Jr._
William H. Bright, Jr.

THE DEFENDANT
VASCULAR SOLUTIONS, INC.

By /s/ Thomas Vitt
   Thomas Vitt
   *Vitt.Thomas@Dorsey.com*
   Heather Redmond
   *Redmond.Heather@Dorsey.com*
   Dorsey & Whitney LLP
   50 South Sixth Street, Suite 1500
   Minneapolis, MN 55402-1498
   (612) 340-6343/(612) 340-2868 (fax)