IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>    Defendant. | Civil Action No. 04-10019 NMG |
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 04-10444 NMG<br>**(CONSOLIDATED UNDER 04-10019 NMG)** |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR PERMANENT INJUNCTION**

At the May 22, 2007 hearing, the Court ordered the parties to confer regarding appropriate language for the permanent injunction, and to briefly explain their positions on any issues remaining in dispute. Diomed's proposed order is attached hereto as Exhibit A, and its position on the two disputed issues (paragraphs (a) and (b) of the order) follows below.

**Paragraph (a) – Scope of Injunction on Kit Sales**

Defendants seek an injunction narrowly limited to the specific kits they sold prior to trial. Diomed's proposed injunction, by contrast, would prohibit sale of any infringing kits, and would provide additional detail in specifying – per the claims of Diomed's '777 patent – "kits that use a fiber with an uncoated tip that contacts the vein wall." Diomed's proposed injunction tracks the inclination expressed by the Court to enter an order that "defendants are prevented from using any product that infringes the '777 patent." (May 22, 2007 Hearing Tr. at 24).

By limiting their proposed injunction so that it does not cover all infringements of the '777 patent (contrary to the Court's stated inclination), Defendants unfairly seek to create a category of infringements that would be immune from contempt proceedings, with relief available to Diomed only via the longer and more costly road of a new lawsuit. See May 22, 2007 Hearing Tr. at 14 (VSI's counsel Mr. Vitt: "Now, if they want to analyze the [new VSI product] and claim it's infringing in a separate lawsuit, I can't prevent that.").

Diomed has yet to obtain any design files, bench test results, or other data from VSI regarding VSI's new "Bright Tip" product, and Diomed has yet to see a sample of the new product that AngioDynamics claims it intends to launch. It would be premature to carve any particular products out of the injunction. Moreover, Defendants' narrowly-worded injunction would create an entire category of potential infringements immune from contempt proceedings merely because they differ in some way from the specific kits sold by Defendants prior to trial in this case. Such a narrow injunction would be both unfair to Diomed and contrary to precedent.

In Signtech USA, Ltd. v. Vutek, Inc., 174 F.3d 1352 (Fed. Cir. 1999), the Federal circuit upheld an injunction prohibiting "any further infringement of the '522 patent." Id. at 1359. The infringer argued that the injunction was too broad, but the Federal Circuit disagreed. Id. Contrary to Defendants' approach here, the Federal Circuit made clear that the question of infringement by devices not specifically presented to the jury at trial was not to be pre-judged in the injunction itself:

> [T]his court finds no danger in allowing the permanent injunction to stand as written. This decision, of necessity, leaves open whether a later device produced by Signtech, which is more than trivially different from the devices found to infringe, is within the scope of the '522 patent claims and therefore an infringing device.

Id.

Numerous other decisions likewise support Diomed's approach. E.g., <u>Oakley, Inc. v. Sunglass Hut Int'l</u>, 316 F.3d 1331 (Fed. Cir. 2003) (affirming injunction prohibiting sale of lenses "that infringe the '902 patent" and rejecting infringer's argument that the injunction should have been "limited to the accused lenses"); <u>Adv. Display Sys. v. Kent State Univ.</u>, 2002 WL 1489555 (N.D. Tex. July 10, 2002) (concluding that the "injunction will refer to the claims of the West patent and *prohibit any further infringement by ADS*," and rejecting infringer's argument that the injunction should be limited to the accused devices) (emphasis added).

Indeed, in specifying "kits that use a fiber with an uncoated tip that contacts the vein wall," Diomed's proposal closely tracks the requirements of Rule 65(d) that the injunction be "specific in its terms" and "describe in reasonable detail…the acts sought to be restrained." E.g., <u>Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings</u>, 370 F.3d 1354 (Fed. Cir. 2004) (affirming injunction that "simply addresses LabCorp's specific acts constituting indirect infringement").

**Paragraph (b) – Scope of Injunction on Laser Console Sales**

With respect to the laser consoles, Diomed straightforwardly seeks an injunction preventing Defendants from selling "laser consoles of the type embodied by Trial Exhibits 1006-1007 and other consoles that are not more than a mere colorable variation of such consoles." Defendants, somewhat confusingly, seek to limit the injunction solely to consoles "that are sold for use with the kits identified in paragraph (a)." In other words, to the extent Defendants come out with new kit products for which they seek the carve-out addressed above in paragraph (a) of the injunction, they seek the right to also sell additional laser consoles. The Court should reject this gambit too.

At trial, the jury found that the Defendants' Vari-Lase and VenaCure product lines (including both the kits <u>and</u> the laser consoles) <u>contributorily infringe</u> the '777 patent, meaning that they have no substantial non-infringing uses. 35 U.S.C. § 271(c). Neither Defendant argued – let alone proved to the jury – that its laser console had any non-infringing uses whatsoever.

Now, after the verdict, Defendants seek to take the case back from the jury by requesting an injunction that is fundamentally at odds with the jury's contributory infringement finding. That would be wholly improper. Because the jury found, on a fully-developed factual record, that the laser consoles in question contributorily infringe the '777 patent, Defendants should be enjoined from selling those consoles and any products not colorably different from them.

### Conclusion

For the above reasons, Diomed respectfully requests that the Court enter the proposed order attached hereto as Exhibit A.

Respectfully submitted,

DIOMED, INC.
By its attorneys,

Dated: May 29, 2007

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
John L. Strand (BBO #654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

### CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert