IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| DIOMED, INC., Plaintiff, v. ANGIODYNAMICS, INC. Defendant. | CIVIL ACTION NO. 04-10019-NMG |
|---|---|
| DIOMED, INC., Plaintiff, v. VASCULAR SOLUTIONS, INC. Defendant. | CONSOLIDATED<br><br>CIVIL ACTION NO. 04-10444-NMG |

**MOTION FOR CONTEMPT AND MEMORANDUM IN SUPPORT**

Plaintiff Diomed moves the Court to issue an order finding Defendants AngioDynamics and Vascular Solutions, Inc. ("VSI") in contempt for violating the Court's Permanent Injunction dated July 2, 2007.

Disregarding this Court's recent Injunction, both Defendants continue to offer for sale and sell the exact same laser consoles that were enjoined in the July 2 Order. In response to Diomed's demands that they comply with the Injunction and cease selling the infringing laser consoles, Defendants have attempted to obfuscate the language of the Injunction, even going so far as to argue that because they are sticking a new "label" on the very same consoles, they are somehow entitled to sell exactly the same models that the Court enjoined. Diomed respectfully requests that the Court find the Defendants in Contempt of the Permanent Injunction.

## **ARGUMENT**

Following a jury verdict in favor of Diomed, as well as extensive post-trial briefing and oral argument covering not only the merits of the judgment but also the appropriate scope of a Permanent Injunction, the Court issued its Injunction on July 2, 2007. That Order permanently enjoined Defendants from, among other things, selling "laser consoles of the type embodied by Trial Exhibits 1006-1007." See D.I. 287 (Barzilay Decl. Ex. 1) ¶ 1(b)(1).

Section 1(b)(1) of the Permanent Injunction is simple, direct, and has no caveats – it permanently enjoins and restrains Defendants from selling the laser consoles they had been selling up to and through trial, examples of which were shown in Trial Exhibits 1006-1007. Trial Exhibit 1006 is AngioDynamics' 980 nm laser and Trial Exhibit 1007 is VSI's 810 nm laser. As of the filing of this paper, both lasers continue to be advertised for sale on Defendants' web sites (Barzilay Decl., Exs. 2-3) and defendants are offering and selling them to customers.

On July 5, 2007, Diomed's counsel requested that Defendants cease violating the Court's Order, and warned Defendants's counsel that otherwise a motion for contempt would be necessary. (Barzilay Decl. Exs. 4-5). In their responses, Defendants did not deny that they continue to sell these very same laser consoles. Instead, they tried to twist and turn their way around the Court's clear injunctive language.

In its response, AngioDynamics ignored the language of Section 1(b)(1) of the Order – which is the part at issue here – and instead focused on Section 1(b)(2), which is not presently at issue. Section 1(b)(2) enjoins the sale of certain laser consoles which are not a "mere colorable variation" of the consoles listed above for use with infringing kits. (Barzilay Decl. Ex. 6). But that paragraph is not at issue here, as the consoles defendants are selling are not "variations"

(colorable or otherwise), but the are the self-same, <u>identical</u> consoles that the jury found to be infringing at trial.  Section 1(b)(1) of the Order expressly enjoins the sale of those consoles.

VSI's response likewise tries to avoid the issue, arguing that because its console bears a new "prominent label" that it should only be used with a certain kind of kit, the console is no longer covered by the Injunction. (Barzilay Dec. Ex. 7).  But VSI does not deny that it is selling <u>precisely the same laser console</u> that was found to infringe and was enjoined by the Court from further sale.  VSI's conduct is a deliberate flouting of the Court's Order.  The Court enjoined sale of that laser console – it did not carve out an exception if the defendant puts a sticker on it.  VSI's suggestion that the product is no longer the same laser console because of a label is frivolous.  Indeed, defendants' web sites still offer the same consoles without any suggestion that they have been altered in any way.

Defendants' letters advance the same arguments that the Court rejected when Defendants made them in briefing and at oral argument.  For example, Defendants argued that the Court should only enjoin consoles when they are used with infringing kits. (D.I. 276 at 4).  The Court considered this argument and ruled against the Defendants in issuing the present injunction – in particular, Section 1(b)(1) thereof.[1]  Defendants must abide by that order.

An injunction duly issued must be obeyed and "disobedience constitute[s] contempt." <u>Howat v. Kansas</u>, 258 U.S. 181, 189 (1922).  Here, section 1(b)(1) stands as a clear and unambiguous limitation on Defendants' actions.  Defendants' continued sales of laser consoles following the Injunction – in reliance on an argument made and rejected in the course of briefing and argument on the scope of the Injunction – constitutes contempt.

---

[1] As Diomed explained, Defendants conceded at trial (contrary to their position now) that their laser consoles have no non-infringing uses.  (D.I. 277 at 3-4.)  Accordingly, the jury found that those consoles contributorily infringe the '777 patent.  (D.I. 228)  Defendants cannot reargue that issue now.

Diomed respectfully requests that the Court hold Defendants in contempt of the Permanent Injunction, order Defendants to immediately cease all sales of their enjoined laser consoles, and order Defendants to pay such sanctions as the Court deems just and proper.

Respectfully submitted,

DIOMED, INC.

By its attorneys,

Dated: July 11, 2007

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
John L. Strand (BBO #654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned certifies that counsel for Diomed consulted with counsel for defendants, who would not agree to the relief requested.

/s/ Michael A. Albert