

ATTORNEYS AT LAW

July 10, 2007

VIA E-MAIL AND U.S. MAIL

Michael Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206

William H. Bright
Partner
T. 860.275.6767
F. 860.560.5965
wbright@mccarter.com

Re:   Diomed, Inc. v. AngioDynamics, Inc.
      Docket No. 04-10019

Dear Michael:

McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
T. 860.275.6700
F. 860.724.3397
www.mccarter.com

I am writing in response to your letter of July 5, 2007. As set forth more fully below, we believe that any motion for contempt filed by Diomed would be meritless.

First, we disagree with your reading of Section 1(b) of the Court's July 2, 2007 Permanent Injunction. That section of the injunction limits its application to consoles that are sold for use with the kits identified in sub-paragraph (a). As AngioDynamics ceased selling such kits in April, 2007, any consoles it sells today are not sold for use with those kits. Instead, any consoles sold by AngioDynamics today are sold for use solely with kits which include AngioDynamics' Never Touch fibers. Because these fibers are substantially different than the bare tipped fibers included in the kits that were found to induce or contribute to infringement, AngioDynamics' new kits are more than a mere colorable variation of those other kits. Consequently, the sale of consoles for use with such kits does not constitute a violation of sub-paragraph 1(b) of the Permanent Injunction.

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

It appears that Diomed reads paragraph 1(b) as limiting the "that are sold for use with the kits identified in sub-paragraph (a)" language to mere colorable variations of Trial Exhibits 1006-1007. Apparently, Diomed's position is that AngioDynamics is enjoined from selling laser consoles of the type embodied by Trial Exhibits 1006-1007, regardless of the use for which they are sold. There is simply no logical basis to distinguish between how the injunction is applied to Trial Exhibits 1006-1007 and mere colorable variations of such consoles. Sales of laser consoles, whether of the type embodied by Trial Exhibits 1006-1007 or mere colorable variations of such consoles, can only induce or contribute to infringement of Diomed's '777 patent if they are sold for use with kits that induce or contribute to infringement. It is clear that the Court recognized this by adding the language to the end of sub-paragraph 1(b).

ME1 6563561v.1

Michael Albert
July 10, 2007
Page 2

Second, to avoid any doubt on this issue, AngioDynamics is placing a label on its laser consoles indicating that they are to be used only with AngioDynamics' Never Touch kits when the laser consoles are used for endovenous laser procedures. Thus, the laser consoles are different than Trial Exhibit 1006. We expect that Diomed may argue that the consoles displaying such an explicit notice are nothing more than "mere colorable variations" of Trial Exhibit 1006. Even if Diomed's argument was correct, AngioDynamics is not prohibited from selling said consoles so long as they are not sold for use with the kits identified in sub-paragraph 1(a). Because the laser consoles are not sold for use with such kits, their sale is not prohibited.

Third, in order to succeed in any motion for contempt, Diomed must also establish by clear and convincing evidence that AngioDynamics' actions induced or contributed to infringement. *KSM Blasting Systems v. H. A. James Company, Inc.*, 776 F.2d 1522, 1528 (Fed. Cir. 1985). Thus, even if Diomed could establish, which it cannot, that AngioDynamics' sales of laser consoles constitutes a violation of sub-paragraph 1(b), Diomed may still not pursue a contempt motion unless it can establish that such sales actually constitute a patent infringement. This it can only do if it can establish that the consoles were used with a method that would infringe the patent. Because the consoles are sold for use with AngioDynamics' Never Touch kits, which include fibers that prevent the deliberate and maintained contact that is required in the method described in the '777 patent, sales of the consoles cannot induce or contribute to infringement. Consequently, the sale of such consoles "cannot possibly be deemed enjoined as infringements under an existing injunction and contempt proceedings." *Id.*

Based on the above, AngioDynamics' sales of laser consoles for use with its Never Touch kits do not and cannot constitute a violation of the Court's Permanent Injunction, subjecting AngioDynamics to a finding of contempt. If you have any questions regarding our position on this matter or would like to discuss it further, please do not hesitate to contact me.

Very truly yours,

William H. Bright, Jr.

WHB/smw

cc: Mark D. Giarratana, Esq.

Michael Albert
July 10, 2007
Page 2

Second, to avoid any doubt on this issue, AngioDynamics is placing a label on its laser consoles indicating that they are to be used only with AngioDynamics' Never Touch kits when the laser consoles are used for endovenous laser procedures. Thus, the laser consoles are different than Trial Exhibit 1006. We expect that Diomed may argue that the consoles displaying such an explicit notice are nothing more than "mere colorable variations" of Trial Exhibit 1006. Even if Diomed's argument was correct, AngioDynamics is not prohibited from selling said consoles so long as they are not sold for use with the kits identified in sub-paragraph 1(a). Because the laser consoles are not sold for use with such kits, their sale is not prohibited.

Third, in order to succeed in any motion for contempt, Diomed must also establish by clear and convincing evidence that AngioDynamics' actions induced or contributed to infringement. *KSM Blasting Systems v. H. A. James Company, Inc.*, 776 F.2d 1522, 1528 (Fed. Cir. 1985). Thus, even if Diomed could establish, which it cannot, that AngioDynamics' sales of laser consoles constitutes a violation of sub-paragraph 1(b), Diomed may still not pursue a contempt motion unless it can establish that such sales actually constitute a patent infringement. This it can only do if it can establish that the consoles were used with a method that would infringe the patent. Because the consoles are sold for use with AngioDynamics' Never Touch kits, which include fibers that prevent the deliberate and maintained contact that is required in the method described in the '777 patent, sales of the consoles cannot induce or contribute to infringement. Consequently, the sale of such consoles "cannot possibly be deemed enjoined as infringements under an existing injunction and contempt proceedings." *Id.*

Based on the above, AngioDynamics' sales of laser consoles for use with its Never Touch kits do not and cannot constitute a violation of the Court's Permanent Injunction, subjecting AngioDynamics to a finding of contempt. If you have any questions regarding our position on this matter or would like to discuss it further, please do not hesitate to contact me.

Very truly yours,

William H. Bright, Jr.

WHB/smw

cc:  Mark D. Giarratana, Esq.