

J. THOMAS VITT
(612) 340-5676
FAX (612) 340-8856
vitt.thomas@dorsey.com

July 10, 2007

**BY FACSIMILE & U.S. MAIL**

Michael A. Albert, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206

Re:   *Diomed Holdings, Inc. v. Vascular Solutions, Inc.*

Dear Michael:

I write in response to your July 5, 2007 letter. VSI's sales of laser consoles for use in connection with its Bright Tip laser fibers do not infringe the '777 patent or violate the permanent injunction entered by the Court on July 2, 2007.

As you know, on April 11, 2007, VSI ceased all sales of bare-tipped laser fibers in the United States and converted exclusively to its Bright Tip fiber. The Bright Tip fiber prevents even inadvertent contact between the laser fiber and the vein wall while the laser is firing and, therefore, clearly falls outside the '777 patent and the scope of the injunction.

All laser consoles currently offered for sale by VSI in the United States bear a prominent label instructing customers that VSI's laser consoles are "for use only with Vari-Lase Bright Tip fibers and procedure kits." This instruction also is included in the sales documents for all consoles placed in service in the U.S. Thus, not only does VSI's laser console have a substantial non-infringing use, but VSI also is instructing its customers that they should only be using the laser consoles for that non-infringing purpose.

We also disagree with your interpretation of the injunction. Sub-paragraph (b) only prohibits the sale of laser consoles of the type embodied by Trial Ex. 1006-1007 *and* that are not more than a mere colorable variation of such consoles *and* that are sold for use with the kits identified in sub-paragraph (a). The conjunctive "and" in sub-paragraph (b) necessarily requires that all three conditions be present for a laser console sale to violate the injunction. There is no logical basis to distinguish between how the injunction is applied to laser consoles as shown in Exhibits 1006-1007 or mere colorable variations thereof. Sales of laser consoles can only induce or contribute to infringement of the '777 patent if they are sold for use with kits that induce or contribute to infringement. The Court did not, and could not possibly have intended to, enjoin what clearly does not infringe the '777 patent.

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 612.340.2600 • F 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498
USA  CANADA  EUROPE  ASIA



Michael A. Albert, Esq.
July 10, 2007
Page 2

    Finally, to succeed on a contempt motion, Diomed also must prove by clear and convincing evidence that VSI's actions since July 2, 2007 have induced or contributed to infringement of the '777 patent. *See KSM Blasting Sys. v. H.A. James Co.*, 776 F.2d 1522, 1528 (Fed. Cir. 1985). Because VSI's laser consoles are sold for use with non-infringing kits in a non-infringing procedure, VSI's laser console sales do not induce or contribute to infringement.

    Please feel free to contact me if you wish to discuss this matter.

                        Very truly yours,

                        J. Thomas Vitt

JTV:kmb