UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGIODYNAMICS, INC., <br><br> Defendant. | Civil Action No.: 04-10019-NMG |
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> VASCULAR SOLUTIONS, INC., <br><br> Defendant. | Civil Action No.: 04-10444-NMG <br><br> (CONS0LIDATED UNDER 04-10019 NMG) |

## DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT

ME1 6602210v.1

## **INTRODUCTION**

Plaintiff Diomed, Inc.'s ("Diomed") '777 Patent is a method patent that requires deliberate and maintained contact between the uncoated tip of the laser fiber and the vessel wall while laser energy is being emitted. On March 28, 2007, the jury found that defendants Vascular Solutions, Inc. ("VSI") and AngioDynamics, Inc. ("AngioDynamics") contributed to and induced infringement of the '777 Patent, in connection with their sale of bare-tipped laser fibers that the jury found had been used for the deliberate and maintained contact required by the patent.

After the jury's verdict, both VSI and AngioDynamics ceased all sales of the bare-tipped fibers, and introduced redesigned products which prevent any possibility of infringing use. VSI's "Bright Tip" fibers and AngioDynamics' "NeverTouch" fibers have a protective covering which prevents even the possibility of contact between the laser fiber tip and the vessel wall. The redesigned fibers therefore prevent the deliberate and maintained contact required by Diomed's '777 Patent. See Root Dec., ¶ 2-6 (D.I. 257); Hammond Dec., ¶ 3-6 and Ex. 1 (D.I. 258); Doster Dec. ¶ 3.

VSI and AngioDynamics have the clear legal right to design around Diomed's patent and compete lawfully with Diomed, and Diomed cannot use contempt proceedings to expand the scope of its patent rights. KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc., 776 F.2d 1522 (Fed. Cir. 1985). Diomed does not even try to argue that either the VSI Bright Tip fibers or the AngioDynamics NeverTouch fibers can be used to infringe the Diomed patent. Diomed does not challenge either defendant's right to continue selling the redesigned fibers and kits. Instead, Diomed contends that defendants' sales of laser consoles violate the Court's injunction order. Diomed ignores that those laser consoles are sold only for use with the noninfringing, redesigned

1

fibers and kits; in addition, Diomed ignores that its method patent claim has nothing to do with the laser console, and everything to do with how the laser fiber is used.

Diomed's motion for contempt should be denied. Diomed makes no argument, nor can it, that the defendants' sales of laser consoles for use with the redesigned fibers are causing *infringement* of Diomed's '777 Patent. Without proof of actual *infringement* of Diomed's patent, no finding of contempt can be made, as the Court cannot *enjoin* what does not *infringe*. KSM Fastening, 776 F.2d at 1528. Given that well-settled law, it is not surprising that the terms of the Court's injunction order do not in fact prohibit either defendant from selling laser consoles for use with their redesigned, non-infringing laser fibers and kits. Instead, the order prohibits only sales of laser consoles "that are sold for use with" either the fibers and kits that were adjudged to infringe or "mere colorable variations" of those kits. Diomed is misinterpreting the Court's order to try to expand its patent rights far beyond their scope and to disrupt the defendants' lawful competition with Diomed. The Court should reject Diomed's attempt, and deny Diomed's motion.

## STATEMENT OF FACTS

At trial, Diomed asserted infringement of one independent method claim of its '777 Patent. Claim 9 of Diomed's '777 Patent requires that a physician deliberately place the uncoated tip of the laser fiber into contact with the vessel wall, and to maintain that contact between the uncoated tip and the vessel wall during the emission of the laser energy. On March 28, 2007, the jury found that AngioDynamics and VSI had contributed to and induced infringement of the '777 Patent. D.I. 228.

Contrary to Diomed's argument, the jury did not make any separate finding that defendants' sales of laser consoles, by themselves, constituted acts of contributory infringement of the '777 Patent. D.I. 228. At trial, Diomed did not present any evidence or ask for any

2

ME1 6602210v.1

finding that sales of the laser consoles, by themselves, constituted acts of contributory infringement. There was no conceivable basis on which Diomed could have sought such a finding, as Diomed's patent claim addresses only a particular method of using the *laser fiber* involving deliberate and maintained contact between the uncoated tip of the laser fiber and the vessel wall; the patent claim says nothing whatsoever about the laser console.

