IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ANGIODYNAMICS, INC,<br><br>    Defendant. | Civil Action No. 04-10019 NMG |
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 04-10444 NMG<br>**(CONSOLIDATED UNDER 04-10019 NMG)** |

## REPLY IN SUPPORT OF MOTION FOR CONTEMPT

Diomed submits this Reply in support of its motion for contempt for Defendants' continuing sales of laser consoles in violation of Paragraph 1(b)(1) of the Permanent Injunction.

Defendants' opposition barely mentions the central, and dispositive, undisputed fact: the Defendants are continuing to sell **the exact same laser consoles** that were found to have no non-infringing use at trial and whose sales were expressly enjoined by this Court.

Unable to deny this fact, Defendants try to obscure it in two ways. First, they argue these consoles are not being sold "for infringing uses" since they are now sold with a sticker (which VSI characterizes as an "Important Notice") suggesting the consoles only be used with newly available fiber kits. In Paragraph 1(b)(1) of the Permanent Injunction, this Court **enjoined** selling the consoles. The Court did not say they could be sold with the mere addition of a

1

sticker. There is no dispute that Defendants are selling the exact same laser consoles (Trial Exhibits 1006-1007) that were enjoined by the Court. Adding a sticker does not change that fact.

Defendants' second argument – claiming that they have "redesigned" their fiber kits[1] – is irrelevant to the issue now before the Court. Those kits are not the subject of the present motion. The consoles are what is at issue. At trial, Defendants' witnesses admitted that their consoles were not sold for any purpose other than the very endovenous procedure that was found to be infringing.[2] Defendants admit they are still selling the same consoles as the ones they sold prior to trial. Defendants had ample opportunity to try to prove to the jury that these consoles had non-infringing uses (whether with a sticker or with allegedly different fiber kits or in some other way), but were unable to persuade the factfinder. Now, they need to heed the Court's injunction.

Defendants' opposition repeatedly cites KSM Fastening Sys., Inc. v. H.A. Jones Co., Inc., 776 F.2d 1522 (Fed. Cir. 1985) for the proposition that Diomed must make a separate showing of infringement by the subject consoles in order to be entitled to an order of contempt. Diomed has already made this showing at trial, which resulted in a finding of infringement and the July 2 Permanent Injunction. KSM is inapposite because in that case the accused infringer sold a new product and therefore there had been no showing at trial that the relevant product infringed. KSM, 776 F.2d at 1525 (dealing with the question of "a manufacture which was not the subject of the original litigation."). Here, the relevant consoles are the exact same ones that were the subject of the trial and that this Court expressly enjoined. Accordingly, a separate infringement

---

[1] Defendants' contention that the "redesigned" fiber kits avoid infringement of the patent remains unproven. Defendants never disclosed these redesigns prior to trial (although they were working on them), never gave the jury an opportunity to consider whether they infringe, and to this day have not even disclosed to Diomed their test data or other discoverable information regarding these fibers. But in any event, the fibers are not presently at issue – the contempt motion turns on the fact that Defendants are still selling the enjoined consoles. Those consoles, as the jury found, can be used in an infringing manner (and indeed were found to have no non-infringing use). Accordingly, they were enjoined. Defendants have violated that injunction.

[2] Day 3 Tr., D.I. 235 at 111, ll. 14-16 (Recinella testimony); Day 6 Tr., D.I. 238 at 17, ll. 8-11 ( Doster testimony); Day 7 Tr., D.I. 239 at 182, ll. 1-7 (Jakubowski testimony). Defendants' own trial testimony (not to mention the jury's verdict) thus directly refutes the assertions made in footnote 1 of Defendants' opposition.

analysis as in KSM is unnecessary – it already happened at trial. To the extent Defendants argued that their consoles had non-infringing uses, the jury rejected their contention.

Finally, the Defendants' reading of the injunction, which suggests that the consoles are somehow exempt from the injunction if not sold with the intent of using specific fiber kits, makes no sense. Paragraph 1(b) of the Injunction imposes two separate limitations on the sale of consoles. First, in subpart (1), it enjoins the Defendants from selling "laser consoles … of the type embodied by Trial Exhibits 1006-1007." That is precisely what Defendants are still doing. Second, in subpart (2), it also enjoins the sale of consoles "that are not more than a mere colorable variation of such consoles and that are sold for use with the kits identified in sub-paragraph (a)." The clause "and that are sold for . . ." appears only in subpart (2). Defendants erroneously seek to read it into subpart (1), which is the subpart at issue here. Their attempt fails not only as a matter of basic grammar (that is not where the clause appears), but also as a matter of logic: The reason to have that last clause in subpart (2) is to guard against Defendants attempting to continue their infringement by selling new consoles with the old kits. Old consoles (such as the ones they are continuing to sell) are enjoined no matter what by subpart (1) of the Permanent Injunction. Defendants are in contempt of that Injunction.

                Respectfully submitted,

                DIOMED, INC.

                By its attorneys,

Dated: August 7, 2007       /s/ Michael A. Albert
                Michael A. Albert (BBO #558566)
                malbert@wolfgreenfield.com
                Michael N. Rader (BBO #646990)
                mrader@wolfgreenfield.com
                WOLF, GREENFIELD & SACKS, P.C.
                600 Atlantic Avenue
                Boston, MA 02210
                (617) 646-8000

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                             /s/ Michael A. Albert