UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGIODYNAMICS, INC., <br><br> Defendant. | Civil Action No.: 04-10019-NMG |
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> VASCULAR SOLUTIONS, INC., <br><br> Defendant. | Civil Action No.: 04-10444-NMG <br><br> (CONS0LIDATED UNDER 04-10019 NMG) |

**DEFENDANTS' JOINT SUR-REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT**

ME1 6655169v.1

## ARGUMENT

Diomed's reply cannot dispute the critical, dispositive fact: AngioDynamics' and VSI's sales of laser consoles for use with their redesigned fibers and kits do not result in any infringement of Diomed's method patent. Diomed simply ignores the issue, and does not even try to argue that actual patent infringement results from defendants' laser console sales. But ongoing infringement is the essential inquiry on any motion for contempt of a patent injunction; without such infringement, there can be no violation of the Court's order and no contempt. KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc., 776 F.2d 1522, 1528 (Fed. Cir. 1985).

Diomed's argument that it is "unproven" whether the redesigned fiber kits avoid infringement has it exactly backwards, and is completely wrong. See Diomed Reply, p. 2 n. 1. Diomed, not defendants, has the burden of proving contempt by clear and convincing evidence, which includes the burden of proving ongoing infringement. KSM Fastening, 776 F.2d at 1528. Moreover, defendants have presented evidence that their Bright Tip and Never Touch fibers prevent the deliberate and maintained contact required by Diomed's method patent. See Hammond Dec., ¶¶ 3-6 and Ex. 1 (D.I. 258); Doster Dec., ¶ 3. Diomed has never challenged or contradicted that sworn testimony, even though it has had a sample of the Bright Tip fiber, and access to the Never Touch fiber, for months.[1]

Diomed's reply interprets the Court's injunction order to prohibit sales of what it calls the "old" laser consoles *even if there is no infringement of Diomed's patent*. Diomed's attempt to explain its argument by making a distinction between "old" and "new" consoles fails. See Diomed Reply, p. 3. What matters is not whether consoles are "old" or "new", but whether there

---

[1] Diomed complains that the redesigns were not disclosed before trial, and that defendants haven't provided "discovery" to Diomed. See Reply, p. 2, n. 1. But the Bright Tip and the Never Touch were not on the market until after the trial, and neither product was developed until long after discovery closed. There is, of course, no ongoing "discovery," and Diomed has never made even an informal request for the "test data" or other information regarding these fibers.

1

is ongoing infringement of Diomed's method patent. As defendants explained in our July 25 response, the more sensible reading of the Court's order is also the one that conforms with the scope of Diomed's method patent: the Court's order prohibits sales of laser consoles, both "of the type embodied by Trial Exhibits 1006-1007" and those "that are not more than a mere colorable variation of such consoles", only if the laser consoles are "sold for use with the kits" found to be infringing. See Defs. Joint Mem., pp. 7-10. Diomed simply ignores the fact that, as set forth in the Order, *there is no colorable difference* between what Diomed calls "old" consoles and what it calls "new" consoles. There is therefore no rational explanation, related to the scope of Diomed's method patent, for treating the two categories differently.

In addition to misinterpreting the Court's order and ignoring its burden to prove ongoing infringement, Diomed's reply also rests on a misstatement of the jury's verdict. Diomed argues that the laser consoles were "found to have no non-infringing use." Diomed Reply, p. 1. But the jury made no such finding, and was not even asked to consider if sales of the laser consoles constituted contributory infringement. The jury verdict reads:

> Question 2: Do you find, by a preponderance of the evidence, that the defendant, AngioDynamics [VSI], contributorily infringed the '777 patent of the plaintiff, Diomed?
>
> Answer: Yes.

(D.I. 228). Diomed did not ask for a specific finding that sales of the laser consoles, by themselves and separate and apart from the fibers and kits then being sold by defendants, constituted contributory infringement.

