

Celebrating 80 Years
1927 - 2007

**John Strand**
jstrand@wolfgreenfield.com
direct dial 617.646.8229

October 3, 2007

Hon. Nathaniel M. Gorton
c/o The Clerk of the U.S. District Court of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   Diomed, Inc. v. AngioDynamics, Inc., No. 04-10019 (consolidated with
      Diomed, Inc. v. Vascular Solutions, Inc., No. 04-10444)
      Our File: D0610.60001US00

Dear Judge Gorton:

   Diomed submits three additional declarations to bring to the Court's attention further evidence of AngioDynamics' and VSI's contempt of the Court's Permanent Injunction. Through conversations with potential Diomed customers, Diomed has determined that AngioDynamics and VSI are not only still selling the laser consoles encompassed by the Court's permanent injunction, but that they are now promoting the sales of those consoles <u>with bare tipped laser fibers</u>, of the type adjudged to be infringing at trial in this case.

   This promotion is not only contrary to the Court's Permanent Injunction, but also conflicts with AngioDynamics' and VSI's representations to this Court that "those laser consoles are sold only for use with the noninfringing, redesigned fibers and kits. . . ." Even accepting the defendants' interpretation that "the order only prohibits sales of laser consoles 'that are sold for use with' either the fibers and kits that were adjudged to infringe or 'mere colorable variations' of those kits," AngioDynamics and VSI are violating their own narrow interpretation of the Permanent Injunction.

   As documented by the three declarations, AngioDynamics' and VSI's sales forces have instructed doctors that their laser consoles can be used with bare tipped laser fibers. In each case described in the declarations, Diomed was attempting to make a sale of a laser and kits to a doctor. Then, either AngioDynamics or VSI attempted to make the same sales (sometimes successfully) by informing the doctors that the doctors do not need to use the "noninfringing,



Hon. Nathaniel M. Gorton
October 3, 2007
Page 2

redesigned kits" described before this Court. Instead, AngioDynamics and VSI reassured the doctors by instructing them that either bare tipped laser fibers or kits containing bare tipped laser fibers could be used.

No matter how the Permanent Injunction is interpreted, these actions are in direct violation of that Injunction: AngioDynamics and VSI are instructing doctors to use laser consoles adjudged to infringe at trial with kits and/or fibers that are nearly identical to those adjudged to infringe at trial. Those kits and laser fibers just happen to be manufactured by companies other than AngioDynamics and VSI.

In light of these new facts, Diomed looks forward to resolution of these contempt proceedings.

    Very truly yours,

    WOLF, GREENFIELD & SACKS, P.C.

    /s/ John Strand

    John Strand

JLS/ars
Enclosures