

MCCARTER
ENGLISH
ATTORNEYS AT LAW

October 5, 2007

**ELECTRONICALLY FILED**

The Honorable Nathaniel M. Gorton
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

William H. Bright, Jr.
Office Managing Partner
T. 860.275.6767
F. 860.560.5965
wbright@mccarter.com

Re:   Diomed, Inc. v. AngioDynamics, Inc. et al.
      Civil Action Nos. 04-10019 and 04-10444 (NMG)

Dear Judge Gorton:

This letter is submitted on behalf of Defendants AngioDynamics, Inc. ("AngioDynamics") and Vascular Solutions, Inc. ("VSI") in response to Plaintiff Diomed, Inc.'s ("Diomed") letter filed in this case on October 3, 2007 [Doc. No. 314].

McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
T. 860.275.6700
F. 860.724.3397
www.mccarter.com

Diomed's letter, which accuses AngioDynamics and VSI of "further" contempt of this Court's Permanent Injunction, is procedurally improper and should be withdrawn. First, as this Court is aware, contempt is a very serious matter, and Diomed "bears the heavy burden of proving violation by clear and convincing evidence." <u>KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.</u>, 776 F.2d 1522 (Fed. Cir. 1985). As such, Diomed should not be permitted to raise new claims and ask the Court for a finding of contempt against the Defendants in a simple letter to the Court supported only by hearsay evidence and self-serving declarations of Diomed's own employees. Rather, such claims should be formally submitted to the Court in the form of a motion supported by admissible evidence.

In addition, by filing a letter with the Court instead of a motion, Diomed failed to follow this District's very explicit procedural requirements governing the filing of motions. <u>See</u> Local Rule 7.1. By doing so, AngioDynamics and VSI are deprived of the motion practice procedures set forth in the Local Rules, including, but not limited to, filing deadlines and the requirement that the parties meet and confer before filing. Local Rule 7.1(a) and (b).[1]

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

---

[1] Even if the Court decides that Diomed's new allegations of contempt are somehow related to its pending motion for contempt (which they are not), Diomed should not have filed its October 3, 2007 letter without leave of the Court. <u>See</u> Local Rule 7.1(B)(3) ("[A]ll other papers not filed as indicated in subsections (B)(1)and(2) whether in the form of a reply brief or otherwise, may be submitted only with leave of court.").

v.

October 5, 2007
Page 2

Finally, not only is Diomed's letter procedurally improper and supported only by inadmissible evidence, it is also without merit. While AngioDynamics and VSI believe that Diomed should first file a motion supported by competent and admissible evidence before they are required to respond substantively, AngioDynamics and VSI are prepared to respond substantively to the allegations in Diomed's letter if the Court wishes them to do so.

In view of the foregoing, AngioDynamics and VSI respectfully request that the Court order Diomed to withdraw its October 3, 3007 letter and the accompanying declarations. If Diomed wishes to have the Court consider its claims, AngioDynamics and VSI request that the Court require Diomed to file an appropriate motion for contempt in the manner prescribed by the Local Rules.

Very truly yours,

William H. Bright, Jr.

cc: All Counsel of Record (via ECF)

v.