United States District Court
District of Massachusetts

| | |
|---|---|
| DIOMED, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-10019-NMG |
| ) | |
| ANGIODYNAMICS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | CONSOLIDATED |
| ) | |
| DIOMED, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 04-10444-NMG |
| v. ) | |
| ) | |
| VASCULAR SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

GORTON, J.

## I. Background

On March 28, 2007, following a nine-day trial, a jury returned a verdict in favor of plaintiff Diomed, Inc. ("Diomed") against defendants AngioDynamics, Inc. ("AngioDynamics") and Vascular Solutions, Inc. ("VSI") for infringement of plaintiff's United States Patent No. 6,398,777 ("the '777 patent"). The jury awarded the plaintiff $8.36 million in damages from AngioDynamics and $4.1 million from VSI.

The Court conducted a hearing on May 22, 2007 at which it denied the defendants' motions for a new trial and for judgment as a matter of law and indicated that it would be entering a permanent injunction. On July 2, 2007 this Court issued a permanent injunction ("the Injunction"). Nine days later Diomed moved this Court to issue an order finding AngioDynamics and VSI in contempt for violating the Injunction. On July 31, 2007, AngioDynamics and VSI filed an amended notice of appeal to the Federal Circuit, appealing the judgment entered March 30, 2007, the ruling entered May 22, 2007, denying parties' post-trial motions, all orders subsumed within the foregoing and the Injunction. This memorandum and order resolves the motion for contempt.

II. **Motion for Contempt (Docket No. 288)**

   A. **Jurisdiction**

Because the defendants have appealed to the Federal Circuit the judgment in the case as well as the permanent injunction, there is a question of whether this Court continues to have jurisdiction to enforce the Injunction. Generally, the filing of a notice of appeal divests the district court of jurisdiction over matters related to the appeal. United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998) (quoting United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993)). The First Circuit has

made clear, however, that courts continue to have "power to hold a party in contempt for violating a court order related to execution on a judgment" even when an appeal has been taken from that order of judgment. Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49, 58 (1st Cir. 2004). The Federal Rules of Civil Procedure also state that a final judgment in an action for an injunction is not stayed even if an appeal is taken. Fed. R. Civ. P. 62(a)(1). Despite the fact that the defendants in this case have appealed the final judgment and the Injunction, this Court continues to have power to enforce the Injunction and hold a party in contempt, if appropriate.

    B.    **Standard for Finding Contempt**

In moving this Court to find AngioDynamics and VSI in contempt, Diomed "bears the heavy burden of proving violation by clear and convincing evidence." See KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc., 776 F.2d 1522, 1524 (Fed. Cir. 1985) (citations omitted). Contempt "should not be resorted to where there is *fair ground of doubt* as to the wrongfulness of the defendant's conduct." Id. at 1525 (quoting Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885)).

    C.    **Application**

The parties' dispute with regard to whether contempt is

appropriate centers on interpretation of the Injunction.[1] The relevant provision of the Injunction states that AngioDynamics and VSI may not sell:

> laser consoles 1) of the type embodied by Trial Exhibits 1006-1007, and 2) that are not more than a mere colorable variation of such consoles and that are sold for use with kits identified in sub-paragraph (a)

Diomed claims that the clause "that are sold for use with kits identified in sub-paragraph (a)" applies only to colorable variations of such consoles while the defendants argue that the clause applies to the trial exhibit consoles as well.

The defendants have the better of this argument. At trial, the jury found the defendants liable for contributorily infringing the '777 patent, meaning that the products sold by the defendants have "no substantial non-infringing uses". See 35 U.S.C. § 271(c). When the Court crafted the Injunction, Diomed argued that the jury verdict indicated that both the endovenous laser kits and the consoles have no substantial non-infringing uses and that, therefore, the defendants should be completely prohibited from selling the consoles.

The jury verdict form did not, however, separate the kits from the consoles. The jury made no specific finding with

---

[1] The defendants also argue that their sales of which Diomed complains do not infringe Diomed's patent and therefore cannot give rise to contempt. Because this Court resolves the motion for contempt in the defendants' favor based on the language of the Injunction, it will not address this argument separately.

respect to the consoles and evidence was introduced at trial demonstrating that a laser console is simply a device that emits laser energy which can be used for a variety of purposes. The bulk of the evidence presented at trial focused on the laser kits and, in particular, whether the uncoated tip of the laser fiber comes into contact with the vein wall. Moreover, the Court recognized then, as it does now, that the defendants could develop non-infringing kits and the sale of laser consoles with such kits would not infringe the patent. The Injunction, therefore, was limited to the sale of laser consoles that are sold for use with the kits identified in sub-paragraph (a).[2]

Diomed's allegations in its motion for contempt focus on the defendants continued sale of the same laser console models they sold before trial. The defendants have added a label to the consoles that notify customers that the consoles are to be used only with newly-created, non-infringing fibers and kits. Sale of such consoles, therefore, does not violate the injunction because the laser consoles identified at trial are not being "sold for use with kits identified in sub-paragraph (a)." Consequently, Diomed's motion for contempt will be

---

[2] It would have been more cogent to state in the Injunction that Angiodynamics and VSI may not sell:

> laser consoles that are sold for use with kits identified in sub-paragraph (a) and that are 1) of the type embodied by Trial Exhibits 1006-1007, or 2) not more than a mere colorable variation of such consoles.

denied.

Nearly three months after filing the motion for contempt, Diomed submitted a letter to the Court with three additional declarations as evidence of the alleged contempt of AngioDynamics and VSI. In that letter, Diomed accuses the defendants of selling the laser consoles for use with infringing kits. AngioDynamics and VSI have responded that the accusation is unsustainable in the absence of admissible evidence in support of new claims. The defendants also contend that Diomed, by submitting the letter to the Court, has failed to follow the very explicit procedural requirements of this District as set forth in Local Rule 7.1.

The defendants seek to have Diomed's letter and the accompanying declarations stricken. Because Diomed did not properly raise the claims against the defendants in a motion, the Court will, instead, simply decline to consider them.

### ORDER

In accordance with the foregoing, Plaintiff's Motion for Contempt (Docket No. 288) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: January 15, 2008