UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| IN RE:<br><br>DIOMED, INC., *et. al.*,<br><br>             Debtors. | Chapter 11<br><br>Case No. 08-40749 (JBR)<br>(Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 105, 363, 365 AND 1146 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, 6006 AND 9014 AUTHORIZING (A) SALE OF SUBSTANTIALLY ALL ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (B) ASSUMPTION, ASSIGNMENT AND SALE OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

This matter is before the Court on the motion (the "Motion") filed by Diomed Holdings, Inc. ("Holdings") and Diomed, Inc. ("Sub"), each a debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Sellers"), for, among other things, an order pursuant to sections 105, 363, 365 and 1146 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving that certain Asset Purchase Agreement by and among the Sellers and AngioDynamics, Inc. or a corporation formed for the purpose of acquiring the Business (defined in the Agreement) and controlled by AngioDynamics, Inc. ("Angio" or the "Buyer"), dated as of April 9, 2008, a copy of which is attached hereto as Exhibit A and incorporated herein by reference (together with all schedules, exhibits and related documents, the "Agreement"), filed with the Court on June 1, 2008 [docket # 289], as amended by Notice of Amendment to Section 3.2(k) [docket # 292], which section has been further amended by the June 2, 2008 agreement of the parties as set forth in paragraph 38 herein; and by this Order;[1] (b) authorizing the sale of the Acquired Assets

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Agreement.

free and clear of all Claims, Liens, encumbrances and other interests (except Assumed Liabilities); (c) authorizing the assumption, assignment and sale of Acquired Contracts, and, to the extent constituting an executory contract, the Permits (the Acquired Contracts together with any Permits constituting executory contracts are collectively, the "Acquired Contracts"); and the Court having reviewed the Motion, any objections to the Motion, the responses to any such objections to the Motion and all other papers filed with the Court relating thereto, having heard the statements of counsel with respect to the relief sought in the Motion and having considered all of the evidence presented in support of and in opposition to the Motion and the entire record of the hearings conducted before the Court (the "Sale Hearing"); and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and all other parties in interest in the Debtors' chapter 11 cases;

THE COURT HEREBY FINDS AND DETERMINES THAT:[2]

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

C.    The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365 and 1146(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004 and 6006.

D.    As evidenced by the affidavits of service and publication previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (1) proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Auction, the Sale (as herein defined) and the assumption, assignment and sale of the Acquired Contracts has been provided in accordance with Bankruptcy Rules 2002(a), 6004(a) and 6006(c) and in compliance with the order of the Court (the "Bidding Procedures Order") establishing bidding procedures (the "Bidding Procedures") for the sale of the Acquired Assets to the highest and best bidder at an auction (the "Auction"); (2) such notice was good and sufficient, and appropriate under the particular circumstances, and reasonably calculated to reach and apprise all holders of Interests (as hereafter defined) about the Sale of the Acquired Assets, the Bidding Procedures, the Auction, the assumption, assignment and sale of the Acquired Contracts and the other relief granted herein and satisfied all requirements for due process; and (3) no other or further notice of the Motion, the Sale Hearing, the Auction, the Sale, the assumption, assignment and sale of the Acquired Contracts or any other form of relief granted herein is or shall be required.

E.    As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, (1) the Debtors have appropriately marketed the Acquired Assets and conducted the sale process in full compliance with the Bidding Procedures Order (including with respect to the solicitation and evaluation of bids, the conduct of the Auction and the acceptance of the offer set forth in the Agreement) and all such actions are hereby ratified and approved; (2) the Bidding Procedures and the Auction were duly noticed and conducted in a non-collusive, fair and good faith manner; and (3) a reasonable opportunity has been given to any interested party to make a higher and better offer for the Acquired Assets and the Acquired Contracts, (4) the Debtors

3

determined that the bid submitted by Buyer at the Auction represented the Prevailing Bidder, as that term is defined in the Motion and the Bidding Procedures.