At most, the jury's finding could be interpreted to mean that defendants' sale of their laser consoles and other products, *together with* the bare-tipped fibers that the jury found had been used to practice Diomed's deliberate and maintained contact method, constituted contributory infringement. It says nothing about sales of consoles for use with some other fibers like those currently sold by the defendants. Indeed, in addition to the use with covered fibers that prevent use of Diomed's maintained contact method, the laser consoles have many other non-infringing uses. See Appling Dec. ¶ 5 (D.I. 256); *see* Testimony of T. Jakubowski, March 21, 2007 Tr. pp. 157-58 (explaining the many pre-existing, non-infringing uses of the laser console).[1]

After the jury's verdict, VSI introduced a redesigned laser fiber called the Bright Tip. Root Decl., ¶ 6 (D.I. 257). As of April 12, 2007, VSI stopped selling all previous versions of its laser fibers in the United States, and transitioned completely to the Bright Tip fibers. Id. The VSI Bright Tip fiber has a heat resistant ceramic cylinder bonded to its distal tip that prevents

---

[1] Diomed argues that defendants "conceded at trial" that the laser consoles have no non-infringing uses. Diomed cites no support for that assertion, and it is not true. Defendants merely acknowledged at trial that they only sold laser consoles for use with their fibers and kits to perform endovenous laser ablation. Thus, at the time of the trial, the laser consoles were only sold by the defendants for a use that the jury found induced or contributed to infringement. That does not mean that the consoles could not be sold for some other non-infringing purpose in the future. That is exactly what the defendants are doing now. Defendants did not waive any rights concerning the permissible scope of the Court's injunction, and indeed vigorously opposed Diomed's attempt to broaden the injunction to cover sales of laser consoles, regardless of the use to which they were put. See D.I. 255, 276.

3

contact between the uncoated tip of the fiber and the vessel wall during the emission of laser energy. See Hammond Dec., ¶¶ 3-6 and Ex. 1 (D.I. 258).

VSI also modified its laser console, by adding a prominent notice that it is to be used only with VSI's Bright Tip fiber. The notice states:

Vari-Lase Console Important Notice.

> This Vari-Lase console is sold for use solely with Vari-Lase Bright Tip fibers and procedure kits. VariLase Bright Tip fibers incorporate a ceramic distal protective tip which prevents the vessel wall from contacting the fiber transmission core. Vascular Solutions does not sell bare-tipped fibers for use with this console, and Vascular Solutions instructs and recommends that only Vari-Lase Bright Tip fibers be used with this console. Please consult the Vari-Lase console manual and Instructions for Use for complete information.

July 24, 2007 Root Dec., ¶ 4. Since April 12, 2007, VSI has sold only Bright Tip fibers and kits in the United States, and has sold its Vari-Lase console in the United States only for use with Bright Tip fibers and kits. Id., ¶ 3.

AngioDynamics stopped selling bare-tipped fibers or kits containing bare-tipped fibers in the United States on April 27, 2007. Doster Dec. ¶ 2. It began selling its NeverTouch fibers and kits on June 2, 2007. Id., ¶ 3 The Never Touch fiber, like VSI's Bright Tip, has a jacket (gold-plated stainless steel) which prevents contact between the uncoated tip of the laser fiber and the vessel wall during the emission of laser energy. Id. Since that time, AngioDynamics has sold only five laser consoles. Id., ¶ 4. The customers who purchased those consoles can only purchase from AngioDynamics the NeverTouch fibers and kits. Id. Furthermore, today, AngioDynamics only offers for sale laser consoles that are affixed with a bright yellow label conspicuously placed on the top of the laser console that reads "Laser for use with only the Venacure® NeverTouch™ kits when used for endovenous laser ablation." Doster Dec. ¶ 5, Exs. A and B.

Following the jury's verdict, Diomed moved for a permanent injunction to prevent the defendants from selling kits and laser consoles used for endovenous laser ablation. Defendants never disputed that Diomed was entitled to some injunctive relief in light of the jury's verdict and the Court's ruling on defendants' post-trial motions. Instead, the defendants argued that the injunction should be limited to the scope of Diomed's method patent claims. Thus, when Diomed sought an injunction preventing the defendants from selling laser consoles of the type embodied in Trial Exhibits 1006 and 1007 or mere colorable variations of those consoles *without regard to the purpose for which they were sold*, the defendants objected. Defendants requested that the injunction be limited to such sales made for use with the infringing kits. D.I. 276.