The jury's general finding of contributory infringement cannot be interpreted as a finding that sales of the laser consoles, *for use with different fibers and kits that prevent any possibility of infringement*, constitute contributory infringement. Diomed made no attempt to seek such a

2

broad finding, and even argued that noninfringing alternatives were possible using the Defendants' existing consoles.[2] Diomed's current attempt to expand the jury's finding and enjoin the sale of laser consoles that are being used for noninfringing uses is contrary to well-settled law and is an improper attempt to expand the scope of its method patent.

The law of contributory infringement forbids only the sale of products that are "especially made or especially adapted for use" in infringement and that are not "a staple article or commodity of commerce suitable for substantial noninfringing use. . . ."[3] 35 U.S.C. § 271(c). Diomed cannot use its method patent to prevent the sale of laser consoles that can be used and are being used for a noninfringing use. The Supreme Court has stated:

> [I]n contributory infringement cases arising under the patent laws the Court has always recognized the critical importance of not allowing the patentee to extend his monopoly beyond the limits of his specific grant. These cases deny the patentee the right to control the distribution of unpatented articles unless they are "unsuited for any commercial noninfringing use." Unless a commodity "has no use except through practice of the patented method," the patentee has no right to claim that its distribution constitutes contributory infringement.

Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 441 (1984), quoting Dawson Chemical Co. v. Rohm & Hass Co., 448 U.S. 176, 198 (1980).

Finally, Diomed's attempt to argue that defendants somehow waived any right to argue that they could sell laser consoles for noninfringing uses has no merit. Waiver requires "an

---

[2] "If VSI and AngioDynamics truly wanted their customers to avoid contact (as their litigation-driven disclaimer suggests), and if they truly believed that contact is not the method by which effective endovenous laser treatment works, they could simply have provided customers with the "centering" devices they have both developed." Diomed's Consolidated Opposition to Defendants' Motions for Partial Summary Judgment on Infringement, p. 11. (D.I. 125).

[3] Diomed offered no evidence at trial that the laser consoles were "especially made or especially adapted" for endovenous laser therapy or that the laser consoles, by themselves, had no noninfringing uses. In fact, as Tony Jakubowski and Bill Appling have testified without contradiction, the laser consoles have many noninfringing uses. See Defs. Joint Mem., p. 3 (D.I. 294). The testimony Diomed cites in footnote 2 merely refers to the fact that, at the time, defendants were selling the laser consoles only for use with the bare-tipped fibers and kits; that testimony does not address the more general, and critical, question of whether there are noninfringing uses.

3

intentional relinquishment or abandonment of a known right or privilege." <u>Ruiz v. Bally Total Fitness Holding Corp.</u>, __ F.3d __, 2007 WL 2165126, at *7 (1st Cir. 2007)(citations omitted). Defendants were chastised by Diomed at trial for not selling a noninfringing alternative; they clearly did not waive the right to do so after trial.

## CONCLUSION

For the reasons stated herein and in Defendants' Joint Memorandum in Opposition to Plaintiff's Motion for Contempt, Defendants respectfully request that Diomed's motion for contempt be denied.

Respectfully submitted:

Dated: August 17, 2007

THE DEFENDANT,
ANGIODYNAMICS, INC.

**I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff and Counterclaim-Defendant Diomed, Inc. by electronic mail.**

By  /s/ William H. Bright, Jr.
   William H. Bright, Jr.
   *wbright@mccarter.com*
   Mark D. Giarratana
   *mgiarratana@mccarter.com*
   McCARTER & ENGLISH, LLP
   CityPlace I
   Hartford, CT  06103
   Phone:  (860) 275-6700

**William H. Bright, Jr., Esq.**

THE DEFENDANT,
VASCULAR SOLUTIONS, INC.

By  /s/ J. Thomas Vitt
   J. Thomas Vitt
   *Vitt.Thomas@Dorsey.com*
   Heather Redmond
   *Redmond.Heather@Dorsey.com*
   DORSEY & WHITNEY LLP
   50 South Sixth Street
   Minneapolis, MN 55402-1498
   Phone:  (612) 340-5675