F.     Each Debtor (1) had full corporate power and authority to execute the Agreement with Buyer and subject the Acquired Assets to Auction and the Sale Hearing pursuant to the Bidding Procedures Order and also execute all other documents contemplated thereby, and the sale of the Acquired Assets by the Sellers has been duly and validly authorized by this Court; (2) has all of the corporate power and authority necessary to consummate the transactions contemplated by the Agreement; (3) may have taken all corporate action necessary to authorize and approve the Agreement and the consummation by such Sellers of the transactions contemplated thereby; and (4) the Court knows of no consents or approvals, other than those expressly provided for in the Agreement are required for the Sellers to consummate such transactions.

G.     Approval of the Agreement, as amended, and consummation of the transactions contemplated thereby (collectively, the "Sale") at this time is in the best interests of the Debtors, their creditors, their bankruptcy estates and other parties in interest and provides the best opportunity under the circumstances to maximize value of the assets constituting the Business for all constituencies.

H.     The Debtors have advanced sound and sufficient business reasons, and it is a reasonable exercise of the Debtors' business judgment, to sell all right, title and interest in and to the Acquired Assets on the terms set forth in the Agreement and to consummate the Sale.  The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for completing the Sale consistent with In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983), and other applicable law.

I.     The Agreement and the Sale were negotiated, proposed and entered into by the Debtors and the Buyer without collusion, in good faith and from arm's-length bargaining positions.  It appears to the Court that neither the Debtors nor the Buyer have engaged in any

conduct that would cause or permit the Agreement or the Sale to be avoided under section 363(n) of the Bankruptcy Code, and the Agreement and the Sale therefore are not avoidable.

J.    The Buyer is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

K.    The Buyer is not an "insider" of any of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

L.    The consideration provided by the Buyer pursuant to the Agreement:  (1) is fair and reasonable under the circumstances of the Debtors; (2) is the highest and best offer for the Acquired Assets under the circumstances of the Debtors because, among other things, (a) the Agreement provides the highest cash consideration to the Debtors' estates as compared to any Overbid (as defined in the Bidding Procedures), (b) it has been represented that the Buyer has sufficient cash to consummate the Closing, and (c) the Buyer is prepared to consummate the transactions contemplated by the Agreement in compliance with the terms and conditions of the Agreement; (3) will provide a greater recovery to the Debtors' bankruptcy estates than would be provided by liquidation, which in the reasonable business judgment of the Debtors, is the only other available alternative; and (4) constitutes reasonably equivalent value and fair consideration for the assets constituting the Business under the circumstances of the Debtors, under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

M.    The Sale must be approved and consummated immediately to preserve the going concern value of the Acquired Assets and the viability of the Business.

N.    The transfer of the Acquired Assets to the Buyer or its Assignee is intended to be, and to the full extent permissible by law is, a legal, valid and effective transfer of the Acquired Assets and, except for the Assumed Liabilities, will vest the Buyer or its Assignee with all right, title and interests of the Sellers in and to the Acquired Assets, free and clear of all

Claims, Liens, encumbrances and other interests (collectively, the "Interests"), including, but not limited to (1) those that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal or termination of the Sellers' or Buyer's interest in the Acquired Assets, or any similar rights; (2) those relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Acquired Assets prior to the consummation of the Sale (the "Closing"); and (3) (a) those arising under all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership and (b) all debts arising in any way in connection with any agreements, acts or failures to act, or any violation of a third party's patent or intellectual property rights by any of the Sellers or any of the Sellers' predecessors or affiliates, claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, liabilities, demands, guaranties. options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise, including, but not limited to, Claims otherwise arising under doctrines of successor liability to the greatest extent permitted by applicable law.

O.    Except as expressly set forth in the Agreement and to the full extent permitted by law, the Buyer shall have no liability for any liability, Claim or other obligation of or against the Sellers related to the Acquired Assets by reason of the transfer of the Acquired Assets to the Buyer. It is intended that the Buyer shall not be deemed, as a result of any action taken in connection with the purchase of the Acquired Assets, to: (1) be a successor to the Sellers (other than with respect to the Assumed Liabilities and any obligations arising under the Acquired Contracts from and after the Closing); or (2) have, *de facto* or otherwise, merged with

or into the Sellers. The Buyer is not acquiring or assuming any liability, warranty or other obligation of the Sellers, except as expressly set forth in the Agreement or in any of the Acquired Contracts.