On July 2, 2007, this Court entered its Permanent Injunction Order doing just that. D.I. 287, ¶ 1(b). The Permanent Injunction Order states in pertinent part:

> AngioDynamics and VSI . . . are permanently enjoined and restrained from inducing or contributing to infringement of U.S. Patent No. 6,398,777 by using, offering to sell, or selling in the United States, or importing into the United States:
>
> (a) endovenous laser therapy kits that infringe the '777 patent, including kits of the type set forth in Trial Exhibits 1008-1011 that were adjudged to infringe the '777 patent and kits that defendants had been selling prior to or as of the trial date, or any other kits that are not more than a mere colorable variation of such kits;
>
> (b) *laser consoles* 1) of the type embodied by Trial Exhibits 1006-1007, and 2) that are not more than a mere colorable variation of such consoles *and that are sold for use with the kits identified in sub-paragraph (a)*;
>
> (c) any optical fiber or other component of the kits of sub-paragraph (a) that are intended for use with other items that, taken together, are no more than a mere colorable variation of any of the kits of sub-paragraph (a).

D.I. 287 (emphasis added).

5

On July 11, 2007, after an exchange of letters between counsel, Diomed filed this motion for contempt, seeking a finding that defendants' sales of laser consoles violated this Court's July 2, 2007 injunction order. Diomed did not present any evidence that defendants' sales of laser consoles resulted in actual infringements of Diomed's '777 Patent. See D.I. 288, 289. Diomed also did not challenge defendants' rights to continue selling their redesigned laser fibers and kits, effectively conceding that those sales do not violate the Court's order.[2] Id.

## ARGUMENT

### I. DIOMED HAS TO PROVE CONTEMPT BY CLEAR AND CONVINCING EVIDENCE, AND MUST PROVE THAT DEFENDANTS' ACTIVITIES RESULT IN ACTUAL INFRINGEMENT OF DIOMED'S PATENT

The courts treat contempt as a very serious matter, and Diomed "bears the heavy burden of proving violation by clear and convincing evidence." KSM Fastening, 776 F.2d at 1524. The Federal Circuit has stressed two points that are important here. First, given the gravity of a contempt finding, contempt "should not be resorted to where there is *fair ground of doubt* as to the wrongfulness of the defendant's conduct." Id., 776 F.2d at 1525 (emphasis in original), quoting California Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885). Consistent with this point, the First Circuit has held that a court "must read any 'ambiguities' or 'omissions' in such a court order as 'redounding to the benefit of the person charged with contempt.'" Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991), quoting NBA Properties, Inc. v. Gold, 895 F.2d 30, 32 (1st Cir. 1990).

Second, there can be no finding of contempt unless Diomed can prove actual infringement of its patent. KSM Fastening, 776 F.2d at 1528. The reason for this is straightforward: Diomed cannot use contempt proceedings to expand the scope of its patent

---

[2]  VSI provided Diomed's counsel with a sample of VSI's Bright Tip fiber on April 12, 2007, the same day the product was launched.

6

rights and broaden its patent monopoly. As the Federal Circuit has stated: "devices which could not be enjoined *as infringements* on a separate complaint cannot possibly be enjoined *as infringements* under an existing injunction in contempt proceedings." Id. (emphasis in original).

II.   **DIOMED'S MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE DIOMED HAS NOT PRESENTED ANY EVIDENCE THAT DEFENDANTS' SALES OF LASER CONSOLES INFRINGE DIOMED'S PATENT**

As an initial matter, Diomed's motion should be denied because Diomed has not presented, and cannot present, any evidence that VSI's and AngioDynamics' sales of laser consoles infringe Diomed's '777 Patent. As noted above, VSI and AngioDynamics are selling their laser consoles only for use with redesigned laser fibers, the Bright Tip and the NeverTouch fibers. Those redesigned fibers prevent the possibility of *any* contact, let alone the deliberate and maintained contact required by Diomed's method patent. Therefore, Diomed cannot prove, and indeed has not attempted to prove, that defendants' sales of laser consoles result in infringement of Diomed's patent. Under KSM Fastening there can be no finding of contempt and no finding of a violation of the Court's injunction order. In fact, courts have explicitly held that even where it could be argued that a party violated "the letter of the injunction", a finding of contempt cannot be made where there is no infringement. See, e.g., Instance v.On Serts Systems, Inc., 1997 WL 666504 (N.D. Ill. 1997).