P.    It has been represented to the Court that the Buyer would not have entered into the Agreement and will not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their bankruptcy estates and their creditors and other stakeholders, if the Sale of the Acquired Assets to the Buyer or its Assignee, the assumption, assignment and sale of the Acquired Contracts to Buyer or its Assignee and the assumption of the Assumed Liabilities by Buyer or its Assignee were not, except as otherwise provided in the Agreement with respect to Assumed Liabilities, free and clear of all Interests of any kind or nature whatsoever, or if the Buyer would, or in the future could, be liable for any of such Interests including, but not limited to, (1) any employment or labor agreements; (2) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of a Seller; (3) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related Claim; (4) any products liability or similar Claims, whether pursuant to any state or federal laws or otherwise; (5) environmental Claims or Liens arising from conditions first existing on or prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting or contaminating substances or waste) that may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, *et seq.*, or similar state statute; (6) any bulk sales or similar law; (7) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (8) any theories of successor liability.

Q.    The Sellers may sell the Acquired Assets free and clear of all Interests of any kind or nature whatsoever as contemplated by the Agreement, as amended, because, in each case, one or more of the standards set forth in sections 363(f)(1) through 363(f)(5) of the

Bankruptcy Code have been satisfied. Those holders of Interests and non-Debtor parties to Acquired Contracts that fall within section 363(f)(3) of the Bankruptcy Code and are adequately protected by having their Interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest.

R.    The Debtors have represented that the Sale is a prerequisite to the Debtors' ability to confirm and consummate a liquidating chapter 11 plan and is made in contemplation of, in furtherance of and in connection with such contemplated liquidating plan. Accordingly, the Sale may be a transfer pursuant to section 1146(a) of the Bankruptcy Code, and therefore may not be taxed under any law imposing a stamp, transfer or any other similar tax. All such transfer taxes, however, shall be held in an interest bearing escrow account by Debtors' counsel, pending further order of this Court.

S.    The Debtors have demonstrated that it is an exercise of their respective sound business judgment to assume, assign and sell the Acquired Contracts to the Buyer or its Assignee in connection with the consummation of the Sale, and the assumption, assignment and sale of the Acquired Contracts is in the best interests of the Debtors, their bankruptcy estates and their creditors and other stakeholders. The Acquired Contracts being assigned to, and the related liabilities being assumed by, Buyer is an integral part of the Acquired Assets being purchased by Buyer, and, accordingly, such assumption, assignment and sale of Acquired Contracts and related liabilities are reasonable, enhance the value of the Debtors' bankruptcy estates and do not constitute unfair discrimination.

T.    Under the Bidding Procedures Order, the Court established the cure costs for Acquired Contracts identified in the Agreement, which are the sole amounts necessary under section 365(b) of the Bankruptcy Code to cure monetary defaults under such Acquired Contracts. The Debtors at Closing will cure (by payment of the approved cure costs or establishment of a cash reserve in the event of a dispute as to the cure costs) any monetary default existing prior to the date hereof under all Acquired Contracts, within the meaning of

section 365(b)(1)(A) of the Bankruptcy Code. The Debtors have provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Acquired Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code. The Buyer or its Assignee has provided adequate assurance of future performance under all Acquired Contracts, within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

U.    The Debtors have articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(g) and 6006(d), including those set forth in Recital M above.

V.    The Official Committee of Unsecured Creditors appointed in these cases (the "Committee") takes the position that the Acquired Assets and Acquired Contracts are the property of Sub and is continuing to examine whether substantive consolidation of the assets and liabilities of Holdings and Sub is warranted. All rights, claims and defenses with respect to the "separateness" of the Debtors and any future request for substantive consolidation are expressly preserved by each of the Committee and the Debtors, and nothing herein, including references to the sale or transfer of assets of or by the "Debtors", in the plural, shall prejudice any argument by the Committee in opposition to substantive consolidation.

NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:

### General Provisions

1.    The Motion is granted with respect to the Sale, as further described herein.

2.    All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections are overruled on the merits, except as otherwise set forth herein. Without limiting the foregoing, the objection of Endolaser Associates L.L.C. has been resolved as set forth herein and in the Order Granting Debtors Authority to Reject Endolaser License Agreement Pursuant to Section 365(a)

of the Bankruptcy Code, entered contemporaneously herewith

**Approval of the Agreement**

3.      The Debtors' execution of the Agreement in its entirety, as amended, is hereby approved in all respects.

4.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to perform their obligations under and comply with the terms of the Agreement, and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Agreement, as amended, provided that the same are not inconsistent with this Order, the Bankruptcy Code and Rules.