III.   **DIOMED'S MOTION FOR CONTEMPT SHOULD BE DENIED BECAUSE DEFENDANTS HAVE NOT VIOLATED THE COURT'S INJUNCTION ORDER**

The Court's July 2, 2007 injunction order prohibits VSI and AngioDynamics from selling "(b) laser consoles 1) of the type embodied by Trial Exhibits 1006-1007, and 2) that are not more than a mere colorable variation of such consoles *and that are sold for use with the kits identified in sub-paragraph (a).* D.I. 287 (emphasis added). In defendants' view, that language is straightforward and comports with the scope of Diomed's method patent and the injunction

7

language requested by defendants. D.I. 276. That is, it restricts the sale of laser consoles, whether "of the type embodied by Trial Exhibits 1006-1007" or "mere colorable variation[s]" of those consoles, that are sold for use with the kits that the jury found had been used to infringe Diomed's method patent. It does not restrict sales that cannot result in infringements of Diomed's patent.

Diomed's reading of the order, apparently, is that the last clause concerning sales for use with the enjoined kits applies only to part 2), and not to part 1). Diomed evidently contends that sales of laser consoles "of the type embodied by Trial Exhibits 1006-1007"[3] are enjoined *regardless of what they are used for and regardless of whether they can possibly be used to infringe Diomed's method patent*. By contrast, according to Diomed, sales of laser consoles that are so similar as to be "not more than a mere colorable variation" of Trial Exhibits 1006-1007 are enjoined only if they are sold for use with the enjoined kits.

Diomed's interpretation of the Court's order is clearly wrong. This is the same argument that Diomed made when it sought broad injunction language that would have prevented the defendants from selling laser consoles for any purpose, including for non-infringing uses. Diomed is attempting to reclaim what the Court already told Diomed it could not have. The Court should reject Diomed's interpretation and again rule that sales of laser consoles "of the type embodied by Trial Exhibits 1006-1007" are enjoined only when "sold for use with the kits identified in sub-paragraph (a)", that is, the adjudicated infringing kits containing a bare-tipped laser fiber and "mere colorable variations" of the adjudicated infringing kits and fibers.

It cannot be stressed enough that Diomed's patent is a method patent, not a product patent. The patent does not cover laser consoles, fibers, or any other product, but rather covers

---

[3] Trial Exhibits 1006-1007 are the AngioDynamics and VSI laser consoles as they existed at the time of trial.

only a method of deliberate and maintained contact between the uncoated tip of the laser fiber and the vessel wall during the emission of laser energy. Diomed's interpretation would improperly expand the Court's injunction order, to enjoin sales of laser consoles *even though there is no actual infringement of Diomed's method patent*. As outlined above, as a matter of well-settled law the injunction order cannot be interpreted to prohibit acts that do not infringe Diomed's patent. KSM Fastening, 776 F.2d at 1528.

Moreover, Diomed's argument makes no logical sense, as Diomed cannot explain why the Court would treat laser consoles "of the type embodied by Trial Exhibits 1006-1007" differently from "mere colorable variations" of those consoles. According to Diomed, the Court has prohibited sales of laser consoles "of the type embodied by Trial Exhibits 1006-1007" *regardless* of whether or not those consoles could be used to infringe Diomed's patent; that is, even if the laser consoles are sold *only* for use with laser fibers that cannot possibly be used to infringe Diomed's patent, the sales are prohibited. But, according to Diomed, laser consoles that are "mere colorable variations" of Trial Exhibits 1006-1007 are treated differently: sales of those consoles are prohibited only when sold "for use with the kits" adjudicated to infringe, and those consoles can be sold for use with redesigned fibers and kits.