5.      The Debtors are authorized to execute and deliver, and empowered to perform under, consummate and implement the Agreement, as amended, and the Sale, together with all additional instruments and documents that a Seller or the Buyer deem necessary or appropriate to implement the Agreement, as amended, and effectuate the Sale, and to take all other and further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer or its Assignee or reducing to possession the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement, as amended, provided that the same are not inconsistent with this Order, the Bankruptcy Code and Rules..

6.      This Order   (a) shall be binding in all respects upon all creditors of and holders of equity interests in any Debtor (whether known or unknown), any holders of Interests, all non-Debtor parties to the Acquired Contracts, all successors and assigns of the Buyer, each Seller and their Affiliates and subsidiaries and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' cases; and (b) shall not be subject to rejection.  Nothing contained in any chapter 11 plan of reorganization or liquidation confirmed in these Bankruptcy Cases or any related

confirmation order shall conflict with or derogate from the provisions of this Order and the Agreement, as amended this Order being in contemplation of, in furtherance of and in connection with such chapter 11 plan.

### Transfer of Acquired Assets

7.      Except for the Assumed Liabilities, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Acquired Assets shall be transferred to Buyer or its Assignee, and upon the Closing shall be, free and clear of all Interests of any kind or nature whatsoever (including, but not limited to, those described in Recital N of this Order), and all such Interests of any kind or nature whatsoever shall attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force and effect that they now have as against the Acquired Assets, subject to any claims and defenses the Debtors, the Committee or any successor trustee or other fiduciary appointed in these cases or under any plan, may possess with respect thereto. Without limiting the generality of the foregoing, the Buyer or its Assignee shall acquire the Acquired Assets free and clear of any and all workers compensation liabilities of the Debtors, and the workers' compensation obligations of the Buyer or its Assignee shall be limited to premiums, costs or claims for work related injuries, death or diseases filed by employees of the Buyer or its Assignee or their dependants relating to incidents, events or exposures occurring in the course of and resulting from employment with the Buyer or its Assignee.

8.      Notwithstanding anything to the contrary in this Order, the Buyer shall pay, at and conditioned upon the occurrence of the Closing, to McGuireWoods LLP, as escrow agent for the Debtors, the Purchase Price (including the Buyer's Deposit). McGuireWoods LLP, as escrow agent, shall hold all such proceeds (subject to the liens or alleged liens of parties in interest in the Acquired Assets in the same amount, validity and priority as such liens existed in the Acquired Assets as of the Petition Date) in an interest bearing account, and shall not release or

pay any such proceeds other than payment of cure amounts with respect to Acquired Contracts as authorized hereunder or by subsequent order of this Court.

9.      Except as expressly permitted or otherwise specifically provided by this Order, the Bankruptcy Code or Rules, or the Agreement, as amended, all persons and entities, including, but not limited to, all debt security holders; equity security holders; governmental, tax and regulatory authorities; lenders; trade creditors; and other creditors holding Interests of any kind or nature whatsoever against or in a Seller or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with or in any way relating to the Sellers, the Acquired Assets, the operation of the Acquired Assets prior to the Closing of the Sale are forever barred, estopped and permanently enjoined from asserting against the Buyer, its successors or assigns, its property or the Acquired Assets such persons' or entities' Interests.

10.     Nothing in this Order or the Agreement, as amended, shall be construed to release or nullify any liability to any governmental entity under police or regulatory requirements that any entity would be subject to as the owner or operator of property after the Closing.

11.     The transfer of the Acquired Assets to the Buyer or its Assignee pursuant to the Agreement, as amended, constitutes a legal, valid and effective transfer of the Acquired Assets, and shall vest the Buyer or its Assignee with all right, title and interest of the Sellers in and to the Acquired Assets, free and clear of all Interests of any kind or nature whatsoever other than as expressly permitted by this Order and/or the Agreement, as amended.

12.     Upon the Closing of the Sale, each of the Sellers' creditors and any other holder of an Interest may execute such documents and take all other actions as may be necessary to release its Interests in the Acquired Assets, if any, as such Interests may have been recorded or may otherwise exist.