That makes no sense—the purpose of the injunction is to protect Diomed's right to be free from future *infringement* of the patent. 35 U.S.C. § 283 (giving the Court the power to "grant injunctions . . . to prevent the violation of any right secured by patent"); see Int'l Rectifier Corp. v. IXYS Corp., 383 F.3d 1312, 1316 (Fed. Cir. 2004)(noting that "the only acts the injunction may prohibit are infringement of the patent" by the adjudicated devices and mere colorable variations thereof). Diomed cannot possibly explain why sales of "laser consoles of the type embodied in Trial Exhibits 1006-1007" for use with redesigned fibers should be treated

as an infringement and a violation of the Court's order, while sales of laser consoles that are "mere colorable variations" for use with redesigned fibers should not be.

Finally, paragraph 1(c) of the Court's order is consistent with defendants' interpretation and the scope of Diomed's method patent, and confirms that Diomed's bizarre interpretation is wrong. Paragraph 1(c) restricts sales of "*any optical fiber or other component* of the kits of sub-paragraph (a) that are *intended for use with other items that, taken together,* are no more than a mere colorable variation of any of the kits of sub-paragraph (a)." D.I. 287 (emphasis added). The "other components" of the kits, which include the introducer sheath, needle, and guidewire, are not any different in concept from the laser consoles. Yet Diomed recognized, by agreeing to paragraph 1(c), that it could not broadly restrict the sales of "other components", but rather could only restrict those sales when they were "intended for use with" the adjudicated infringing kits. See D.I. 277. There is no legitimate legal reason for treating the laser consoles differently from the "other components" of the kits.

### IV. DIOMED'S MOTION SHOULD BE DENIED EVEN IF THE COURT ACCEPTS DIOMED'S INTERPRETATION OF THE INJUNCTION ORDER

Even if the Court accepts Diomed's erroneous interpretation of paragraph 1(b), Diomed's motion should be denied. First, as explained above, Diomed has failed to present any evidence that defendants' sales of laser consoles for use with their new fibers result in infringement of the '777 Patent. Second, defendants have not violated Paragraph 1(b) even under Diomed's interpretation. Defendants are not selling laser consoles "of the type embodied by Trial Exhibits 1006-1007." Rather, each defendant has modified its laser console in the only manner relevant to Diomed's method patent. Specifically, VSI and AngioDynamics are selling the laser consoles with explicit instructions that they are only for use with redesigned fibers that prevent any possibility of the maintained contact required by Diomed's method patent. VSI and

AngioDynamics have each labeled their laser console to specifically instruct physicians to use the console only with those redesigned fibers. July 24, 2007 Root Dec., ¶ 4; Doster Dec., ¶ 5.

Because this is a method, not a product, patent, that instruction label is not a trivial change, but instead goes directly to the heart of Diomed's method patent claim. However, even if the laser consoles with the new labeling are viewed as "mere colorable variations" of Trial Exhibits 1006 and 1007, they still fall within paragraph 1(b)(2), not 1(b)(1), of the Court's injunction. Even Diomed does not dispute that paragraph 1(b)(2) of the Court's injunction can only be violated if the laser consoles are sold for use with the infringing kits. Because these altered consoles (even if just mere colorable variations) are not sold for use with such kits, their sale does not violate paragraph 1(b)(2). Nor have defendants violated Paragraph 1(b)(1), even under Diomed's strained interpretation, because they have modified their laser consoles after trial to clearly instruct a non-infringing use.

ME1 6602210v.1

## CONCLUSION

For the reasons stated herein, Diomed's motion for contempt should be denied.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), defendants request that the Court allow oral argument on this motion. Diomed's motion presents an important issue concerning the scope of the Court's injunction, and defendants believe that oral argument will assist the Court in resolving the issues presented.

Respectfully submitted:

Dated: July 25, 2007

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail.**

**/s/William H. Bright, Jr.**

THE DEFENDANT,
ANGIODYNAMICS, INC.

By /s/William H. Bright, Jr.
   William H. Bright, Jr.
   *wbright@mccarter.com*
   Mark D. Giarratana
   *mgiarratana@mccarter.com*
   McCARTER & ENGLISH, LLP
   CityPlace I
   Hartford, CT  06103
   Phone:  (860) 275-6700

THE DEFENDANT,
VASCULAR SOLUTIONS, INC.

By /s/Thomas Vitt
   Thomas Vitt
   *Vitt.Thomas@Dorsey.com*
   Heather Redmond
   *Redmond.Heather@Dorsey.com*
   DORSEY & WHITNEY LLP
   50 South Sixth Street
   Minneapolis, MN 55402-1498
   Phone:  (612) 340-5675