13.     If any person or entity that has filed financing statements, or other documents or agreements evidencing Interests in the Sellers or the Acquired Assets shall not have delivered

to the Sellers prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all Interests that the person or entity has with respect to the Sellers or the Acquired Assets or otherwise, then the Buyer or its Assignee is hereby authorized to file, register or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of all Interests in the Sellers or the Acquired Assets of any kind or nature whatsoever, and shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title companies, government departments, secretaries of state and other persons authorized by law to accept, file, register or otherwise record or release any documents or instruments or who may be required to report or issue any title or state of title in or to the Acquired Assets.

### Assumption and Assignment of Acquired Contracts

14.    Pursuant to section 365 of the Bankruptcy Code and subject to and conditioned in all cases upon the Closing of the Sale, the Debtors' assumption, assignment and sale to the Buyer or its Assignee of the Acquired Contracts, and Buyer's or its Assignee's assumption of such Acquired Contracts on the terms set forth in the Agreement, as amended, are hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed fully satisfied.  Nothing herein is intended to affect nor shall it affect in any way (i) the rights of Endolaser Associates, L.L.C. as set forth in the Order Granting Debtors Authority to Reject Endolaser License Agreement Pursuant to Section 365(a) of the Bankruptcy Code, entered contemporaneously herewith or (ii) the rights of Endolaser as arise from its ownership interest in the device, method and intellectual property covered by US Patent 6,398,777.

15.    The Debtors hereby are authorized and directed in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume, assign and sell to the Buyer or its Assignee, effective upon the Closing of the Sale, the Acquired Contracts free and clear of all Interests of any kind or nature whatsoever, and (b) execute and deliver to Buyer such

documents or other instruments as the Buyer deems necessary or appropriate to assign and transfer the Acquired Contracts to the Buyer or its Assignee.

16.    With respect to the Acquired Contracts:  (a) the Acquired Contracts shall be transferred and assigned to, and following the Closing of the Sale, remain in full force and effect for the benefit of the Buyer or its Assignee, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Sellers shall be relieved from any further liability with respect to the Acquired Contracts after such assumption by the Debtors and assignment and sale to the Buyer or its Assignee; (b) each Assigned Contract is an executory contract under section 365 of the Bankruptcy Code; (c) the Debtors, as Sellers, may assume each of their respective Acquired Contracts in accordance with section 365 of the Bankruptcy Code; (d) the Sellers may assign each Assigned Contract in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract or allow the party to such Assigned Contract to terminate, recapture, impose any penalty, condition renewal or extension or modify any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions, which are void and of no force and effect; (e) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and sale and assignment to the Buyer or its Assignee of each Assigned Contract have been satisfied; and (f) upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer or its Assignee shall be fully and irrevocably vested in all right, title and interest of each Assigned Contract.

17.    All defaults or other obligations of the Sellers under the Acquired Contracts arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be

cured by the Sellers in accordance with terms of the Agreement and consistent with section 365(b)(1)(A) of the Bankruptcy Code, and the Buyer or its Assignees shall have no liability or obligation arising or accruing prior to the date of the Closing, except as otherwise expressly provided in the Agreement. Cure amounts listed in the Bidding Procedures Order reflects the sole amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under the Acquired Contracts, and no other amounts are or shall be due to the non-Debtor parties in connection with the assumption by the Debtors and the assignment to the Buyer or its Assignee of the Acquired Contracts. McGuireWoods LLP, as escrow agent, may pay at Closing (or as soon thereafter as is practicable) from the Sale proceeds all cure amounts set forth in the Bidding Procedures Order.

18.    Each non-Debtor party to an Assigned Contract hereby is forever barred, estopped and permanently enjoined from (a) asserting against the Debtors or the Buyer, or the property of any of them, any default arising prior to or existing as of the Closing or, against the Buyer, any counterclaim, defense, setoff or any other Claim asserted or assertable against the Sellers; and (b) imposing or charging against the Buyer any rent accelerations, assignment fees, increases or any other fees as a result of the Sellers' assumption, assignment and sale to the Buyer or its Assignee of the Acquired Contracts. The validity of such assumption, assignment and sale of Acquired Contracts shall not be affected by any dispute between Sellers and any non-Debtor party to an Assigned Contract.

19.    The failure of the Sellers or the Buyer to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of the Sellers' and the Buyer's rights to enforce every term and condition of the Acquired Contracts.

**Additional Provisions**

20.    Except as provided in this Order or the Agreement, after the Closing, the Sellers and their estates shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such Claims are forever barred and estopped from asserting such Claims against the Debtors, their successors or assigns, their property or their assets or estates.

21.    This Order (a) shall be effective as a determination that, except for the Assumed Liabilities, at Closing, all Interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated as set forth herein, and that the conveyances described herein have been effected, with any such Interests to attach to the cash proceeds of the Sale in the same amount, validity and priority as existed as of the Petition Date and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

22.    Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order and the Agreement.

23.    Except as otherwise expressly provided in the Agreement and to the fullest extent permitted by law, the Buyer shall have no obligation to pay wages, bonuses, severance pay, benefits or any other payment with respect to employees or former employees of the Sellers.  Except as otherwise expressly provided in the Agreement, the Buyer shall have no

liability with respect to employee welfare or retention, benefit and/or incentive plan to which any Seller is a party and relating to the Acquired Assets (including, without limitation, arising from or related to the rejection or other termination of any such agreement), and the Buyer shall in no way be deemed a party to or assignee of any such agreement, and no employee of the Buyer shall be deemed in any way covered by or a party to any such agreement, and except for Assumed Liabilities; all parties to any such employee-related plan agreement are hereby enjoined from asserting against the Buyer any and all Claims arising from or relating to such agreement.  All notices, if any, required to be given to the Sellers' employees pursuant to the Workers Adjustment and Retraining Notification Act, or any similar federal or state law, shall be the sole responsibility and obligation of the Sellers, and the Buyer shall have no duties, responsibility or liability therefor.

24.    Any amounts that become payable by the Sellers to the Buyer pursuant to the Agreement (a) shall constitute administrative expenses of the Debtors' estates under sections 503(b)(1) and 507(a)(1) of the Bankruptcy Code and (b) shall be paid by the Debtors in the time and manner provided for in the Agreement.

25.    All entities that are in possession of some or all of the Acquired Assets upon the Closing hereby are directed to surrender possession of the Acquired Assets to the Buyer or its Assignee at the Closing.

26.    Except for the Assumed Liabilities or as otherwise expressly provided for in this Order or the Agreement, as amended, it is intended that the Buyer shall have no liability or responsibility for any liability or other obligation of the Sellers arising under or related to the Acquired Assets.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Agreement, as amended, the Buyer, to the fullest extent permitted by law, shall not be liable for any Claims against the Sellers or any of their predecessors or Affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, violations

of intellectual property or patent rights, successor or transferee liability, labor law, *de facto* merger or substantial continuity, whether known or unknown as of the Closing, now existing or arising prior to the Closing, whether fixed or contingent, with respect to the Sellers or any obligations of the Sellers arising prior to the Closing, (subject, however, to Section 6.1 of the Agreement) including, but not limited to, liabilities on account of any Taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Acquired Assets prior to the Closing.    The Buyer has given substantial consideration under the Agreement for the benefit of holders of Interests.  The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential Claims of successor liability of the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Interests against the Sellers or their respective assets.

27.    Except for the Assumed Liabilities, the sale, transfer, assignment and delivery of the Acquired Assets shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Sellers.  Except for the Assumed Liabilities, all persons holding Interests against or in the Sellers or the Acquired Assets of any kind or nature whatsoever (including, but not limited to, the Sellers and/or their respective successors, including any trustees thereof, creditors, employees, former employees and shareholders, administrative agencies, governmental units, secretaries of state and federal, state and local officials maintaining any authority relating to any environmental, health and safety laws, and their respective successors or assigns) hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Interests of any kind or nature whatsoever against the Buyer, its property or its successors and assigns or the Acquired Assets, as an alleged successor or otherwise, with respect to any Interest of any kind or nature whatsoever arising prior to the Closing such person or entity had, has or may have against or in a Seller, a Debtor's bankruptcy estate, their respective officers, directors or shareholders or the Acquired Assets.  Following the Closing, no holder of an Interest in the

Sellers shall interfere with Buyer's title to or use and enjoyment of the Acquired Assets based on or related to such Interest.

28.    This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, the Agreement, all amendments thereto, any waivers and consents thereunder, each of the agreements executed in connection therewith and the Acquired Contracts in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets to Buyer; (b) compel delivery of the Purchase Price to Debtors and/or McGuireWoods LLP, as the Debtors' escrow agent, as applicable, or performance of other obligations owed by or to the Debtors; (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein; (d) resolve any disputes relating to an Acquired Contract or the assumption, assignment and sale thereof; (e) interpret, implement and enforce the provisions of this Order, and (f) protect the Buyer against (i) any of the Excluded Liabilities or (ii) the assertion of any Interests against the Acquired Assets, of any kind or nature whatsoever.

29.    The transactions contemplated by the Agreement are undertaken by the Buyer without collusion and in "good faith," as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption, assignment and sale of any of the Acquired Contracts), unless such authorization is duly stayed pending such appeal.  The Buyer is a purchaser in good faith of the Acquired Assets and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

30.    The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, and their creditors, the Buyer and its successors and assigns, and any affected third parties, including, but not limited to, all persons asserting an Interest in the Acquired Assets, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

31.    The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement, as amended by the Debtors, the Buyer, and Endolaser, and as set forth in this Order, be authorized and approved in its entirety.

32.    The Agreement, as amended, and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided notice (and reasonable opportunity to respond) of any material modifications, amendments or supplements is provided to counsel to (i) the Committee, (ii) the subordinated secured noteholders, (iii) the United States Trustee, and (iv) Endolaser.

33.    The transfer of the Acquired Assets pursuant to the Sale is a transfer pursuant to section 1146(a) of the Bankruptcy Code and, accordingly, is intended to be from any tax under any law imposing a stamp tax or a sale, transfer or any other similar tax.   Counsel to the Debtors, however, is directed to hold all taxes that would otherwise be due if section 1146(a) were not applicable in an interest bearing escrow account, pending further order of this Court. Counsel may seek such further order after the Supreme Court of the United States issues its decision in *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.*, currently pending before the Supreme Court.

34.    The provisions of this Order are non-severable and mutually dependent.   The ten-day stay otherwise imposed by Bankruptcy Rules 6004(g) and 6006(d) is hereby waived, and this Order shall be effective immediately upon entry.

35.    In the event of any inconsistency between the Agreement, as amended, and this Order, the terms and provisions of this Order shall control.

36.    For a period of not more than two (2) years from and after the Closing of the Sale (i) Buyer shall make available to Seller, the Committee, any subsequently appointed trustee or other fiduciary or any of their respective successors, agents or professionals for the purpose of

administration of the Bankruptcy Case upon any reasonable request therefore, commercially reasonable access to former employees of the Sellers that become employees of Buyer, and to the books, records and premises conveyed to Buyer as part thereof, and (ii) Buyer shall not, and shall not permit any third party to, make inaccessible to Sellers or otherwise destroy or dispose of books and records relating to the Business, provided, however, that such access shall not adversely affect Buyer's operation of the Business.

37.    Notwithstanding anything contained herein or the payment of adjustments under Section 2.4 of the Agreement, the Official Committee of Unsecured Creditors or any subsequently appointed trustee or other fiduciary shall have the right to argue that the adjustments set forth in Section 2.4 to be paid or should have been paid first out of the Holdback established under section 12.1 of the agreement.  The rights of any other party to dispute the payment of the adjustments by using the Holdback first are reserved.

38.    The amendment to Section 3.2(k) of the Agreement, as set forth in the June 1, 2008 letter from the Buyer to the Debtors is hereby amended by deleting the word "worldwide" from subparagraph (i) and adding the following parenthetical to subsection (ii): "(but not Endolaser Associates L.L.C.)."

39.    Nothing herein shall, in any way, affect the respective rights of the Debtors and Endolaser Associates L.L.C. in the device, method, and intellectual property covered by US Patent 6,398,777.

40.    The deadline for the Closing is extended to June 16, 2008.

Dated: _June 3_____, 2008

BY THE COURT:

_____
United States Bankruptcy Judge

21